# Exhibit A
# PART 1 OF 7

证明

本人王强，拥有英语翻译资格，能够流利地使用中文和英文，在北京思必锐翻译有限责任公司工作，该公司是北京市高级人民法院指定的翻译机构。本人保证所附的英文译文内容真实准确，与中文原文内容一致。

地址：北京市朝阳区东三环中路 39 号建外 SOHO 七号楼 1703 室
电话：010-58696855
邮编：100022

翻译签字：
公司盖章：



北京思必锐翻译有限责任公司
2025 年 11 月 26 日

CERTIFICATION

I, Wang Qiang, am an accredited translator working for Beijing Spirit Translation Co., Ltd., which company is a translation service provider appointed by Beijing High People's Court, and I am fluent in the Chinese and English languages. I certify that the content of the English translation attached hereto is true and accurate and is consistent with that of the Chinese original.

Address: Room 1703, Tower 7, Jianwai SOHO, No. 39, East 3rd Ring Middle Road, District Chaoyang, Beijing, China
Tel: 010-58696855
Postcode: 100022

Signature of Translator: Wang Qiang
............................................
[Wang Qiang]

Company Seal:

Beijing Spirit Translation Co., Ltd.

November 26, 2025

# 深 圳 国 际 仲 裁 院

# 裁 决 书



申　请　人：兴业银行股份有限公司深圳分行

统一社会信用代码：91440300892418356W

负　责　人：张卫国

住　　　所：广东省深圳市福田区深南大道 4013 号兴业银
行大厦 1 楼、11 楼至 16 楼

代　理　人：李境熔　申请人员工

　　　　　　夏　枫　申请人员工

　　　　　　李沛然　北京市金杜（深圳）律师事务所律师

　　　　　　李颜杉　北京市金杜（深圳）律师事务所律师

　　　　　　林　嘉　北京市金杜（深圳）律师事务所律师

　　　　　　黄　茜　北京市金杜（深圳）律师事务所律师

　　　　　　王秉楠　北京市金杜（深圳）律师事务所实习律师


第一被申请人：深圳市合正新南投资有限公司

统一社会信用代码：914403003429245106

法定代表人：袁　斌

住　　　所：广东省深圳市龙岗区宝龙街道龙东社区打石岭路
33 号厂房 301

代　理　人：刘志斌　广东贤方律师事务所律师



第二被申请人：深圳市合正管理投资有限公司

统一社会信用代码：91440300MA5EF8AKXQ

法定代表人：袁　斌

住　　　　所：广东省深圳市福田区莲花街道新闻路 16 号正
名园 C 座 6 楼 6001

代　理　人：刘志斌　广东贤方律师事务所律师


第三被申请人：深圳市合正房地产集团有限公司

统一社会信用代码：91440300279286949W

法定代表人：袁安如

住　　　　所：广东省深圳市福田区香蜜湖街道香安社区侨香
路 3022 号合正置地大厦 1 栋 801

代　理　人：刘志斌　广东贤方律师事务所律师


第四被申请人：深圳市在远投资有限公司

统一社会信用代码：91440300661020439A

法定代表人：袁安如

住　　　　所：广东省深圳市福田区莲花街道新闻路 16 号合
正名园 C 座 4 楼 4012 室

代　理　人：刘志斌　广东贤方律师事务所律师


第五被申请人：深圳市福民合建投资有限公司

统一社会信用代码：91440300093957054M

法定代表人：袁　斌



住　　　所：广东省深圳市龙华区福城街道新和社区精艺工
　　　　　业区 13 号 301
代　理　人：刘志斌　广东贤方律师事务所律师

第六被申请人：袁富儿
公民身份号码：362201196303230814
住　　　址：广东省深圳市罗湖区沿河北路宁水花园 18 栋 203

第七被申请人：饶伟清
公民身份号码：440301196404180821
住　　　址：广东省深圳市南山区香山中街 1 号纯水岸 B 组
　　　　　-24

第八被申请人：深圳禾正医院
统一社会信用代码：914403007109364959
法定代表人：袁安如
住　　　所：广东省深圳市南山区桃源街道峰景社区龙苑路
　　　　　016 号深圳禾正医院
代　理　人：刘志斌　广东贤方律师事务所律师
　　　　　张子涵　北京市东卫（深圳）律师事务所律师
　　　　　卢静远　北京市东卫（深圳）律师事务所律师

第九被申请人：深圳市合正湖海投资有限公司
统一社会信用代码：91440300326537043X



法定代表人：袁安如
住　　　所：广东省深圳市福田区新闻路 16 号合正名园 C 座
　　　　　　5011
代　理　人：刘志斌　广东贤方律师事务所律师


深　圳

二〇二五年九月二十九日



# 裁 决 书

（2025）深国仲裁 42 号

　　深圳国际仲裁院（又名华南国际经济贸易仲裁委员会、粤港澳大湾区国际仲裁中心、深圳仲裁委员会，曾用名中国国际经济贸易仲裁委员会华南分会、中国国际经济贸易仲裁委员会深圳分会，下称"仲裁院"）根据申请人与第一被申请人于 2020 年 1 月 16 日签订的编号为兴银深布吉项借字（2019）第 034 号的《项目融资借款合同》（下称《借款合同》）、于 2022 年 3 月 28 日签订的编号为兴银深华富抵押字（2022）第 034-2 号的《抵押合同》（下称"第 034-2 号《抵押合同》"）、于 2024 年 6 月 26 日签订的编号为兴银深华富抵押字（2024）第 001-1 号的《抵押合同》（下称"第 001-1 号《抵押合同》"）、于 2024 年 11 月 8 日签订的编号为兴银深华富抵押字（2024）第 001-3 号的《抵押合同》（下称"第 001-3 号《抵押合同》"）、编号为兴银深华富抵押字（2024）第 001-4 号的《抵押合同》（下称"第 001-4 号《抵押合同》"）和编号为兴银深华富抵押字（2024）第 001-5 号的《抵押合同》（下称"第 001-5 号《抵押合同》"），申请人与第二被申请人于 2022 年 3 月 28 日签订的编号为兴银深华富股权质押字（2022）第 034-2 号的《非上市公司股权质押合同》（下称《股权质押合同》），申请人分别与第三、第四、第五、第六被申请人于 2020 年 1 月 16 日签订的编号为兴银

1



深布吉保证字（2019）第 034-1 号的《保证合同》（下称"第三被申请人《保证合同》"）、编号为兴银深布吉保证字（2019）第 034-4 号的《保证合同》（下称"第四被申请人《保证合同》"）、编号为兴银深布吉保证字（2019）第 034-5 号的《保证合同》（下称"第五被申请人《保证合同》"）、编号为兴银深布吉保证字（2019）第 034-2 号的《保证合同》（下称"第六被申请人《保证合同》"），申请人与第七被申请人于 2020 年 1 月 20 日签订的编号为兴银深布吉保证字（2019）第 034-3 号的《保证合同》（下称"第七被申请人《保证合同》"），申请人与第八、第九被申请人（如无特别区分，上述第八、第九被申请人与第一、第二、第三、第四、第五、第六、第七被申请人以下合称"被申请人"）于 2024 年 12 月 13 日分别签订的编号为兴银深华富保证字（2024）第 034-2 号的《保证合同》（下称"第八被申请人《保证合同》"）、编号为兴银深华富保证字（2024）第 034-1 号的《保证合同》（下称"第九被申请人《保证合同》"）中的仲裁条款以及仲裁院于 2024 年 12 月 31 日收到的申请人提交的仲裁申请，受理了本案。本案受案号为（2025）深国仲受 42 号。

本案仲裁程序适用自 2019 年 2 月 21 日起施行的《深圳国际仲裁院金融借款争议仲裁规则（2022 年修正）》（下称《金融规则》）。

2025 年 3 月 6 日，仲裁院向被申请人发出《仲裁通知》《深圳国际仲裁院仲裁规则（2024 年修正）》（下称《仲裁

2



规则》)《金融规则》《深圳国际仲裁院仲裁员名册》《关于指定仲裁员的函》以及申请人提交的仲裁申请书及所附证据材料。相关文件也一并向申请人发送。

申请人在申请仲裁时还提交财产保全申请，仲裁院将申请人提交的财产保全申请转递给深圳市龙岗区人民法院。

仲裁院已在《仲裁通知》中向当事人明确说明其指定仲裁员的权利及相关要求。根据《金融规则》第五条第（一）款，仲裁院决定本案仲裁庭由三名仲裁员组成。申请人指定赵永红作为本案仲裁员；被申请人在规定的期限内未共同指定亦未共同委托指定仲裁员，根据《金融规则》第五条第（三）款，仲裁院指定杜焕芳作为本案仲裁员；根据《金融规则》第十条、《仲裁规则》第三十条第（三）款之规定，经两位已确定的仲裁员共同指定，计剑锋作为本案首席仲裁员。上述仲裁员于 2025 年 6 月 16 日组成仲裁庭审理本案。

2025 年 7 月 2 日，申请人提交《变更仲裁请求申请书》。

2025 年 7 月 3 日，仲裁庭以线上线下结合方式对本案进行了第一次开庭审理。申请人和第一、第二、第三、第四、第五、第八、第九被申请人均委派代理人出席了庭审，第六、第七被申请人经合法通知未到庭，仲裁庭依法进行了缺席审理。庭审中，申请人与上述到庭被申请人分别陈述了仲裁请求及答辩意见，对对方出示的证据进行了质证，回答了仲裁庭的调查提问，并作了最后陈述。双方当事人发表了意见，同意对庭后材料进行书面质证，并表示对仲

3



裁院管辖权、仲裁庭组成及已进行的全部仲裁程序没有异议。

2025 年 7 月 10 日，申请人提交《变更仲裁请求申请书》。

庭后，申请人提交了补充证据、《仲裁请求金额计算表（暂计至 2025 年 3 月 7 日）》、关于案件核心事实的情况说明、关于抵押房产情况的说明、关于申请人对第八被申请人《异议书》的答复意见、代理意见等材料；第一、第二、第三、第四、第五、第八、第九被申请人提交了补充证据、庭后补充事项及相关说明、质证意见、代理意见；第八被申请人还提交了《异议书》、答辩状及相关补充证据。

2025 年 9 月 3 日，仲裁庭以线上线下结合方式对本案进行了第二次开庭审理。申请人和第八被申请人均委派代理人出席了庭审，第一、第二、第三、第四、第五、第六、第七、第九被申请人经合法通知未到庭，仲裁庭依法进行了缺席审理。庭审中，申请人与第八被申请人分别陈述了变更后的仲裁请求及答辩意见，对对方出示的证据进行了质证，回答了仲裁庭的调查提问，并作了最后陈述。双方当事人发表了意见，并表示对仲裁院管辖权、仲裁庭组成及已进行的全部仲裁程序没有异议。

庭后，第八被申请人提交了补充代理意见。

根据《金融规则》第八条之规定，本案裁决作出期限延至 2025 年 10 月 20 日。

本案所有仲裁文书，包括但不限于仲裁院发出的《仲裁通知》《仲裁庭组成及开庭通知》《缺席审理函》以及转递

4



的当事人提交的仲裁文书及证明材料，均已依照《仲裁规则》第六条之规定送达。

本案已审理终结，仲裁庭根据庭审情况以及现有书面材料，依法作出本裁决。现将本案案情、仲裁庭意见以及裁决内容分述如下（如无特别说明，本裁决书所涉币种均为人民币）。

# 一、 案 情

## （一）申请人的仲裁请求、事实及理由

申请人称：

1. 关于《借款合同》的签订情况

2020 年 1 月 16 日，申请人（作为贷款人）与第一被申请人（作为借款人）签订《借款合同》，约定由申请人向第一被申请人提供 900,000,000 元借款，用于支付龙岗区平湖街道新南小学片区城市更新单元（下称"合正新悦项目"）拆迁费用或置换前期超出自筹部分股东借款，其中核心条款如下：贷款人同意给予借款人借款 900,000,000 元整；借款期限为自 2020 年 2 月 27 日至 2024 年 2 月 20 日止；借款分次使用的，实行同一到期日，即分别发放的各期借款以第一次放款的借款借据或借款凭证所确定的借款到期日为同一到期日。若贷款人根据本合同约定的情形提前收贷，则视为借款到期日相应提前；定价基准利率按贷款市场报价利率（LPR）1 年期档次，借款利率=定价基准利率

5



+1.525%。借款利率（年利率）按浮动利率执行，根据实际发放日和重定价日定价基准利率和定价公式确定借款利率，分段计息，浮动周期为季，自借款实际发放日起每满一个周期的对应日为合同重定价日，当月无对应日的以该月最后一天为对应日；本合同借款约定自借款实际发放日起每满季的对应日为各期付息日，借款人应在付息日向贷款人支付当期借款利息，在借款到期时结清剩余本息；每季末月的 21 日为付息日，在借款到期时结清剩余本息；如借款人未按期还款且又未就展期事宜与贷款人达成协议，即借款逾期的，自逾期之日起，贷款人有权对逾期的借款计收罚息，罚息利率为借款利率上浮50%；对未按时支付的利息（包括借款到期前及借款到期后的利息、挪用罚息、逾期罚息）贷款人有权按本合同约定的借款逾期罚息利率计收复利；借款本金偿还的方式为自借款实际发放之日起每半年偿还本金 10,000 元，余款到期一次性结清。如需展期还款的，由双方另行签署《借款展期合同》作为补充合同；借款人承诺未经贷款人同意，借款人不得新增其他融资，借款人不得转让合正新悦项目或在合正新悦项目上设定任何其他的担保事项，项目土地及在建工程在融资存续期内如计划对第三方抵押，需经贷款人同意；在借款期间，借款人或担保人发生下列情况之一时，贷款人有权单方决定停止支付借款人尚未使用的借款，并提前收回部分或全部借款本息：（二）未经贷款人同意擅自改变借款原定用途，挪用借款或用借款从事非法、违规交易的；借款人或借款



人的关联企业及担保人或担保人的关联企业出现以下任何一种情况，均被视为借款人对本合同同时违约，贷款人有权根据本合同第十二条约定提前收贷，并根据本合同第十四条约定要求借款人承担违约责任：（一）任何借款、融资或债务出现或可能出现违约或被宣布提前到期……（四）出现或即将出现无力清偿到期债务或到期借款/融资的情况；……（六）将其资产或财产转让给其他债权人；借款人未履行本合同第十一条声明与承诺，或借款人未履行本合同项下任何一项义务时，贷款人有权决定对借款人的任何一项义务包括本合同项下借款的到期和未到期的全部本金、利息（含罚息及复利）的偿还义务将立即到期。

针对上述借款事项，第一被申请人于 2020 年 1 月 16 日作出《股东决定》，第一被申请人的股东同意向申请人申请不超过 900,000,000 元的项目贷款。

2022 年 2 月 25 日起，申请人与相关被申请人先后签订了四份《补充协议》，对《借款合同》约定的借款利率、担保方式等进行调整。

2024 年 2 月 19 日，申请人与第一至第七被申请人签订《借款展期合同》及相关《补充协议》，对《借款合同》项下借款余额 599,551,718.25 元约定展期，具体展期安排如下：《借款合同》项下于 2024 年 2 月 20 日到期的借款余额，展期到 2025 年 8 月 20 日，并于展期的到期日还清全部借款本息；展期借款利率为固定利率，即年化利率 7.80%；借款利息偿还自借款发放日起每满半年的对应日为各期付息日，

7



借款人应在付息日向贷款人支付当期借款利息，在借款到期时结清剩余本息；借款本金偿还方式：借款展期之日起每半年归还本金 10,000 元整，余款到期一次性结清；担保方在《借款合同》项下提供的抵押、质押、保证担保全部继续有效，保证期间自本合同项下借款展期期限届满之日起三年。

2024 年 8 月 27 日，申请人与第一至第七被申请人签订《补充协议》，将《借款展期合同》《借款合同》项下借款利息偿还日变更为自借款发放日起每满一年的对应日为各期付息日。

2．关于《借款合同》项下的担保措施

（1）2022 年 3 月 28 日，第二被申请人与申请人签订《股权质押合同》，为确保第一被申请人向申请人按时足额偿付本息、并完全、适当地履行《借款合同》项下的全部义务，第二被申请人自愿提供其持有的第一被申请人 47.37% 股权设定质押。质押担保范围为《借款合同》项下的主债权本金、利息（含罚息、复利）、违约金、损害赔偿金、实现债权的费用等。2022 年 4 月 7 日，深圳市市场监督管理局公示：将第二被申请人持有的第一被申请人 47.37% 股权质押给申请人。第二被申请人提供的股权质押依法设立。

针对上述质押事项，第二被申请人股东于 2022 年 2 月 23 日作出《股东决定》，同意第二被申请人以上述股权为《借款合同》提供质押担保。

（2）2022 年 3 月 28 日，第一被申请人与申请人签订第

8



034-2 号《抵押合同》，为确保第一被申请人向申请人按时足额偿付本息、并完全、适当地履行《借款合同》项下的全部义务，第一被申请人自愿提供坐落于龙岗区平湖街道合正新悦项目 01-02 号地块[不动产权证书号：粤（2022）深圳市不动产权第 0026375 号，宗地号 G05425-1030，下称"2号地块"]、01-03 号地块[不动产权证书号：粤（2022）深圳市不动产权第 0026373 号，宗地号 G05425-1029，下称"3号地块"]、01-04 号地块[不动产权证书号：粤（2022）深圳市不动产权第 0029348 号，宗地号 G05425-1031，下称"4号地块"]建设用地使用权提供抵押担保。抵押担保范围为《借款合同》项下的主债权本金、利息（含罚息、复利）、违约金、损害赔偿金、实现债权的费用等。2022 年 3 月 31日，上述 2 号地块、4 号地块完成第一顺位抵押登记。后因3 号地块办理预售，第一被申请人以 3 号地块建设用地使用权提供的抵押担保登记已经注销。

针对上述抵押事项，第一被申请人股东作出《股东决定》，同意第一被申请人以合正新悦项目国有建设用地使用权为《借款合同》提供抵押担保。

（3）2024 年 6 月 26 日，第一被申请人与申请人签订第001-1 号《抵押合同》，为确保第一被申请人向申请人按时足额偿付本息、并完全、适当地履行《借款合同》项下的全部义务，第一被申请人自愿提供坐落于 3 号地块[不动产权证号：粤（2022）深圳市不动产权第 0026373 号，宗地号G05425-1029]合正新悦润园 302 套在建建筑物提供抵押担保。



抵押担保范围为《借款合同》项下的主债权本金、利息（含罚息、复利）、违约金、损害赔偿金、实现债权的费用等。2024 年 7 月 17 日，上述 302 套在建建筑物完成第一顺位抵押登记。

针对上述抵押事项，第一被申请人于 2024 年 6 月 26 日作出《股东决定》，第一被申请人的股东同意以合正新悦润园 302 套在建建筑物为《借款合同》提供抵押担保。

2024 年 12 月 5 日，申请人与第一被申请人签订《补充协议》，因合正新悦润园项目完成竣工验收，将上述《抵押合同》抵押物由在建建筑物变更为建筑物。

（4）2024 年 11 月 8 日，第一被申请人与申请人签订第 001-3 号《抵押合同》、第 001-4 号《抵押合同》、第 001-5 号《抵押合同》，为确保第一被申请人向申请人按时足额偿付本息、并完全、适当地履行《借款合同》项下的全部义务，第一被申请人自愿提供坐落于 2 号地块[不动产权证号：粤（2022）深圳市不动产权第 0026375 号，宗地号 G05425-1030]合正新悦朗园 69 套在建建筑物、3 号地块[不动产权证号：粤（2022）深圳市不动产权第 0026373 号，宗地号 G05425-1029]合正新悦润园 1 套在建建筑物、4 号地块[不动产权证号：粤（2022）深圳市不动产权第 0029348 号，宗地号 G05425-1031]合正新悦启园 59 套在建建筑物提供抵押担保。抵押担保范围为《借款合同》项下的主债权本金、利息（含罚息、复利）、违约金、损害赔偿金、实现债权的费用等。2024 年 11 月 12 日及 2024 年 12 月 13 日，上述在建



建筑物完成第一顺位抵押登记。

针对上述抵押事项，第一被申请人股东于 2024 年 11 月
8 日作出《股东决定》，股东同意以合正新悦朗园 69 套在建
建筑物、合正新悦润园 1 套在建建筑物、合正新悦启园 59
套在建建筑物为《借款合同》提供抵押担保。

2024 年 12 月 5 日，申请人与第一被申请人签订《补充
协议》，因合正新悦润园项目完成竣工验收，将第 001-4 号
《抵押合同》项下作为抵押物的合正新悦润园 1 套在建建筑
物变更为建筑物。

（5）2020 年 1 月 16 日，申请人分别与第三、第四、第
五、第六、第七被申请人签订第三被申请人《保证合同》、
第四被申请人《保证合同》、第五被申请人《保证合同》、
第六被申请人《保证合同》、第七被申请人《保证合同》
（第七被申请人《保证合同》的签署日期应为 2020 年 1 月
20 日——仲裁庭注），承诺对《借款合同》项下第一被申请
人的债务提供不可撤销的连带责任保证担保。保证范围为
《借款合同》项下的主债权本金、利息（含罚息、复利）、
违约金、损害赔偿金、实现债权的费用等。保证期间为主
债务履行期限届满之日起两年。

针对上述保证事项，第三、第四、第五被申请人分别
作出《股东会决议》，各股东同意为《借款合同》项下第一
被申请人债务提供连带责任保证。

（6）2024 年 12 月 13 日，申请人分别与第八、第九被
申请人签订第八被申请人《保证合同》、第九被申请人《保



证合同》，承诺对《借款合同》项下第一被申请人的债务提供不可撤销的连带责任保证担保。保证范围为《借款合同》项下的主债权本金、利息（含罚息、复利）、违约金、损害赔偿金、实现债权的费用等。保证期间为主债务履行期限届满之日起三年。

针对上述保证事项，2024 年 12 月 13 日，第八被申请人作出《董事会决议》，第九被申请人股东作出《股东决定》，第八被申请人董事会通过为《借款合同》《借款展期合同》项下第一被申请人债务提供连带责任保证的决议，第九被申请人股东也同意为《借款合同》《借款展期合同》项下第一被申请人债务提供连带责任保证。

3．关于《借款合同》的履行情况

《借款合同》签订后，申请人分别于 2020 年 2 月 27 日、2020 年 5 月 13 日、2021 年 2 月 10 日向第一被申请人发放借款 700,000,000 元、99,820,400 元、99,801,318.25 元。

第一被申请人分别于 2020 年 8 月 21 日、2021 年 2 月 21 日、2021 年 8 月 21 日、2022 年 2 月 21 日、2022 年 8 月 21 日、2023 年 2 月 21 日、2023 年 8 月 21 日偿还借款本金 10,000 元；此外，经申请提前归还本金后，第一被申请人分别于 2023 年 4 月 17 日、6 月 1 日、8 月 31 日偿还借款本金 100,000,000 元，合计 300,000,000 元。截止 2024 年 2 月 20 日，第一被申请人在《借款合同》项下借款本金余额为 599,551,718.25 元。

2024 年 2 月 19 日，申请人与第一至第七被申请人签订



《借款展期合同》及其相关《补充协议》，对《借款合同》项下借款余额 599,551,718.25 元展期到 2025 年 8 月 20 日。

截至 2024 年 12 月 26 日，第一被申请人剩余未还本金为 599,541,718.25 元，未还利息为 18,508,029.46 元，本息合计为 618,049,747.71 元。

4. 关于被申请人违约情况

申请人实际发放借款的时间分别为 2020 年 2 月 27 日、2020 年 5 月 13 日、2021 年 2 月 10 日，《借款展期合同》签订后，第一被申请人的下一期应付息日分别为 2025 年 2 月 27 日、2025 年 5 月 13 日、2025 年 2 月 10 日。同时，根据《借款合同》第八条"借款本息偿还"约定，第一被申请人应自借款实际发放之日起每半年偿还本金 10,000 元，即应于 2025 年 2 月 22 日（应为 2025 年 2 月 21 日——仲裁庭注）偿还本金 10,000 元。但第一被申请人并未在前述应还本付息日按约支付本金、利息，且至今仍未支付，已经构成利息逾期，显然已违反了《借款合同》《借款展期合同》的相关约定。

根据《借款合同》及相关协议约定，第一被申请人在合正新悦项目中的所有销售收入必须在申请人处归集、进入预售资金监管账户，接受申请人的监管，只能用于支付工程款和偿还申请人贷款。然而，第一被申请人多次擅自挪用巨额资金，严重损害了申请人的合法权益。

在 2022 年 11 月至 2024 年 4 月期间，第一被申请人擅自将合正新悦项目中的 119 套预售房源（合计备案价约

13



774,000,000 元）用于第三被申请人其他项目的工程款抵债或融资担保，形成对本项目预售收入的巨额挪用。

第一被申请人于 2024 年 11 月 14 日出具《关于合正新悦项目的说明》，自认将合正新悦项目总包方退还的工程款中的 196,000,000 元擅自挪用，用于偿还对外借款。

此外，申请人基于编号为兴银深华富项借字（2022）第 034 号的《项目融资借款合同》向第一被申请人提供的贷款，于 2024 年 12 月 21 日出现利息逾期，构成交叉违约。

申请人认为，第一被申请人前述行为已构成《借款合同》约定的违约、交叉违约情形。根据合同约定，申请人有权因此宣布贷款提前到期，并要求第一被申请人立即归还全部借款本息（包括本金、利息、罚息、复利等），并有权处置抵押财产、质押股权，及要求第三至第九被申请人对此承担相应的担保责任。

据此，申请人提出并经过变更后最终确认的仲裁请求如下：

1. 裁决第一被申请人与申请人签订的《借款合同》项下贷款提前到期。

2. 裁决第一被申请人立即向申请人支付借款本金599,541,718.25 元、利息 18,508,029.46 元（以借款本金为基数，按照约定的借款利率 7.80%计算至第一被申请人收到《仲裁通知》之日，暂计至 2024 年 12 月 26 日为18,508,029.46 元）、罚息（以欠付借款本金为基数，按照11.70%罚息利率，自第一被申请人逾期支付借款本金之日

14



起计算至实际清偿之日止）、复利[以未按时支付的欠息（包括借款利息、逾期罚息、复利）为基数，按照 11.70% 复利利率，自该笔贷款未按时支付欠息（包括借款利息、逾期罚息、复利）之日起计算至实际清偿之日止]。

3. 裁决被申请人承担申请人因实现本案债权而支出的律师费 6,000,000 元、仲裁费、保全费等费用。

4. 裁决确认申请人对第一被申请人名下的坐落于龙岗区平湖街道新南小学片区城市更新单元 2 号地块的建设用地使用权[不动产权证书号：粤（2022）深圳市不动产权第 0026375；宗地号：G05425-1030]、4 号地块的建设用地使用权[不动产权证书号：粤（2022）深圳市不动产权第 0029348；宗地号：G05425-1031]享有第一顺位抵押权，并有权就其折价或者拍卖、变卖所得价款在上述仲裁请求第 2 项、第 3 项确认的债务范围内优先受偿。

5. 裁决申请人对第一被申请人名下的坐落于龙岗区平湖街道合正新悦润园（宗地号：G05425-1029）的 280 套房产、龙岗区平湖街道合正新悦朗园（宗地号：G05425-1030）的 69 套在建建筑物、龙岗区平湖街道合正新悦启园（宗地号：G05425-1031）的 59 套在建建筑物享有第一顺位抵押权，并有权就其折价或者拍卖、变卖所得价款在上述仲裁请求第 2 项、第 3 项确认的债务范围内优先受偿。

6. 裁决确认申请人对第二被申请人持有的第一被申请人 47.37%股权享有质权，并有权就其折价或者拍卖、变卖所得价款在上述仲裁请求第 2 项、第 3 项确认的债务范围内



优先受偿。

7. 裁决第三、第四、第五、第六、第七、第八、第九被申请人对上述仲裁请求第 2 项、第 3 项确认的全部债务承担连带清偿责任。

庭审中，申请人明确：第 1 项仲裁请求中的贷款提前到期日为本案《仲裁通知》送达第一被申请人之日；第 2 项仲裁请求中的"复利利率"为罚息利率；第 3 项仲裁请求仅产生本案仲裁费、律师费，保全费等其他费用暂未发生。

申请人提交的《仲裁请求金额计算表（暂计至 2025 年 3 月 7 日）》，列明暂计至 2025 年 3 月 7 日的尚欠借款本金金额以及利息、罚息、复利的计算方式，其中包括计算基数、起始日、截止日、借款年利率、罚息利率、分段金额及合计金额。

**（二）被申请人的主要答辩意见**

第一被申请人辩称：

1.《借款合同》为申请人提供的格式条款，对于加重借款人责任的条款，应当作有利于第一被申请人的解读。

首先，《借款合同》约定的借款期限是 2022 年 4 月 6 日（原文如此，应为 2020 年 2 月 27 日——仲裁庭注）到 2025 年 8 月 20 日，迄今并未到期。合同约定每年付一次息，第一被申请人确实至 2024 年 12 月当期有部分利息未按时支付的轻微违约情况，第一被申请人此前还提前偿还了贷款本金 300,000,000 元，但是申请人在利息付款期限未满的情况



下，仅仅因此轻微违约未经催款就立即宣布全部债务提前到期，显然属于违约处罚过重。

其次，申请人主张以欠付借款利息为基数，按照约定的复利利率（指罚息利率——仲裁庭注）标准，自第一被申请人收到《仲裁通知》起计算复利，同时又主张以欠款本金为基数，按照 11.70%的罚息利率，自第一被申请人收到《仲裁通知》之日起计算罚息，上述复利和罚息，显属于双重违约惩罚，应当不予支持。

2. 申请人主张上浮 50%计收罚息，违约责任过重，第一被申请人请求仲裁庭予以调整。

首先，《借款合同》约定的利息及罚息，背离损失补偿填平原则。《中华人民共和国民法典》（下称《民法典》）第五百八十五条明确规定，违约金应以实际损失为基础。申请人作为金融机构，其资金成本主要受贷款市场报价利率（LPR）的管制，逾期造成的实际损失主要为资金占用成本。根据国家金融监督管理局 2025 年公开数据，全国新发放普惠型小微企业贷款平均利率为 4.03%，普惠型小微企业贷款平均利率代表社会平均融资成本，请求仲裁庭在不低于《借款合同》约定利率和普惠型小微企业贷款的 2 倍（8.06%）之间衡量最终的罚息标准。

其次，当前利率整体下行，第一被申请人请求调减利息计算标准，符合国家优化营商环境，降低融资成本、促进民营经济的国家宏观调控政策。

2019 年公布的《优化营商环境条例》（国务院令第 722



号）第二十六条规定：国家鼓励和支持金融机构加大对民营企业、中小企业的支持力度，降低民营企业、中小企业综合融资成本。2025 年 4 月 30 日公布的《中华人民共和国民营经济促进法》第二十条规定，国务院有关部门依据职责……，督促引导金融机构合理设置不良贷款容忍度，建立健全尽职免责机制、提升专业服务能力，提高为民营经济组织提供金融服务的水平。

因此，当前利率水平逐年下行的形势下，根据国家宏观调控政策，第一被申请人调减计息标准的请求，也符合国家宏观调控政策的精神，应当予以支持。

3．根据第一被申请人核算，截至 2024 年 12 月 26 日，第一被申请人已支付利息共计 229,384,060.85 元。

4．目前，第一被申请人的公章、财务秘钥等均由申请人共管，第一被申请人全部经营管理均由其实际管控。第一被申请人目前已开发未销售的全部房产，其处置均需经申请人提前同意，申请人已实际控制第一被申请人的全部资产，其债务已经得到实质性保障，请仲裁庭考虑优先以第一被申请人开发的全部房产进行销售或变卖，偿还申请人债权，如有不足，再由各保证人承担保证责任。

5．申请人要求支付 6,000,000 元律师费的主张，缺乏依据。首先，该律师费未实际发生，包括基础代理费和风险代理费，其是否产生以及产生多少，并不确定。其次，本案不算复杂案件，且第一被申请人的资产已被申请人掌控，后续执行也不存在难度，因此，第一被申请人对上述律师

18



费不予认可。

第二被申请人辩称：本案的股权质押程序与第二被申请人公司章程（下称"第二被申请人《章程》"）的约定不符，存在程序缺陷，应属无效。根据第二被申请人《章程》第二十四条的规定，"公司增加或减少认缴注册资本、分立、合并、解散、变更公司形式以及修改公司章程、任免董事、对外投资、对外资产转让以及针对深圳市合正新南有限公司对外融资、担保等重大事项必须经董事会决议，且经全体董事一致同意方为有效"，申请人提供的融资材料中，未见第二被申请人的全体董事签字的董事会决议，因此，第二被申请人提供的上述股权质押担保应属无效，不应当承担担保责任。

第三、第四、第五、第八、第九被申请人辩称：

1. 本案中，第三、第四、第五、第八、第九被申请人同意第一被申请人的上述答辩理由。同时，上述被申请人只是保证人，承担保证责任必须以第一被申请人不履行到期债务为前提，并应当有确定的债务金额。

2. 本案出现了债务人即第一被申请人提供了物的担保，且相关担保物还被债权人即申请人实际控制的情况下，无论是从公平角度，还是从防止日后追索权的繁琐、解约诉讼成本的角度，债权人均应当先行行使债务人提供的物的担保，在物的担保不足以清偿的情况下，方可行使对各保



证人的担保权利（该权利同样适用第六、第七被申请人）。

第八被申请人补充答辩称：

1．第八被申请人为申请人提供的担保无效，申请人未尽审查义务，无权主张第八被申请人承担保证责任。

（1）第八被申请人对外提供连带保证担保时未征询股东深圳市红十字会的意见，决议程序无效。

第八被申请人股东之一系深圳市红十字会，申请人对第八被申请人的股权结构知情。深圳市红十字会出资的土地是深圳市人民政府将宗地号 T409-0054 号土地使用权作价入股，由深圳市红十字会代表深圳市政府持有，即深圳市红十字会持有的第八被申请人 24%的股权属于国有资产，第八被申请人的相应担保行为应符合《中华人民共和国企业国有资产法》（下称《国有资产法》）、《企业国有资产监督管理暂行条例》《国有企业参股管理暂行办法》等国资监管规定的要求。

根据《国有资产法》第三十三条的规定，国有资本参股公司为他人提供大额担保的，依照法律、行政法规以及公司章程的规定，由公司股东会、股东大会或者董事会决定。《国有企业参股管理暂行办法》第十六条规定，对参股企业章程重要条款修订、重大投融资、重大担保、重大产权变动、高级管理人员变动和薪酬激励及公司合并、分立、变更、解散等事项，应当深入研究论证，充分表达国有股东意见。而第八被申请人就案涉借款为第一被申请人提供



连带保证责任时，未征得深圳市红十字会同意，相应董事会决议也无深圳市红十字会的代表参加，更无相应股东会决议，申请人同样未就此进行审查，该决议程序直接导致深圳市红十字会的股东权利受到侵害，不仅违反相关规定，还将导致国有资产流失，影响公共利益。

（2）第八被申请人对外提供连带保证担保，召开董事会决议时，关联董事未进行回避。

结合《国有资产法》第四十三条的规定及第八被申请人与第一被申请人的持股关系，第一被申请人的实际控制人为第八被申请人的副董事长，且第八被申请人的股东之一深圳市合正汇远投资有限公司（下称"合正汇远公司"）的独资股东为合正控股集团（深圳）有限公司，合正控股集团（深圳）有限公司持有深圳市佳远集团有限公司80%的股权，深圳市佳远集团有限公司持有第三被申请人 98.95%的股权，第三被申请人持有第二被申请人 100%的股权，第二被申请人持有第一被申请人 100%的股权，即第一被申请人属于第八被申请人的关联方，第八被申请人为其提供的担保为关联担保，根据《国有资产法》第四十六条的规定，关联董事应回避，合正汇远公司方的董事不能行使表决权。而合正汇远公司委派的 2 名董事均参与签署了同意对合正汇远公司的关联方进行连带保证责任的董事会决议，违反《国有资产法》第四十六条规定的关联方交易回避原则，该董事会决议无效。

2．退一步而言，第八被申请人为申请人追加担保后，

21



申请人遂即起诉，系利用其优势地位增加偿债主体，第八被申请人不应承担保证责任。

结合本案全部借款及担保情况，本案第一被申请人与申请人于 2019 年签署《借款合同》后，申请人从项目地块到在建工程，直至数百套建筑物[含新悦润园的 300 余套建筑物（商品住宅、办公）、新悦朗园和新悦启园的项目地块土地证及地上在建工程]，均持续、充分、完整地设置了第一顺位抵押担保。除了主债务人自身的充分担保外，申请人在整个项目开发建设过程中，还陆续获得了第一被申请人数个关联方（即第二至第七被申请人）的股权质押、保证担保等担保保障。即案涉借款系为了保障第一被申请人项目开发建设，第一被申请人也以案涉项目全部资产为申请人提供了担保保障。

此种情况下，第八被申请人于 2024 年 12 月 13 日与申请人签署《保证合同》，为其与第一被申请人的金融借款提供保证担保，然而增信措施作出后，不仅未能获得任何债务展期或协商机会，申请人反而于 2024 年 12 月 31 日就已经准备完毕了涉及近十名被申请人的全部申请材料，并直接向仲裁院提出仲裁申请。

商业交易中，债权人要求新增担保人，通常基于原担保措施不足或偿债风险增加的正当需求。然而本案情况恰恰相反，在申请人原有多重担保（项目资产抵押、股权质押、多个保证人承担连带保证责任）足以覆盖债权的情况下，申请人却在起诉前 17 日内要求与本项目毫无关系的医



院追加担保。其真实目的显然不是通过新增担保保障债权，而是利用其优势地位增加偿债主体，以转嫁其本应自行承担的放贷商业风险，该行为明显违背了《民法典》关于担保制度设立的本意。第八被申请人的担保对于债权的实现而言是多余的、非必要的。对于第八被申请人而言，为与自身毫无关联的项目提供保证担保后，随即陷入巨额债务风险，如要求第八被申请人承担全部担保责任，责任畸重。恳请仲裁庭根据公平与诚实信用原则，确认第八被申请人不应承担担保责任，维护交易市场秩序。

综上，申请人在债权已有充分保障的情况下，要求第八被申请人提供担保的行为缺乏正当性和必要性，其不仅未尽审查义务，未充分审查第八被申请人的担保决议程序及表决程序，且在签署《保证合同》后立即起诉，滥用权利、转嫁风险的意图昭然若揭。这不仅使第八被申请人无辜背负巨额或有负债，影响国有资产与公共利益，更与我国担保制度保障债权、平衡利益、促进公平诚信的核心本意相悖。

况且，第八被申请人区别于普通的商事主体，而是承担着特定社会公共服务职能的医疗机构。申请人作为专业金融机构，在明知第八被申请人具有公益属性、担保事项与第八被申请人主营业务毫无关联的情况下，仍要求第八被申请人就其商业交易提供巨额担保，不仅与公平、诚信原则相悖，也构成对社会公共利益的侵害。一旦确认第八被申请人承担巨额担保责任，必将影响医院现金流运转，



影响到医疗卫生服务的正常提供，甚至于产生危及公民基本健康权益的公共卫生风险。

3. 申请人主张的风险代理费不属于合理费用的赔偿范围。首先，裁决作出时，该笔费用是没有实际产生，是否产生、产生多少也是不确定的。因此将该费用纳入仲裁庭裁决范围是没有《仲裁规则》作为依据的。其次，风险代理费是当事人和律师之间的内部约定，是内部诉讼风险的转移，不属于申请人实现债权必然发生的诉讼成本。最后，申请人与律师之间约定高达 6,000,000 元的风险律师费，无论是争议金额的比例，还是以律师工作的实际价值来衡量，都是过高的，超过了合理范围。

第六、第七被申请人没有答辩。

**（三）申请人代理人的主要代理意见**

1.《借款合同》并非格式合同，且申请人已就合同项下双方权利义务进行明确提示，第一被申请人在签署《借款合同》前已充分知悉并理解合同中各项条款，其系在真实意思表示的基础上签署并接受合同内容，相关条款约定明确清晰，不存在争议，对双方具有约束力。申请人提供的合同文本仅为示范文本，合同相关条款后均留有空白行，并在合同尾部增设了"补充条款"，供各方对合同进行修改、增补或删减使用。且依据《借款合同》第二十三条的约定，申请人与第一被申请人就贷款分次提用以及项目销售资金

24



归集等事项作了补充约定，并非第一被申请人所称"均为格式条款"。依据《民法典》第四百九十八条的规定，只有当对格式条款有两种以上解释时，才应作出不利于提供格式条款一方的解释。但申请人与第一被申请人签订的《借款合同》条款清晰明确、不存在两种以上解释，故不应作出对申请人不利的解释。

2．第一被申请人存在关联项目贷款逾期未还利息情形，已构成交叉违约，且第一被申请人同时存在未按照约定用途使用借款、挪用贷款资金、逾期未还本案项下贷款本息的情形，符合《借款合同》约定的提前到期情形。第一被申请人已触发提前收贷的情形包括：（1）第一被申请人于2024年11月14日出具《关于合正新悦项目的说明》，自认将合正新悦项目总包方退还的工程款中的196,000,000元擅自挪用，用于偿还对外借款；（2）第一被申请人自2024年12月21日起拖欠其在1,000,000,000元开发贷项下的利息，构成交叉违约（第一被申请人在另案仲裁庭审中也对该事实作出确认）；（3）第一被申请人将合正新悦项目总包方退还的工程款中的196,000,000元擅自挪用，用于偿还对外借款，同时违反了《项目资金专用账户监管协议》项下关于资金监管的约定；（4）根据《借款展期合同》及其补充协议，第一被申请人应于2025年2月27日、2025年5月13日、2025年2月10日支付本案项下贷款利息，应于2025年2月22日（应为2025年2月21日——仲裁庭注）偿还本金10,000元，但第一被申请人并未在前述应还本付息日按约支

25



付本金、利息，且至今仍未支付，已经构成利息逾期，显然已违反了《借款合同》《借款展期合同》的相关约定。因此，申请人依据《借款合同》第十二条、第十五条之约定提前收贷具有充分事实依据和合同依据。

3．罚息和复利系《借款合同》约定的正常计息机制，申请人主张的罚息与复利不属于双重违约惩罚。《人民币利率管理规定》第二十条规定，对贷款期内不能按期支付的利息按贷款合同利率按季或按月计收复利，贷款逾期后改按罚息利率计收复利。《借款合同》第五条"借款利率与利息计收"明确约定，"如借款人未按本合同约定的用途使用借款，自挪用之日起，贷款人有权对被挪用的借款计收罚息……；借款人未按期还款且又未就展期事宜与贷款人达成协议，即借款逾期的，自逾期之日起，贷款人有权对逾期的借款计收罚息……；对未按时支付的利息（包括借款到期前及借款到期后的利息、挪用罚息、逾期罚息）贷款人有权按本合同约定的借款逾期罚息利率计收复利。因此，申请人主张的罚息和复利，符合国家相关利率管理规定，具有明确的法律依据与合同基础。罚息是借款人未按期履行还款义务的违约责任承担，复利则是对逾期利息本身继续计息的补偿机制，二者适用范围、计收对象不同，性质亦不相同，不属于重复计息，被申请人关于构成双重违约惩罚的主张缺乏依据。

4．申请人在本案中所主张的罚息利率具有合同依据且未违反金融监管规定，不存在利率标准过高的情形，无需



进行调减。《借款合同》第五条"借款利率与利息计收"明确约定："……借款人未按期还款且又未就展期事宜与贷款人达成协议,即借款逾期的,自逾期之日起,贷款人有权对逾期的借款计收罚息,罚息利率为借款利率上浮50%……"。也即,申请人主张的罚息利率系严格根据《借款合同》中约定计算得出[即罚息利率=借款利率(7.80%)×150%=11.70%],该等合同条款系双方基于真实合意签订,依法对双方具有约束力,具有合同依据。就罚息而言,根据《中国人民银行关于人民币贷款利率有关问题的通知》第三条:"逾期贷款(借款人未按合同约定日期还款的借款)罚息利率由现行按日万分之二点一计收利息,改为在借款合同载明的贷款利率水平上加收 30%-50%……"。因此,申请人按照借期内利率加收50%的标准计收罚息,未违反前述金融监管规定符合法律规定。被申请人关于罚息标准过高的主张缺乏依据。

5. 第二被申请人提供的案涉股权质押经工商部门登记已依法设立,在工商部门登记时,第一被申请人系第二被申请人的全资子公司,故第二被申请人提供案涉股权质押担保属于无需经过内部决议的情形,案涉股权质押担保合法有效。依据《最高人民法院关于适用<中华人民共和国民法典>有关担保制度的解释》(下称《民法典担保制度司法解释》)第八条:"有下列情形之一,公司以其未依照公司法关于公司对外担保的规定作出决议为由主张不承担担保责任的,人民法院不予支持:……(二)公司为其全资子

27



公司开展经营活动提供担保……"也即，公司为其全资子公司开展经营活动提供担保，无需经过内部决议程序。依据《民法典》第四百四十三条第一款的规定，以股权出质的，质权自办理出质登记时设立。案涉质押股权已于 2022 年 4 月 7 日在深圳市市场监督管理局办理完毕股权出质设立登记。根据公开信息显示，在办理股权出质设立登记当日，第一被申请人为第二被申请人的全资子公司（庭审中第二被申请人亦已经确认了该事实），工商部门亦未否定第二被申请人提供案涉股权质押担保的合法性，故第二被申请人关于案涉股权质押担保无效的主张缺乏事实和法律依据。

6. 申请人要求各保证人承担担保责任系基于各保证人签署的案涉《保证合同》，具有明确的合同依据与请求权基础，且不以申请人向第一被申请人主张债务履行为前提。《民法典》第六百八十八条第二款规定："连带责任保证的债务人不履行到期债务或者发生当事人约定的情形时，债权人可以请求债务人履行债务，也可以请求保证人在其保证范围内承担保证责任。"申请人与各保证人签署的案涉《保证合同》第四条"保证方式"明确约定："保证人在本合同项下承担连带保证责任。债务人无论何种原因未按主合同约定履行到期应付的债务（包括但不限于债权人因债务人或担保人违约而要求提前收回的债务），保证人都应按照本合同约定代为履行清偿责任。"据此，申请人作为债权人有权在债务人未履行到期债务的情形下，直接要求各连带责任保证人在其保证范围内承担担保责任，无须以申请

28



人是否首先向债务人主张为前提。案涉《保证合同》第三条"保证范围"约定，保证范围为主合同项下的主债权本金、利息（含罚息、复利）、违约金、损害赔偿金、债权人实现债权的费用等。申请人在提起仲裁时，已就案涉债权的本金、利息（包括罚息和复利）、律师费等各项费用作出明确列示，具体金额清晰、计算方法明确，债权范围及数额均已确定，各保证人应依约就该等范围内的债务承担连带清偿责任。被申请人的主张缺乏事实和法律依据。

7. 申请人担保权的行使不受先后顺序限制，也不以物的担保不足清偿为前提，保证人不得以物保尚未处置为由拒绝承担其应付的连带清偿责任。《民法典》第三百九十二条规定"被担保的债权既有物的担保又有人的担保的，债务人不履行到期债务或者发生当事人约定的实现担保物权的情形，债权人应当按照约定实现债权……"据此，法律并未就担保权的实现设定强制性顺序，债权人可依据合同约定自主选择。

《股权质押合同》第十条约定"三、当债务人未依约履行债务或未履行本合同各项约定时，无论质权人对主合同项下的债权是否拥有其他担保权利（包括债务人自己提供物的担保以及第三人提供物的担保或保证，具体担保方式包括但不限于保证、抵押、质押保函、备用证及其他任何形式的担保方式），质权人均有权先要求出质人承担本合同项下全部质押担保责任，而无须先行使其他担保权利。出质人自愿放弃要求质权人先履行债务人提供物的担保的

29



抗辩以及其他一切法律法规针对质权人的抗辩。"该条款清晰体现出质人对申请人优先向其主张质押担保责任的明确认可，属出质人在真实意思表示基础上作出的承诺，具有法律效力。

在案涉《保证合同》第八条均约定"三、当主债务人未依约履行债务或未履行本合同各项约定时，无论债权人对主合同项下的债权是否拥有其他担保权利（包括债务人自己提供物的担保以及第三人提供物的担保或保证，具体担保方式包括但不限于保证、抵押、质押保函、备用证及其他任何形式的担保方式），债权人均有权先要求保证人承担本合同项下全部连带保证责任，而无须先行使其他担保权利。保证人自愿放弃要求债权人先履行债务人提供物的担保的抗辩以及其他一切法律法规针对债权人的抗辩。"该条款清晰体现各保证人对申请人优先向其主张连带保证责任的明确认可，属保证人在真实意思表示基础上作出的承诺，具有法律效力。

综上所述，被申请人关于"因债务人（第一被申请人）已提供物的担保，申请人应当优先处置该物的担保，只有在担保物不足以清偿全部债务的情况下，方可要求各保证人承担责任"的主张既违背合同约定，亦无相应法律依据。

8．申请人律师费的实际发生已具有高度盖然性，且律师费标准并未过高，申请人主张由被申请人承担律师费具有充足依据和合理性。

（1）根据《借款合同》第十四条"违约责任"第二项



"借款人未按本合同约定用途使用借款、未按约定方式支用借款资金、未遵守声明与承诺事项、申贷文件信息失真、突破约定的财务指标约束以及其他未履行本合同任一条款约定的，贷款人有权采取下列一项或几项措施：……（十）提起诉讼、仲裁或向公证机构申请出具执行证书，要求借款人清偿借款本息，债权人实现债权的费用由借款人承担……"以及第一条"定义与解释"第二项"……'债权人实现债权的费用'，是指贷款人采取诉讼、仲裁、向公证机构申请出具执行证书等方式实现债权时支付的诉讼（仲裁）费、律师费、差旅费、执行费、保全费及其他实现债权的费用……"之约定，申请人因第一被申请人违约而提起仲裁的，第一被申请人应承担申请人支出的律师费。根据《仲裁规则》第六十四条第（四）项"仲裁庭有权根据当事人的请求在裁决书中决定败诉方补偿胜诉方因办理案件支出的合理费用，包括但不限于律师费、保全费、差旅费、公证费和证人作证费用等。仲裁庭在确定上述费用时，应考虑案件的裁决结果、复杂程度、当事人或代理人的实际工作量以及案件的争议金额等有关因素。"之规定，败诉方应当承担办案支出的合理费用，包括律师费，并且该费用承担不以费用实际完成支付为条件。因此，申请人要求第一被申请人承担律师费，且该律师费用不以实际完成支付为条件，具有充分的合同依据及规则依据。

（2）申请人律师费的实际发生已具有高度盖然性，且律师费标准合理

31



①基于上述约定及规定，结合申请人就本案聘请律师所签订的《委托代理合同》第四条"代理费用和支付方式"约定，本案中被申请人应当承担申请人为本案支出的律师费合计 6,000,000 元，其中包括固定律师费费用及风险律师费用。其中，固定基础费用为 500,000 元；风险费用以申请人实际回收金额为基数，针对实际回收金额在 50,000,000 元以内（不含本数）的部分，申请人应按照 9%的费率支付律师费用；针对实际回收金额在 50,000,000 元以上（含本数）的部分，申请人应按照 6%的费率支付律师费用。

②基于上述约定，申请人已实际支付固定律师费费用。就风险律师费用而言，结合双方提交的材料及庭审情况，本案核心事实无争议、法律适用明确，且申请人所享有的债权具有抵押、质押、保证等多种担保措施，申请人后续有权对担保财产进行处置并就所得价款优先受偿，故申请人对后续实际回收金额具有充分合理的预期，风险律师费用后续的实际发生也具有高度盖然性。

③就整体律师费用标准合理性而言，就本案工作量而言，本案项下有大量的基础材料梳理、法律意见整理、庭审意见准备等工作，同时后续为完成清收，律师还需继续推进相关执行、处置工作。因此，申请人按照《委托代理合同》约定支出的固定律师费用及风险律师费用标准都是合理的。并且，根据《关于进一步规范律师服务收费的意见》第三条第（六）项相关规定，标的额在 50,000,000 元以上的部分，风险代理律师服务费不得超过标的额的 6%，而



即使按照申请人提交仲裁申请时的标的金额 618,054,747.71 元计算，6,000,000 元律师费大约为该等标的金额的 0.97%，远远低于 6%的标准，进一步证明申请人所主张的律师费标准并未过高。

因此，本案中申请人主张由被申请人承担律师费具有充分依据和合理性，且该等律师费用标准合理。被申请人以律师费用标准过高，或律师费用尚未实际支付完成为由拒绝承担的主张，不能成立。

9. 根据《国有资产法》《中华人民共和国公司法》（下称《公司法》）及第八被申请人公司章程规定，第八被申请人提供案涉担保取得董事会决议即有效，无需深圳市红十字会另行同意。本案中，第八被申请人向申请人提供案涉担保的董事会决议，已取得全部有表决权的董事一致同意，符合公司章程及法律规定，合法有效。第八被申请人关于案涉担保无效的主张缺乏依据。

（1）《国有资产法》第三十条规定："国家出资企业合并、分立、改制、上市，增加或者减少注册资本，发行债券，进行重大投资，为他人提供大额担保，转让重大财产，进行大额捐赠，分配利润，以及解散、申请破产等重大事项，应当遵守法律、行政法规以及企业章程的规定，不得损害出资人和债权人的权益。"第三十三条规定："国有资本控股公司、国有资本参股公司有本法第三十条所列事项的，依照法律、行政法规以及公司章程的规定，由公司股东会、股东大会或者董事会决定。由股东会、股东大会决

33



定的，履行出资人职责的机构委派的股东代表应当依照本法第十三条的规定行使权利。"

由此可见，《国有资产法》第三十条、第三十三条规定，国有资本参股公司对外提供大额担保的，可以由公司章程进一步确定内部决议机构是股东会、股东大会或董事会。并且，惟有国有资本参股公司确定由股东会、股东大会决定公司为他人提供担保事项时，"履行出资人职责的机构委派的股东代表应当依照本法第十三条的规定行使权利"；如公司章程规定由董事会决定该等担保事项，则无需履行出资人职责的机构额外行使权利（提出提案、发表意见、行使表决权）。

根据申请人提供的《深圳禾正医院章程》第十三条："合作医院设董事会，董事会是合作医院的最高权力机构。"第十四条："董事会决定合作医院的一切重大事宜……"第十五条："公司设董事会，董事会成员5名。"以及第十七条："董事会决议的表决，实行一人一票。到会的全体董事应当为全体董事，且经全体董事人数一致同意的前提下，董事会决议方为有效……"，第八被申请人未设股东会，最高权力机构即为董事会，公司对外担保等决议事项由董事会决定。

据此，本案中，第八被申请人于 2024 年 12 月 13 日作出《董事会决议》，五名董事一致签字同意通过提供案涉担保的决议，完全符合《国有资产法》第三十条、第三十三条及章程的规定，案涉担保事项显然合法有效。并且，由



于案涉担保依《禾正医院章程》应由第八被申请人董事会而非股东会、股东大会决定，故第八被申请人提供案涉担保亦不符合《国有资产法》第三十三条规定需"履行出资人职责的机构委派的股东代表应当依照本法第十三条的规定行使权利"的情形，无需额外取得深圳市红十字会的意见。

综上，根据《国有资产法》《禾正医院章程》规定，第八被申请人提供案涉担保经董事会决议通过，依法已经发生效力；该担保事项依法无需额外取得深圳市红十字会同意，不存在违反国有资产管理规定的情形。因此，第八被申请人关于案涉担保未征求深圳市红十字会意见而无效的主张显然缺乏依据。

（2）案涉担保所涉的《董事会决议》取得全体董事的一致同意而生效，符合《国有资产法》《公司法》要求，第八被申请人关于应当回避董事未回避导致该《董事会决议》无效的主张不成立。

首先，申请人提供的《禾正医院章程》是第八被申请人就案涉担保进行决议时的合法有效章程，该章程并未显示第八被申请人所述各股东方指派董事信息。而第八被申请人提供的所谓 2017 年 10 月 9 日《〈深圳龙珠医院章程〉补充章程》内容，并未在目前有效的《禾正医院章程》体现，不能确定是否仍有效。因此，第八被申请人关于第八被申请人有 2 名董事为第一被申请人关联方合正汇远公司指派，且应当就案涉担保回避表决的主张，与现行有效的《禾正



医院章程》不符，没有证据支持。

其次，即便按照第八被申请人所述，董事会5名董事中可能有2名董事属于《国有资产法》第四十六条规定"交易涉及的董事"而不得就案涉担保行使表决权，但案涉《董事会决议》是经董事会全体董事一致表决通过的，该表决结果也符合法律及《禾正医院章程》规定的生效条件。《公司法》第一百八十二条规定："董事、监事、高级管理人员，直接或者间接与本公司订立合同或者进行交易，应当就与订立合同或者进行交易有关的事项向董事会或者股东会报告，并按照公司章程的规定经董事会或者股东会决议通过。董事、监事、高级管理人员的近亲属，董事、监事、高级管理人员或者其近亲属直接或者间接控制的企业，以及与董事、监事、高级管理人员有其他关联关系的关联人，与公司订立合同或者进行交易，适用前款规定。"以及第一百八十五条规定："董事会对本法第一百八十二条至第一百八十四条规定的事项决议时，关联董事不得参与表决，其表决权不计入表决权总数。"也即，关联董事未回避表决的，并不直接导致董事会决议无效，而仅致其表决权不计入表决权总数。基于该规定，即便第八被申请人主张存在关联关系的2名董事表决权不计入表决权总数，该《董事会决议》也已经第八被申请人全部有权表决的董事一致同意，符合《禾正医院章程》第十七条规定的有效条件。因此，第八被申请人关于应当回避董事未回避导致董事会决议无效的主张不成立。



　　最后，第八被申请人对其《董事会决议》效力提出的异议，均不能动摇第八被申请人与申请人之间的担保法律关系效力，第八被申请人仍应承担相关担保责任。根据《公司法》第二十八条第二款："股东会、董事会决议被人民法院宣告无效、撤销或者确认不成立的，公司根据该决议与善意相对人形成的民事法律关系不受影响。"本案中，对于案涉担保，申请人已经审查了《禾正医院章程》、案涉《董事会决议》，已尽合理审查义务。因此，且不论案涉担保的《董事会决议》完全符合法律及章程规定的生效条件，在申请人已经充分尽到审查义务的情况下，目前第八被申请人对该《董事会决议》效力提出的异议，均不能影响案涉担保效力，第八被申请人仍应承担相关担保责任。

　　（3）2024 年 10 月，申请人与第一被申请人就本案项下封闭运作的房地产项目共同委托了投后管理公司查账。申请人核查案涉项目时，发现第一被申请人也就是借款人存在将案涉项目中封闭房源移出为第八被申请人对外债务进行抵债，进而造成项目资产流失，导致申请人提供的借款存在清收风险。在此基础上，申请人要求第八被申请人为案涉贷款提供担保。申请人提起本案仲裁申请要求清收贷款，同时也想在这个仲裁程序项下对转移的房产尽可能采取保全措施，避免已经被转移的这些房产进一步流失。第八被申请人《保证合同》合法有效，是其真实意思表示。只要主债务确实发生了逾期未付等一系列应当偿还的情形时，第八被申请人依法应当承担保证责任，第八被申请人



《保证合同》的签署时间较近，并不是其拒不承担保证责任的理由。

（4）与《中华人民共和国外商投资法》（下称《外商投资法》）配套实施的《中华人民共和国外商投资法实施条例》（下称《外商投资法实施条例》）第四十四条第二款，已经明确规定，在《外商投资法》实行后 5 年内，原来只设董事会的中外合资企业，可以按照《公司法》的规定，调整组织形式，但是也可以继续保留原来的企业组织形式，组织机构，也就是说一方面《外商投资法》设置了 5 年过渡期，另外一方面即使过渡期满，也并不代表原来的企业组织机构失效，原来的中外合资企业也是可以保留董事会为最高权力机构这样一个形式，并且直至现在第八被申请人也仍然是董事会作为最高权力机构这样一个形式。第八被申请人主张因《外商投资法》的修订导致担保失效没有确实的法律依据。

（5）第八被申请人是私营机构，其性质与常规的有限责任公司无异。第八被申请人的业务种类与案涉担保没有关联，申请人对被申请人的主张不予认可。第八被申请人是一个合法的商事法人主体，在现行的《公司法》以及国有资产相关的法律规定来讲，第八被申请人具备独立对外作出担保意思表示，并且承担担保责任的资格及相应的义务。在其已经按照法律规定作出决议，并且签署第八被申请人《保证合同》后，应当承担责任，其医院的定位职能并不能够成为其否定其承担担保责任的一个理由。特别强



调的是，第八被申请人其实客观上是已经就本案项目项下的贷款开发建设的房产实际获益，并不是其所主张的与本案项下的贷款及房产开发没有任何关系。

（6）第八被申请人如果认为公司内部存在关联董事利用关联关系，损害了其权利的，应当是另案起诉，向相关的董事主张责任，而不能够以其他跟案涉担保没有关系的所谓内部规定，来试图否定第八被申请人基于《公司法》决议流程作出的对外担保的决议的有效性。如果第八被申请人认为因为股东没有发表意见而导致董事会的决议无效，也就是所谓的董事越权。那么根据《公司法》的规定，应当由股东提起相关的代表诉讼，来证明董事侵犯了股东的权益，而非在本案中对申请人直接主张相关的担保无效。

综上所述，第八被申请人在本案项下向申请人提供的担保，已经其董事会全体董事一致表决通过，符合公司章程及《国有资产法》所规定的表决程序。而第八被申请人提出的"未征得红十字会同意……应当无效""违反关联董事回避原则从而无效"的主张，缺乏事实与法律依据，不能成立。

**（四） 被申请人代理人的主要代理意见**

第一、第二、第三、第四、第五、第八、第九被申请人代理人的主要代理意见如下：

1. 《借款合同》为格式合同，应作有利于被申请人的解释。代理意见与答辩状及庭审时发表的辩论意见一致。



2. 关于案涉贷款提前到期的条件是否成就

首先，对开庭前提交的答辩状中"至 2024 年 12 月当期有部分利息未按时支付的轻微违约情况"的陈述予以纠正。根据《借款展期合同》第三条约定，借款本金偿还的方式为自借款展期之日起每半年归还本金 10,000 元整。根据申请人提供的编号为兴银深华富补充字（2024）第 001-5 号的《补充协议》约定，利息自借款实际发放日起每满年对应日（无对应日则以最后一天为对应日）为各期付息日，借款人应在付息日向贷款人支付当期额借款利息。

申请人提起仲裁时，本案涉案贷款还款情况如下，其中：（1）2020 年 2 月 27 日提款 700,000,000 元，2024 年 2 月 29 日前的利息均已付清，下一期还息日应为 2025 年 2 月 27 日；（2）2020 年 5 月 13 日提款 99,820,400 元，2024 年 5 月 13 日前的利息均已付清，下一期还息日应为 2025 年 5 月 13 日；（3）2021 年 2 月 10 日提款 99,801,318.25 元，2024 年 2 月 10 日前的利息均已付清，且利息已归还至 2024 年 8 月 10 日，下一期还息日为 2025 年 2 月 10 日；（4）本金归还至 2024 年 8 月 21 日当期，且提前归还了部分本金，共计归还本金 300,080,000 元，下一期本金还款日为 2025 年 2 月 27 日。因此，截至申请人提起仲裁之日，第一被申请人并未发生还款违约，申请人提前解约的条件尚未成就。

2022 年底以来，国家密集出台相关金融政策支持房地产行业平稳健康发展。2022 年 11 月，中国人民银行、中国银行保险监督管理委员会《关于做好当前金融支持房地产



市场平稳健康发展工作的通知》），强调"鼓励金融机构与房地产企业基于商业性原则自主协商，积极通过存量贷款展期、调整还款安排等方式予以支持"。2025 年 3 月，中国银行业协会联合全国工商联发布《银行业金融机构支持民营经济高质量发展倡议书》，倡导银行业金融机构"主动做好民营企业资金接续服务，不盲目停贷、压贷、抽贷、断贷。在尽职免责前提下，合理提高民营企业不良贷款容忍度。"申请人与被申请人经过多次协商，将借款期限延伸至 2025 年 8 月 20 日。针对 2025 年 3 月 7 日前的应还贷款本息，申请人作为国有商业银行，应积极响应国家政策，对受行业周期影响的民营房企给予合理支持，对已给予的展期期限给予充分的宽容，而非简单采取"提前收贷"这一加剧企业流动性风险的措施。

第一被申请人也不存在申请人所陈述的交叉违约、挪用款项等行为，申请人以此提前解约，缺乏充分依据。案涉贷款的提前到期条件尚未成就。

3. 申请人主张的罚息和复利属于双重违约惩罚。代理意见与答辩状及庭审时发表的辩论意见一致。

4. 关于申请人主张的罚息标准是否过高，是否需要予以调减的问题

2024 年 5 月 13 日，中国人民银行、国家发展和改革委员会等部门联合发布《关于做好 2024 年降成本重点工作的通知》提出，推动贷款利率稳中有降。持续发挥贷款市场报价利率（LPR）改革效能和存款利率市场化调整机制的重



要作用，在保持商业银行净息差基本稳定的基础上，促进社会综合融资成本稳中有降。

近年来，房地产行业整体下行，房地产市场销售回款速度显著放缓，房地产企业普遍面临阶段性流动性困难，第一被申请人作为区域性民营房地产企业，亦受到行业周期性调整的冲击。目前最早开发并销售的3号地块（即合正润园地块）的销售及回款进度不及预期，后续合正启园项目、合正朗园项目也因前期回款困难发生施工进度延误，无法按期入市，进一步影响资金回流，且因上述项目还有回迁物业需要交付，延期交付还将产生社会不稳定因素。

因此，申请人作为国有商业银行，理应积极响应国家政策，对受行业周期影响的民营房企给予合理支持，过高的罚息将只会加重被申请人的债务负担，恶化被申请人的清偿能力，特请求仲裁庭予以调整。建议按照就实践中以损失上浮30%这个为准，来调整罚息利率。

5．关于复利的计算基数。如果仲裁庭最终支持申请人关于复利的主张，则复利的计算基数应仅为正常利息，也就是说以合同期限内的应付利息为基数计算复利，计算基数不包括逾期罚息或者其他的费用。

6．关于申请人对第二被申请人提供的案涉质押股权是否享有质押权的问题，代理意见与答辩状及庭审时发表的辩论意见一致。

7．案涉贷款的提前到期条件尚未成就，申请人主张保证人承担担保责任缺乏请求权基础。



8. 关于申请人行使担保权利是否有先后顺序的问题。第一被申请人已提供大量的担保物，且相关担保物中涉及合正润园的 1 栋写字楼、279 套商品住宅房屋属于已开发建成的现房，权属清晰、变现路径多样。从债权清偿效率而言，本案至少宜优先处理上述合正润园 280 套房产。其他代理意见与答辩状及庭审时发表的辩论意见一致。

9. 关于申请人主张的律师费是否过高的问题。金融借款合同纠纷中，银行作为专业金融机构，其诉讼风险已基本通过内部风控及法务团队予以解决，案情并不复杂、疑难，风险极低。申请人主张"风险代理"，一方面有违金融监管政策，进一步挤占被申请人用于"保交楼"、偿还刚性债务的资金空间，加剧被申请人债务人负担，违背"金融支持实体经济"原则；另一方面，也违反《民法典》第五百八十四条关于"损失赔偿额不得超过违约一方订立合同时预见到或应当预见到的因违约可能造成的损失"的规定，显属单方加重被申请人责任。因此，律师费用应以实际发生且合理的固定费用为限，并排除风险代理浮动部分，风险代理律师费不属于被申请人预见或应承担的范围。

第八被申请人代理人的主要补充代理意见如下：

1. 案涉担保涉及关联担保却未依照关联董事回避原则进行决议。接受第八被申请人担保的主债务人第一被申请人，是第八被申请人股东之一合正汇远公司的关联公司，该股东委派的董事在审议本次担保的董事会决议时，与所



议事项存在重大利害关系，依法应回避表决。但决议程序上，合正汇远公司委派的董事参与了表决并同意第八被申请人提供担保，严重侵害了第八被申请人及其他股东的利益，应属无效。基于此无效决议而签署的担保合同，不应对第八被申请人发生法律效力。

2. 案涉担保事项未征询股东深圳市红十字会的意见，且关系到国有资产与公共利益。第八被申请人章程虽未规定股东深圳市红十字会委派董事，但不意味着其股东权利可以被剥夺。第八被申请人对外提供巨额担保，可能使其承担巨额债务，直接减损其资产价值，从而导致国有股权价值贬值，构成国有资产流失。就对外提供巨额担保的重大事项，第八被申请人从未告知股东深圳市红十字会，更未征得其任何形式的同意，完全剥夺了其作为股东的基本权利。第八被申请人的担保行为，因可能造成国有资产流失、损害社会公共利益而无效。

## 二、仲裁庭意见

仲裁庭认为，在仲裁程序中，各方均应提交并如实、充分提交证据，如实进行陈述，诚信参与仲裁程序，否则应当承担相应的法律后果。依据现有证据以及仲裁庭的庭审调查，仲裁庭查明本案有关事实，并作出以下分析和认定。仲裁庭充分考虑了各方在程序过程中提出的意见、审查了各方提交的证据，对于仲裁庭经过审理认为不影响仲



裁结论的主张或证据，仲裁庭在下文中将不加以详述或分析。

**（一）仲裁庭查明及认定的事实**

1. 关于《借款合同》《借款展期合同》及其补充协议的签订及主要内容

（1）2020 年 1 月 16 日，申请人（作为贷款人）与第一被申请人（作为借款人）签订《借款合同》。与本案有关的主要条款如下：贷款人同意给予借款人借款 900,000,000 元（第二条）；借款用于"龙岗区平湖街道新南小学片区城市更新单元"项目支付拆迁费用或置换前期超出自筹部分的股东借款；未经贷款人书面同意，借款人不得将借款挪作他用（第三条）；借款期限为自 2020 年 2 月 27 日至 2024 年 2 月 20 日止；借款分次使用计划为：2020 年 2 月 27 日 700,000,000 元；借款分次使用的，实行同一到期日，即分别发放的各期借款以第一次放款的借款借据或借款凭证所确定的借款到期日为同一到期日；若贷款人根据本合同约定的情形提前收贷，则视为借款到期日相应提前（第四条）；定价基准利率按贷款市场报价利率（LPR）1 年期档次，借款利率=定价基准利率+1.525%；借款利率（指年利率，下同）按浮动利率执行，根据实际发放日和利率调整日定价基准利率和定价公式确定借款利率，分段计息，浮动周期为季，自借款实际发放日起每满一个周期的对应日为合同利率调整日，当月无对应日的以该月最后一天为对应日

45



（第五条第一款）；借款本金自贷款人根据本合同约定划至借款人账户之日起开始计息；借款每日应计利息=当日借款余额×日利率；日利率与年利率的换算按照中国人民银行规定和国际惯例执行；借款利息偿还方式为：自借款实际发放日起每满季的对应日（当月无对应日的以该月最后一天为对应日）为各期付息日，借款人应在付息日向贷款人支付当期借款利息，在借款到期时结清剩余本息（第五条第二款）；如借款人未按期还款且又未就展期事宜与贷款人达成协议，即借款逾期的，自逾期之日起，贷款人有权对逾期的借款计收罚息，罚息利率为借款利率上浮50%；对未按时支付的利息（包括借款到期前及借款到期后的利息、挪用罚息、逾期罚息）贷款人有权按本合同约定的借款逾期罚息利率计收复利；借款利率采用浮动利率的，则罚息利率也为浮动利率，其浮动周期与借款利率浮动周期一致；罚息和复利的计收方式按照本合同约定的借款利息偿还方式执行（第五条第三款）；标的项目已取得更新立项、专项规划批文及拆迁签约率已达80%[第六条第一款第（九）项]；借款人已提供标的项目对应的拆迁补偿协议及其付款凭证，并取得贷款人的认可；拆迁阶段借款人自有资金比例不低于37.78%（金额不少于 546,520,000 元），且已到位[第六条第一款第（十）项]；借款人不可撤销地授权贷款人直接将款项划至如下贷款发放账户：户名为深圳市合正新南投资有限公司；账号为 3381******7406；开户银行为兴业银行深圳布吉支行（第七条第一款）；借款本金偿还方式为：

46



2020 年 8 月 21 日偿还 10,000 元；2021 年 2 月 21 日偿还 10,000 元；2021 年 8 月 21 日偿还 10,000 元；2022 年 2 月 21 日偿还 10,000 元；2022 年 8 月 21 日偿还 10,000 元；2023 年 2 月 21 日偿还 10,000 元；2023 年 8 月 21 日偿还 10,000 元；2024 年 2 月 20 日偿还 699,930,000 元（第八条第一款）；借款人应在本合同约定的还款日和付息日向贷款人按时足额归还本合同项下借款本金及利息（第八条第二款）；借款人未按期偿还借款合同项下的借款，需要展期还款的，应在该笔贷款到期日前 60 个工作日向贷款人提交书面借款展期申请；经贷款人审查同意的，由双方另行签署《借款展期合同》作为本合同的补充合同（第八条第四款）；本合同的担保合同包括但不限于以下合同：第三被申请人《保证合同》、第四被申请人《保证合同》、第五被申请人《保证合同》、第六被申请人《保证合同》、第七被申请人《保证合同》、担保人为第二被申请人的《非上市公司股权质押合同》[编号为兴银深布吉股权质押字（2019）第 034-1 号]、担保人为案外人深圳市建信投资发展有限公司的《非上市公司股权质押合同》[编号为兴银深布吉股权质押字（2019）第 034-2 号]、担保人为第一被申请人的《保证金协议》[编号为兴银深布吉保金字（2019）第 034 号]（第九条第一款）；除上述已签署的担保合同外，发生汇率波动或其他贷款人认为可能影响借款人或担保人履约能力的任何事件，贷款人有权要求借款人补充保证金或提供新的担保，并签署相关担保合同，借款人应按贷款人要求予以配合（第九条第



二款）；借款人应当按本合同约定按时足额偿还借款本息[第十条第二款第（二）5 项]；借款人承诺"龙岗区平湖街道新南小学片区城市更新单元"项目实施主体为借款人，若借款人未被认定为该城市更新改造实施主体或拆迁协议实际签订进度未达预期，或首次放款后一年半内借款人未取得实施主体资格，贷款人有权提前收贷（第十一条第二十四款）；借款人承诺融资项目取得土地证后 15 个工作日内抵押给贷款人，借款人须在取得实施主体确认后一年半内办妥项目土地抵押，否则视为借款人违约，贷款人有权提前收回融资款（第十一条第二十五款）；借款人承诺在贷款存续期内，标的项目项下物业建成取得产权证后（包括可售和自持）15 个工作日内抵押给贷款人，贷款人将在可售物业销售时逐户解除抵押，否则视为借款人违约，贷款人有权提前收回融资款（第十一条第二十六款）；借款人承诺贷款人为融资项目预售唯一监管行，项目全部销售收入回款至贷款人（第十一条第二十七款）；借款人承诺未经贷款人同意，借款人不得新增其他融资，借款人不得转让标的项目或在标的项目上设定任何其他的担保事项，项目土地及在建工程在融资存续期内如计划对第三方抵押，需经贷款人同意（第十一条第二十八款）；在借款期间，借款人或担保人（包括保证人或抵押人或出质人，下同）发生下列情况之一时，贷款人有权单方决定停止支付借款人尚未使用的借款，并提前收回部分或全部借款本息，分期偿还的借款，贷款人对其中某一期借款依据本合同约定提前收贷

48



的，其他未到期的借款视为提前到期：……；（二）未经贷款人同意擅自改变借款原定用途，挪用借款或用借款从事非法、违规交易的；……；（八）借款人或借款人的关联企业及担保人或担保人的关联企业出现本合同第十五条约定的交叉违约情形的；（九）借款人没有按期偿还本合同项下借款的本金、利息；……；（十二）借款人未履行本合同第十条及第十三条约定的义务及本合同约定的其他义务，或担保人未履行担保合同约定的义务；……；（十六）借款人违反编号兴银深布吉监管字（2019）第 034 号的《项目资金专用账户监管协议》项下约定的；（十七）借款人违反编号兴银深布吉保金（2019）034 号《保证金协议》项下约定的；（十八）标的项目未取得更新立项、专项规划批文，拆迁签约率（面积签约率及户数签约率）未达80%，拆迁阶段自有资金比例低于拆迁阶段总投资的 37.78%（金额少于546,520,000 元），项目自有资金未先行投入的；（十九）借款人股东在本笔贷款未还清前，抽回原以任何形式投入项目的资金及进行利益分配；……（第十二条第一款）；借款人未按本合同约定用途使用借款、未按约定方式支用借款资金、未遵守声明与承诺事项、申贷文件信息失真、突破约定的财务指标约束以及其他未履行本合同任一条款约定的，贷款人有权采取下列一项或几项措施：……；（四）单方决定全部或部分债务提前到期；（五）单方终止或解除本合同，要求借款人清偿到期或未到期的借款本金及利息，并支付或赔偿相关损失；（六）如借款逾期，要求借款人支

49



付逾期罚息；如借款人挪用借款，要求借款人支付挪用罚息；要求借款人支付未付利息（包括借款到期前及借款到期后的利息、挪用罚息以及逾期罚息）的复利；……；（八）实施或实现有关借款的任何担保项下的权利；……；（十）提起诉讼、仲裁或向公证机构申请出具执行证书，要求借款人清偿借款本息，债权人实现债权的费用由借款人承担；……（第十四条第二款）；债权人实现债权的费用是指贷款人采取诉讼、仲裁、向公证机构申请出具执行证书等方式实现债权时支付的诉讼（仲裁）费、律师费、差旅费、执行费、保全费及其他实现债权的费用（第一条第二款）；借款人同意，一旦借款人未履行本合同第十一条声明与承诺，或借款人未履行本合同项下之任何一项义务时，贷款人有权决定借款人对贷款人的其他任何一项义务包括本合同项下借款的到期和未到期的全部本金、利息（含罚息及复利）的偿还义务将立即到期（第十七条）；凡因本合同发生的任何争议，借款人和贷款人双方应通过友好协商解决；友好协商不成的，双方均同意向仲裁院申请仲裁，适用仲裁院在仲裁时有效的仲裁规则解决纠纷，该仲裁裁决是终局的，对双方均有约束力；仲裁庭的开庭地点选择在深圳市开庭（第十九条第二款）；本合同自立约双方签字或盖章之日起生效（第二十一条第一款）；本合同项下贷款分次提用：在满足本协议第六条全部提款先决条件后先发放贷款700,000,000 元；在标的项目拆迁签约率达 100%时，可发放贷款 100,000,000 元；待"龙岗区平湖街道新南小学片区城



市更新单元"项目取得实施主体确认为借款人后发放剩余贷款 100,000,000 元；本合同项下贷款虽分次启用，但贷款实行统一到期日，余款到期一次结清（第二十三条第一款）；标的项目销售收入全部在贷款人处归集，按不低于销售收入 50%比例扣划用于还款或存为还款保证金，标的项目可售部分销售 70%（不含车位）本合同项下贷款本息须还清或存足全额贷款本息还款保证金；若销售收入达到以上条件的，则按照本合同第二十三条"补充条款"第二项约定执行借款本金分期还款，无需按照本合同第八条"借款本息偿还"第一项约定方式执行（第二十三条第二款）；"项目融资借款"，是指借款人向贷款人申请发放的，用于借款人建造一个或一组大型生产装置、基础设施、房地产项目或其他项目的本外币融资借款，包括对在建或已建项目的本外币再融资借款（第一条第一款）；本合同中"标的项目"或"融资项目"指深圳市合正新南投资有限公司投资开发的"龙岗区平湖街道新南小学片区城市更新单元"项目，座落于深圳市龙岗区，项目位于平湖街道，东临新屋街，西临天河路，南临平湖大街，北临隔圳西路，建筑面积 349,270 平方米（第一条第七款）。

（2）2022 年 3 月 28 日，申请人（作为贷款人）与第一被申请人（作为借款人/出质人 1）、第二被申请人（作为出质人 2）、第三被申请人（作为保证人 1）、第四被申请人（作为保证人 4）、第五被申请人（作为保证人 5）、第六被申请人（作为保证人 2）、第七被申请人（作为保证人 3）、



案外人深圳市建信投资发展有限公司（作为出质人 3）签订
编号为兴银深华富补充字（2022）第 034 号《补充协议》
（下称"2022 年 3 月 28 日《补充协议》"）。与本案有关的主
要条款如下：解除编号为兴银深布吉股权质押字（2019）
第 034-1 号《非上市公司股权质押合同》项下提供的担保
（第一条）；解除编号为兴银深布吉股权质押字（2019）第
034-2 号《非上市公司股权质押合同》项下提供的担保（第
二条）；追加编号为兴银深华富股权质押字（2022）第 034-
2 号的《非上市公司股权质押合同》（指本案《股权质押合
同》——仲裁庭注）为《借款合同》的担保合同，担保方
式为质押，担保人为第二被申请人（第三条）；追加编号为
兴银深华富抵押字（2022）第 034-2 号的《抵押合同》为
《借款合同》的担保合同，担保方式为抵押；担保人为第
一被申请人（第四条）；各方同意《借款合同》和《借款合
同》中所列明的担保合同中未作补充和变更的部分仍然有
效，各方须按约履行（第五条）；本协议为《借款合同》和
《借款合同》项下担保合同不可分割的组成部分，具有同
等法律效力（第六条）；第一、第二、第三、第四、第五、
第六、第七被申请人及深圳市建信投资发展有限公司知悉
并同意在上述条件下继续就第一被申请人按《借款合同》
及本协议项下应履行的全部债务向申请人承担连带担保责
任（第七条）；本协议一式陆份，自各方签字或盖章之日起
生效（第八条）。

（3）2022 年 6 月 28 日，申请人（作为贷款人）与第一



被申请人（作为借款人/出质人 1/抵押人）、第二被申请人（作为出质人 2）、第三被申请人（作为保证人 1）、第四被申请人（作为保证人 4）、第五被申请人（作为保证人 5）、第六被申请人（作为保证人 2）、第七被申请人（作为保证人 3）签订编号为兴银深华富补充字（2022）第 034 号-2《补充协议》（下称"2022 年 6 月 28 日《补充协议》"）。与本案有关的主要条款如下：借款分次发放，《借款合同》第五条第一款变更为：首笔贷款 699,960,000 元、第二笔贷款 99,820,400 元以及第三笔贷款 99,801,318.25 元，定价基准利率分别自 2022 年 5 月 27 日、2022 年 5 月 13 日以及 2022 年 5 月 10 日起，均按贷款市场报价利率（LPR）一年期限档次执行；自 2022 年 5 月 27 日起，首笔贷款 699,960,000 元的借款利率定价公式：借款利率=定价基准利率＋5.323%；自 2022 年 5 月 13 日起，第二笔贷款 99,820,400 元的借款利率定价公式：借款利率=定价基准利率＋4.30%；自 2022 年 5 月 10 日起，第三笔贷款 99,801,318.25 元的借款利率定价公式：借款利率=定价基准利率＋4.30%；借款利率按浮动利率执行，根据实际发放日和重定价日定价基准利率和定价公式确定借款利率，分段计息，浮动周期为季，自借款实际发放日起每满一个周期的对应日为合同重定价日，当月无对应日的以该月最后一天为对应日；利率变更前已计收的利息保持不变（第一条）；各方同意《借款合同》和《借款合同》项下的担保合同中未作补充和变更的部分仍然有效，各方须按约履行（第二条）；本协议为《借款合同》和



《借款合同》项下担保合同不可分割的组成部分，具有同等法律效力（第三条）；第一、第二、第三、第四、第五、第六、第七被申请人知悉并同意在上述条件下继续就第一被申请人按《借款合同》及本协议项下应履行的全部债务向申请人承担连带担保责任（第四条）；本协议一式陆份，自各方签字或盖章之日起生效（第五条）。

（4）2022 年 7 月 7 日，申请人（作为贷款人）与第一被申请人（作为借款人/出质人 1/抵押人）、第二被申请人（作为出质人 2）、第三被申请人（作为保证人 1）、第四被申请人（作为保证人 4）、第五被申请人（作为保证人 5）、第六被申请人（作为保证人 2）、第七被申请人（作为保证人 3）签订编号为兴银深华富补充字（2022）第 034 号-3《补充协议》（下称"2022 年 7 月 7 日《补充协议》"）。与本案有关的主要条款如下：解除编号为兴银深华富抵押字（2022）第 034-2 号《抵押合同》项下抵押物的抵押，即抵押物所有人为第一被申请人，抵押物名称为国有建设用地使用权，产权证号码为粤（2022）深圳市不动产权第0026373 号，宗地号 G05425-1029（指 3 号地块——仲裁庭注），坐落于平湖街道（第一条）；各方同意《借款合同》和《借款合同》项下的担保合同中未作补充和变更的部分仍然有效，各方须按约履行（第二条）；本协议为《借款合同》和《借款合同》项下担保合同不可分割的组成部分，具有同等法律效力（第三条）；第一、第二、第三、第四、第五、第六、第七被申请人知悉并同意在上述条件下继续



就第一被申请人按《借款合同》及本协议项下应履行的全部债务向申请人承担连带担保责任（第四条）；本协议一式伍份，自各方签字或盖章之日起生效（第五条）。

（5）2023 年 4 月 14 日，申请人（作为贷款人）与第一被申请人（作为借款人/出质人 1/抵押人）、第二被申请人（作为出质人 2）、第三被申请人（作为保证人 1）、第四被申请人（作为保证人 4）、第五被申请人（作为保证人 5）、第六被申请人（作为保证人 2）、第七被申请人（作为保证人 3）签订编号为兴银深华富补充字（2023）第 034 号《补充协议》（下称"2023 年 4 月 14 日《补充协议》"）。与本案有关的主要条款如下：借款分次发放，《借款合同》第五条第一款变更为：首笔贷款 699,940,000 元、第二笔贷款 99,820,400 元以及第三笔贷款 99,801,318.25 元，定价基准利率分别自 2023 年 2 月 27 日、2022 年 5 月 13 日以及 2022 年 5 月 10 日起，均按贷款市场报价利率（LPR）一年期限档次执行；自 2023 年 2 月 27 日起，首笔贷款 699,940,000 元的借款利率定价公式：借款利率=定价基准利率＋4.35%；自 2022 年 5 月 13 日起，第二笔贷款 99,820,400 元的借款利率定价公式：借款利率=定价基准利率＋4.30%；自 2022 年 5 月 10 日起，第三笔贷款 99,801,318.25 元的借款利率定价公式：借款利率=定价基准利率＋4.30%；借款利率按浮动利率执行，根据实际发放日和重定价日定价基准利率和定价公式确定借款利率，分段计息，浮动周期为季，自借款实际发放日起每满一个周期的对应日为合同重定价日，当月



无对应日的以该月最后一天为对应日；利率变更前已计收的利息保持不变（第一条）；各方同意《借款合同》和《借款合同》项下的担保合同中未作补充和变更的部分仍然有效，各方须按约履行（第二条）；本协议为《借款合同》和《借款合同》项下担保合同不可分割的组成部分，具有同等法律效力（第三条）；第一、第二、第三、第四、第五、第六、第七被申请人知悉并同意在上述条件下继续就第一被申请人按《借款合同》及本协议项下应履行的全部债务向申请人承担连带担保责任（第四条）；本协议一式陆份，自各方签字或盖章之日起生效（第五条）。

（6）2024 年 2 月 19 日，申请人（作为贷款人）与第一被申请人（作为借款人/出质人 1/抵押人）、第二被申请人（作为出质人 2）、第三被申请人（作为保证人 1）、第四被申请人（作为保证人 5）、第五被申请人（作为保证人 4）、第六被申请人（作为保证人 2）、第七被申请人（作为保证人 3）签订编号为兴银深华富展字（2024）第 001 号《借款展期合同》（下称《借款展期合同》）。与本案有关的主要条款如下：借款人因销售未达预期原因，未如期偿还《借款合同》项下的借款，需向贷款人申请延长借款期限；贷款人经审查，同意借款人的展期申请（合同前言部分）；借款人根据《借款合同》向贷款人借用的借款 899,621,718.25 元，其中 599,551,718.25 元于 2024 年 2 月 20 日到期，截至 2024 年 2 月 20 日，上述借款本金的余额为 599,551,718.25 元，现约定展期到 2025 年 8 月 20 日，并于展期的到期日还清全部



借款本息；其中，展期日系指《借款合同》到期日的次日（第一条）；展期借款定价基准利率执行原借款期限加展期累计借款时间所达到的新的期限档次，按贷款市场报价利率（LPR）一年期限档次；展期借款利率定价公式：借款利率＝定价基准利率＋4.35%；按固定利率执行，根据合同签署日定价基准利率和定价公式约定借款固定利率为年化利率 7.80%；展期日如遇定价基准利率调整，则相应调整定价公式中的加减点值，本合同约定的上述年化利率不变（第二条第一款）；借款利息偿还方式：自借款发放日起每满半年的对应日为各期付息日，借款人应在付息日向贷款人支付当期借款利息，在借款到期时结清剩余本息（第二条第二款）；本展期借款执行《借款合同》约定的罚息及复利约定（第二条第三款）；借款展期后，借款本金偿还方式：借款展期之日起每半年归还本金 10,000 元，余款到期一次性结清（第三条）；在保证担保方式下，第三、第六、第七被申请人承诺继续为该笔展期借款提供连带责任保证；原与贷款人签订的第三被申请人《保证合同》、第六被申请人《保证合同》、第七被申请人《保证合同》继续有效，保证期间自本合同项下借款展期期限届满之日起三年；在抵押担保方式下，抵押人第一被申请人承诺继续以其所有的或依法有权处分的国有建设用地使用权提供抵押，原与贷款人签订的编号为兴银深华富抵押字（2022）第 034-2 号的《抵押合同》继续有效，并负责办理续抵押登记手续及其他有关手续；在质押担保方式下，出质人 1 即第一被申请人



承诺继续以其所有的或依法有权处分的保证金提供质押，原与贷款人签订的编号为兴银深布吉保金字（2019）第 034 号的《保证金协议》继续有效，并负责办理续质押登记手续及其他有关手续；出质人 2 即第二被申请人继续以其所有的或依法有权处分的第一被申请人 47.37%股权提供质押，原与贷款人签订的编号为兴银深华富股权质押字（2022）第 034-2 号的《非上市公司股权质押合同》继续有效，并负责办理续质押登记手续及其他有关手续；第四、第五被申请人同意对借款人在《借款合同》《借款展期合同》项下的全部债务提供保证担保，分别与贷款人签订第四被申请人《保证合同》、第五被申请人《保证合同》（第四条）；除本合同将借款余额在借款期限届满后展期并重新确定借款利率及借款利息偿还方式外，《借款合同》的其它条款继续有效，贷款人、借款人及担保人（保证人、抵押人、质押人）均同意遵守并执行《借款合同》条款约定（第六条）；本合同自立约各方签名或盖章或按指印之日起生效（第七条第一款）；若借款人及担保人在其他个人、机构的融资（包括但不限于借款等负债）发生逾期或者名下资产因债务问题被查封、冻结、扣划、强制执行或被采取了具有类似效力的其他措施，贷款人可视同借款人违约，贷款人有权对借款人及担保人采取原借款合同、担保合同项下的救济措施，申请资产保全并且提前收回贷款（第八条第二款）；"龙岗区平湖街道新南小学片区城市更新项目"销售收入全部在贷款人处归集，在满足必要保交楼支出外，销售回笼款须

58



用于还款，直至贷款本息结清（第八条第三款）。

（7）2024 年 6 月 26 日，申请人（作为贷款人）与第一被申请人（作为借款人/抵押人）签订编号为兴银深华富补充字（2024）第 001-1 号的《补充协议》（下称"2024 年 6 月 26 日《补充协议》"）。与本案有关的主要条款如下：追加编号为兴银深华富抵押字（2024）第 001-1 号的《抵押合同》为《借款合同》《借款展期合同》的担保合同，担保方式为抵押，担保人为第一被申请人（第一条）；各方同意《借款合同》《借款展期合同》中未作补充和变更的部分仍然有效，各方须按约履行（第二条）；本协议为《借款合同》《借款展期合同》不可分割的组成部分，具有同等法律效力；本协议与《借款合同》《借款展期合同》约定不一致的，以本补充协议约定的为准（第三条）；第一被申请人知悉并同意在上述条件下继续就第一被申请人按《借款合同》《借款展期合同》及本补充协议项下应履行的全部债务向申请人承担连带担保责任（第四条）；本协议一式伍份，自各方签字或盖章之日起生效（第五条）

（8）2024 年 8 月 27 日，申请人作为（贷款人）与第一被申请人（作为借款人/出质人 1/抵押人）、第二被申请人（作为出质人 2）、第三被申请人（作为保证人 1）、第四被申请人（作为保证人 4）、第五被申请人（作为保证人 5）、第六被申请人（作为保证人 2）、第七被申请人（作为保证人 3）签订编号为兴银深华富补充字（2024）第 001-5 号《补充协议》（下称"2024 年 8 月 27 日《补充协议》"）。与



本案有关的主要条款如下：《借款展期合同》第二条第二款借款利息偿还方式第（二）项变更为：自借款实际发放日起每满年的对应日（当月无对应日的以该月最后一天为对应日）为各期付息日，借款人应在付息日向贷款人支付当期借款利息，在借款到期时结清剩余本息（第一条）；《借款合同》第五条第二款借款利息偿还方式第（二）项变更为：自借款实际发放日起每满年的对应日（当月无对应日的以该月最后一天为对应日）为各期付息日，借款人应在付息日向贷款人支付当期借款利息，在借款到期时结清剩余本息（第二条）；本补充协议生效前已计收的利息保持不变（第三条）；第一、第二、第三、第四、第五、第六、第七被申请人同意在上述条件下继续就第一被申请人按《借款合同》《借款展期合同》及本协议项下履行的全部债务向申请人承担担保责任（第四条）；各方同意，《借款合同》《借款展期合同》及其项下担保合同中未作补充和变更的部分仍然有效，各方须按约履行（第五条）；本补充协议作为《借款合同》《借款展期合同》及其项下担保合同的不可分割的一部分，具有同等法律效力；本协议与《借款合同》《借款展期合同》及其项下担保合同中约定不一致的，以本补充协议约定的为准（第六条）；本补充协议自各方签字或盖章之日起生效（第七条）。

2. 关于担保合同的签订及相关情况

（1）　关于抵押合同的签订及主要内容

①2022 年 3 月 28 日，申请人（作为抵押权人）与第一



被申请人（作为抵押人）签订第 034-2 号《抵押合同》。约定：本合同担保的主合同为《借款合同》；主债权种类为项目融资；主债权本金为 900,000,000 元；主债权履行期限为 2020 年 2 月 27 日至 2024 年 2 月 20 日；主合同实际内容与上述约定不一致时，以借款凭证等债权凭证所记载的内容为准（第二条）；抵押人自愿以其所拥有的国有建设用地使用权设定抵押，抵押物的名称、数量、规格、价值等状况详见本合同附件"抵押物清单"（第三条）。第 034-2 号《抵押合同》附件一为《抵押物清单（不动产）》，载明的主要内容如下：抵押物名称为国有建设用地使用权；所有人为第一被申请人；使用年限为 70 年，自 2021 年 6 月 30 日至 2091 年 6 月 29 日；产权证号码分别为：粤（2022）深圳市不动产权第 0026373 号（指 3 号地块——仲裁庭注）、粤（2022）深圳市不动产权第 0026375 号（指 2 号地块——仲裁庭注）、粤（2022）深圳市不动产权第 0029348 号（指 4 号地块——仲裁庭注）。

②2024 年 6 月 26 日，申请人（作为抵押权人）与第一被申请人作为（抵押人）签订第 001-1 号《抵押合同》。约定：本合同担保的主合同为《借款合同》《借款展期合同》；主债权种类为项目融资；主债权本金为 599,551,718.25 元；主债权履行期限为 2020 年 2 月 27 日至 2025 年 8 月 20 日；主合同实际内容与上述约定不一致时，以借款凭证等债权凭证所记载的内容为准（第二条）；抵押人自愿以其所拥有的宗地 G05425-1029 合正新悦润园在建建筑物设定抵押，抵



押物的名称、数量、规格、价值等状况详见本合同附件
"抵押物清单"（第三条）。第 001-1 号《抵押合同》附件一
为《抵押物清单（不动产）》，列明合正新悦润园 1 栋一单元
401 等 302 套在建建筑物的"项目名称""房号""建筑面积
m²""房屋用途""房屋性质"等信息。

③2024 年 11 月 8 日，申请人（作为抵押权人）与第一
被申请人作为（抵押人）签订第 001-3 号《抵押合同》、第
001-4 号《抵押合同》和第 001-5 号《抵押合同》。

第 001-3 号《抵押合同》约定，抵押人自愿以其所拥有
的宗地 G05425-1030 合正新悦朗园在建建筑物设定抵押，抵
押物的名称、数量、规格、价值等状况详见本合同附件
"抵押物清单"（第三条）。第 001-3 号《抵押合同》附件一
为《抵押物清单（不动产）》，列明合正新悦朗园 1 栋一单元
602 等 69 套在建建筑物的"项目名称""房号""建筑面积
m²""房屋用途""房屋性质"等信息。

第 001-4 号《抵押合同》约定，抵押人自愿以其所拥有
的宗地 G05425-1029 合正新悦润园在建建筑物设定抵押，抵
押物的名称、数量、规格、价值等状况详见本合同附件
"抵押物清单"（第三条）。第 001-4 号《抵押合同》附件一
为《抵押物清单（不动产）》，列明合正新悦润园 1 栋三单元
01 在建建筑物的"项目名称""房号""建筑面积 m²""房屋
用途""房屋性质"等信息。

第 001-5 号《抵押合同》约定，抵押人自愿以其所拥有
的宗地 G05425-1031 合正新悦启园在建建筑物设定抵押，抵



押物的名称、数量、规格、价值等状况详见本合同附件"抵押物清单"（第三条）。第 001-5 号《抵押合同》附件一为《抵押物清单（不动产）》，列明合正新悦启园 1 栋 101 等 59 套在建建筑物的"项目名称""房号""建筑面积 m²""房屋用途""房屋性质"等信息。

第 001-3 号《抵押合同》、第 001-4 号《抵押合同》和第 001-5 号《抵押合同》共同约定：《抵押合同》担保的主合同为《借款合同》《借款展期合同》；主债权种类为项目融资借款；主债权本金为 599,551,718.25 元；主债权履行期限为 2020 年 2 月 27 日至 2025 年 8 月 20 日；主合同实际内容与上述约定不一致时，以借款凭证等债权凭证所记载的内容为准（第二条）。

④前述五份《抵押合同》（以下合称"案涉《抵押合同》"）共同约定：抵押人为抵押权人给予第一被申请人（作为债务人）的金融服务提供抵押担保（合同前言部分）；抵押物的效力及于抵押物的从物、从权利、代位权、附和物、混合物、加工物和孳息（包括抵押物分离的天然孳息和抵押人就抵押物可以收取的法定孳息）以及因抵押物毁损、灭失或被征收而产生的保险金、赔偿金、补偿金（第三条）；抵押担保范围为主合同项下的主债权本金、利息（含罚息、复利）、违约金、损害赔偿金、保管担保财产费、抵押权人实现债权的费用等；抵押权人实现债权的费用，是指抵押权人采取诉讼、仲裁、向公证机构申请出具执行证书等方式实现债权时支付的诉讼（仲裁）费、律师费、

63



差旅费、执行费、保全费及其他实现债权的费用（第四条第一款）；无论主合同项下是否还存在其他一项或多项担保（包括但不限于抵押、质押和保证担保），抵押人均以本合同约定的全部抵押物共同担保主合同的全部债权，……（第四条第二款）；抵押权与被担保债权同时存在，被担保债权消灭的，抵押权才消灭（第五条第一款）；债务人未按主合同的约定履行到期债务（包括抵押权人因债务人、抵押人违约而要求提前收回的债务），抵押人在此不可撤销地授权抵押权人无须经过诉讼或仲裁等法律程序有权直接处分抵押物（包括但不限于以抵押物折价或直接拍卖、变卖抵押物等方式），所得价款在优先支付抵押物处分费用和本合同项下抵押人应支付或偿付给抵押权人的费用后，用于清偿被担保债权（第九条第一款）；若主合同项下还存在其他担保，则抵押人对抵押权人承担的担保责任不受其他任何担保人所提供的担保的影响，也不因之而免除或减少，其担保责任的承担也不以抵押权人向其他任何担保人提出权利主张或进行诉讼/仲裁/强制执行为前提（第十条第十七款）；如债务人违反主合同的约定，均不影响抵押人的担保责任，抵押人不以此为由要求减轻或免除担保责任（第十条第二十六款）；当债务人未依约履行债务或未履行本合同各项约定时，无论抵押权人对主合同项下的债权是否拥有其他担保权利（包括债务人自己提供物的担保以及第三人提供物的担保或保证，具体担保方式包括但不限于保证、抵押、质押、保函、备用证及其他任何形式的担保方式），



抵押权人均有权先要求抵押人承担本合同项下全部抵押担保责任，而无须先行使其他担保权利；抵押人自愿放弃要求抵押权人先履行债务人提供物的担保的抗辩以及其他一切法律法规针对抵押权人的抗辩（第十一条第三款）；如主合同项下还存在其他担保（包括但不限于保证、抵押、质押、备用证及其他任何形式的担保），抵押人同意，抵押权人可以放弃部分担保物权或者担保物权的顺位（包括该担保物是由债务人提供的情况），也可以放弃/减免部分保证人的担保责任，抵押权人与任意担保人（包括该抵押/质押人等为债务人本人的情况）可以协议变更担保物权的顺位以及被担保的债权数额等内容，抵押权人即使作出上述行为，抵押人仍应当依据本合同承担全部抵押担保责任（第十一条第四款）；抵押人同意并确认：抵押权人与债务人协商修改、变更主合同，或主合同项下融资、担保及其他表内外各项金融业务展期，均视为已征得抵押人事先同意，无需通知抵押人，抵押人的抵押担保责任不因此而减免（第十二条）；本合同履行过程中发生与本合同有关的纠纷或争议，可以通过协商解决；协商不成，向仲裁院申请仲裁，并适用其在仲裁时有效的仲裁规则解决纠纷；该仲裁裁决是终局的，对各方均有约束力；仲裁庭的开庭地点选择在深圳市开庭（第十七条第二款）；本合同自立约各方签名或盖章或按指印之日起生效，有效期至全部被担保债权清偿完毕为止（第十九条第一款）；本合同附件是本合同不可分割的组成部分，与本合同正文具有同等法律效力（第十九条第



七款）。

⑤因合正新悦润园项目完成竣工验收办理首次登记手续，抵押物由在建建筑物变更为建筑物，申请人（作为抵押权人/甲方）与第一被申请人（作为抵押人/乙方）于 2024 年 12 月 5 日签订编号为兴银深华富补充字（2024）第 001-12 号的《补充协议》（下称"第 001-12 号《补充协议》"），对第 001-1 号《抵押合同》作出变更。与本案有关的主要内容如下：

一、《抵押合同》第三条"抵押物"变更为：

"抵押人自愿以其所拥有的宗地 G05425-1029 合正新悦润园建筑物设定抵押，抵押物的名称、数量、规格、价值等状况详见本合同附件"抵押物清单"。抵押权的效力及于抵押物的从物、从权利、代位权、附和物、混合物、加工物和孳息（包括抵押物分离的天然孳息和抵押人就抵押物可以收取的法定孳息）以及因抵押物毁损、灭失或被征收而产生的保险金、赔偿金、补偿金。"

二、《抵押合同》附件一"抵押物清单（不动产）"变更为本补充协议附件"抵押物清单（不动产）"。

三、双方同意，《抵押合同》中未作补充和变更的部分仍然有效，双方须按约履行。

四、本补充协议作为《抵押合同》不可分割的一部分，具有同等法律效力。本补充协议与《抵押合同》约定不一致的，以本补充协议约定的为准。

五、本补充协议自各方签字或盖章之日起生效。



六、本补充协议壹式肆份，具有同等法律效力、

第 001-12 号《补充协议》附件一为《抵押物清单（不动产）》，列明宗地 G05425-1029 合正新悦润园 1 栋一单元 401 等 302 套建筑物的"项目名称""原在建建筑物房号及建筑面积 m²""现建筑物房号及建筑面积 m²""房屋用途""房屋性质"等信息。

⑥因合正新悦润园项目完成竣工验收办理首次登记手续，抵押物由在建建筑物变更为建筑物，申请人（作为抵押权人/甲方）与第一被申请人（作为抵押人/乙方）于 2024 年 12 月 5 日签订编号为兴银深华富补充字（2024）第 001-14 号的《补充协议》（下称"第 001-14 号《补充协议》"），对第 001-4 号《抵押合同》作出变更。与本案有关的主要内容如下：

一、《抵押合同》第三条"抵押物"变更为：

"抵押人自愿以其所拥有的宗地 G05425-1029 合正新悦润园建筑物设定抵押，抵押物的名称、数量、规格、价值等状况详见本合同附件"抵押物清单"。抵押权的效力及于抵押物的从物、从权利、代位权、附和物、混合物、加工物和孳息（包括抵押物分离的天然孳息和抵押人就抵押物可以收取的法定孳息）以及因抵押物毁损、灭失或被征收而产生的保险金、赔偿金、补偿金。"

二、《抵押合同》附件一"抵押物清单（不动产）"变更为本补充协议附件"抵押物清单（不动产）"。

三、双方同意，《抵押合同》中未作补充和变更的部分仍然



有效，双方须按约履行。

四、本补充协议作为《抵押合同》不可分割的一部分，具有同等法律效力。本补充协议与《抵押合同》约定不一致的，以本补充协议约定的为准。

五、本补充协议自各方签字或盖章之日起生效。

六、本补充协议壹式肆份，具有同等法律效力、

第 001-14 号《补充协议》附件一为《抵押物清单（不动产）》，列明宗地 G05425-1029 合正新悦润园 1 栋三单元 01 建筑物的"原在建建筑物项目名称、房号、建筑面积 m²""现建筑物项目名称、房号及建筑面积 m²""房屋用途""房屋性质"等信息。

（2）关于抵押物的登记情况

①2022 年 3 月 31 日，第 034-2 号《抵押合同》项下第一被申请人拥有的国有建设用地使用权[不动产权证书号码分别为：粤（2022）深圳市不动产权第 0026375 号、粤（2022）深圳市不动产权第0029348号]（分别指 2 号地块、4 号地块土地使用权——仲裁庭注）办理了抵押登记。编号为粤（2022）深圳市不动产证明第 0102241 号和编号为粤（2022）深圳市不动产证明第0102243号的两份《不动产登记证明》均载明，证明权利或事项为抵押权；权利人为申请人；义务人为第一被申请人；坐落位置为深圳市龙岗区平湖街道；抵押的方式为一般抵押；担保债权的数额为900,000,000 元；担保范围：详见抵押合同。

申请人提交的两份《不动产登记信息查询结果告知单》

68



显示：宗地号 G05425-1030 的国有土地使用权位于深圳市龙岗区平湖街道，权利人为第一被申请人，共有情况为单独所有，权属证号为粤（2022）深圳市不动产权第 0026375 号（指 2 号地块土地使用权——仲裁庭注），抵押权为第一顺位；宗地号 G05425-1031 的国有土地使用权位于深圳市龙岗区平湖街道，权利人为第一被申请人，共有情况为单独所有，权属证号为粤（2022）深圳市不动产权第 0029348 号（指 4 号地块土地使用权——仲裁庭注），抵押权为第一顺位。

申请人与第一、第二、第三、第四、第五、第八、第九被申请人当庭均确认，上述抵押物的抵押权为第一顺位。

②2024 年 7 月 17 日，第 001-1 号《抵押合同》项下宗地 G05425-1029 合正新悦润园 1 栋一单元 401 等 302 套在建建筑物办理了抵押登记。申请人提交的 302 份《不动产登记证明》均载明，证明权利或事项为抵押权；权利人为申请人；义务人为第一被申请人；坐落位置为深圳市龙岗区平湖街道合正新悦润园 1 栋；抵押的方式为一般抵押；担保债权的数额为 599,551,718.25 元；担保范围：详见抵押合同。

由于上述 302 套在建建筑物已办理产权登记，在建建筑物变更为建筑物，其中 279 套建筑物已换发新的《不动产权登记证明》，其余 23 套建筑物因已经注销抵押登记而未换发新的《不动产权登记证明》。

根据申请人提交的 279 份《不动产登记证明》显示，合正新悦润园 1 栋一单元 401 等 279 套建筑物（见本裁决附件

69



一）于 2024 年 12 月 13 日换发新的《不动产登记证明》。该 279 份《不动产登记证明》不仅载明每套建筑物的坐落位置及其不动产权证书号码，还共同载明如下内容：证明权利或事项为抵押权；权利人为申请人；义务人为第一被申请人；抵押的方式为一般抵押；担保债权的数额为 599,551,718.25 元；担保范围：详见抵押合同；抵押权设立日期为 2024 年 7 月 17 日。

申请人提交的 279 份《不动产登记信息查询结果告知单》载明的每套建筑物坐落位置及其不动产权证书号码、抵押人、抵押权人、被担保主债权数额、抵押事项名称、担保范围、不动产证明号，均与上述《不动产登记证明》中记载的内容一致。此外，上述《不动产登记信息查询告知单》还载明每套建筑物的建筑面积，并显示每套建筑物的共有情况为单独所有，且抵押权均为第一顺位。

申请人与第一、第二、第三、第四、第五、第八、第九被申请人当庭均确认，上述抵押物的抵押权为第一顺位。

③2024 年 11 月 12 日，第 001-4 号《抵押合同》项下宗地 G05425-1029 合正新悦润园 1 栋三单元 01 在建建筑物办理了抵押登记。由于上述在建建筑物已办理产权登记，上述抵押物由在建建筑物变更为建筑物，该抵押建筑物已换发新的《不动产登记证明》。

申请人提交的、编号为粤（2024）深圳市不动产证明第 0403707 号的《不动产登记证明》显示，合正新悦润园 1 栋 01 建筑物（见本裁决附件一）于 2024 年 12 月 13 日换发



新的《不动产登记证明》。该《不动产登记证明》载明，证明权利或事项为抵押权；权利人为申请人；义务人为第一被申请人；坐落位置为深圳市龙岗区平湖街道平湖大街和红朱岭路交汇处东北侧合正新悦润园 1 栋 01；不动产产权证书号：粤（2024）深圳市不动产权第 0316087 号；抵押的方式为一般抵押；担保债权的数额为 599,551,718.25 元；担保范围：详见抵押合同；原抵押编号是 DY-06A24010151，抵押权设立日期为 2024-11-12。

申请人提交的《不动产登记信息查询（抵押）结果告知单》显示，上述抵押物的抵押权为第一顺位。申请人与第一、第二、第三、第四、第五、第八、第九被申请人当庭均确认，上述抵押物的抵押权为第一顺位。

④2024 年 11 月 12 日，第 001-3 号《抵押合同》项下宗地 G05425-1030 合正新悦朗园 1 栋一单元 602 等 69 套在建建筑物（见本裁决附件二）办理了抵押登记。申请人提交的 69 份《不动产登记证明》均载明，证明权利或事项为抵押权；权利人为申请人；义务人为第一被申请人；坐落位置为深圳市龙岗区平湖街道合正新悦朗园 1 栋；抵押的方式为一般抵押；担保债权的数额为 599,551,718.25 元；担保范围：详见抵押合同。

申请人提交的《不动产登记信息查询（抵押）结果告知单》显示，上述抵押物的抵押权为第一顺位。申请人与第一、第二、第三、第四、第五、第八、第九被申请人当庭均确认，上述抵押物的抵押权为第一顺位。



⑤2024 年 11 月 12 日，第 001-5 号《抵押合同》项下 G05425-1031 合正新悦启园 1 栋 101 等 59 套在建建筑物（见本裁决附件三）办理了抵押登记。申请人提交的 59 份《不动产登记证明》均载明，证明权利或事项为抵押权；权利人为申请人；义务人为第一被申请人；坐落位置为深圳市龙岗区平湖街道合正新悦启园 1 栋和 3 栋；抵押的方式为一般抵押；担保债权的数额为 599,551,718.25 元；担保范围：详见抵押合同。

申请人提交的《不动产登记信息查询（抵押）结果告知单》显示，上述抵押物的抵押权为第一顺位。申请人与第一、第二、第三、第四、第五、第八、第九被申请人当庭均确认，上述抵押物的抵押权为第一顺位。

（3）关于质押合同的签订、主要内容及登记情况

①2022 年 3 月 28 日，申请人（作为质权人）与第二被申请人（作为出质人）签订《股权质押合同》。与本案有关的主要条款如下：出质人为质权人给予第一被申请人（作为债务人）的金融服务提供股权质押担保（合同前言部分）；《股权质押合同》担保的主合同为《借款合同》；主债权种类为项目融资；主债权本金为 900,000,000 元；主债权履行期限为 2020 年 2 月 27 日至 2024 年 2 月 20 日；主合同实际内容与上述约定不一致时，以借款凭证等债权凭证所记载的内容为准（第二条）；出质人自愿提供其持有的第一被申请人 47.37%股权（下称"案涉质押股权"）设定质押，案涉质押股权的具体情况详见本合同附件"质押股权清单"；质

72



权的效力及于质押股权在质押期间内产生的孳息（包括但
不限于送股、配股、分红、转增股、派息及其他收益）（第
三条）；质押担保范围为主合同项下的主债权本金、利息
（含罚息、复利）、违约金、损害赔偿金、保管担保财产费、
质权人实现债权的费用等；质权人实现债权的费用，是指
质权人采取诉讼、仲裁、向公证机构申请出具执行证书等
方式实现债权时支付的诉讼（仲裁）费、律师费、差旅费、
执行费、保全费及其他实现债权的费用（第四条第一款）；
无论主合同项下是否还存在其他一项或多项担保（包括但
不限于抵押、质押和保证担保），出质人均以本合同约定的
全部质物共同担保被担保债权，……（第四条第二款）；质
权与被担保债权同时存在，被担保债权消灭的，质权才消
灭（第五条第一款）；债务人未按主合同的约定履行到期债
务（包括质权人因债务人、出质人违约而要求提前收回的
债务），质权人有权依法立即实现质权［第八条第一款第
（一）项］；如发生本条第一款所列情形，质权人有权按本
合同第十二条第三款的约定采取相应措施；出质人在此不
可撤销地授权质权人无须经过诉讼或仲裁等法律程序有权
以折价、拍卖、变卖等方式直接处分质押股权，并以处分
所得价款在优先支付质押股权处分费用和本合同项下出质
人应支付或偿付给质权人的费用后，用于清偿被担保债权
（第八条第二款）；若主合同项下还存在其他担保，则出质
人对质权人承担的担保责任不受其他任何担保人所提供的
担保的影响，也不因之而免除或减少，其担保责任的承担

73



也不以质权人向其他任何担保人提出权利主张或进行诉讼/仲裁/强制执行为前提（第九条第十四款）；如债务人违反主合同的约定，均不影响出质人的担保责任，出质人不以此为由要求减轻或免除担保责任（第九条第二十四款）；当主债务人未依约履行债务或未履行本合同各项约定时，无论质权人对主合同项下的债权是否拥有其他担保权利（包括债务人自己提供物的担保以及第三人提供物的担保或保证，具体担保方式包括但不限于保证、抵押、质押、保函、备用证及其他任何形式的担保方式），质权人均有权先要求出质人承担本合同项下全部抵押担保责任，而无须先行使其他担保权利；出质人自愿放弃要求质权人先履行债务人提供物的担保的抗辩以及其他一切法律法规针对质权人的抗辩（第十条第三款）；如主合同项下还存在其他担保（包括但不限于保证、抵押、质押、备用证及其他任何形式的担保），出质人同意，质权人可以放弃部分担保物权或者担保物权的顺位（包括该担保物是由债务人提供的情况），也可以放弃/减免部分保证人的担保责任，质权人与任意担保人（包括该抵押/质押人等为债务人本人的情况）可以协议变更担保物权的顺位以及被担保的债权数额等内容，质权人即使作出上述行为，出质人仍应当依据本合同承担全部质押担保责任（第十条第四款）；出质人同意并确认：质权人与债务人协商修改、变更主合同，或主合同项下融资、担保及其他表内外各项金融业务展期，均视为已征得出质人事先同意，无需通知出质人，出质人的质押担保责任不因



此而减免（第十一条）；凡因本合同发生的任何争议，出质人和质权人各方应通过友好协商解决；友好协商不成的，各方均同意向仲裁院申请仲裁，并适用其在仲裁时有效的仲裁规则解决纠纷；该仲裁裁决是终局的，对各方均有约束力；仲裁庭的开庭地点选择在深圳市开庭（第十六条第二款）；本合同自立约各方签名或盖章或按指印之日起生效，有效期至全部被担保债权清偿完毕为止（第十八条第一款）；本合同附件是本合同不可分割的组成部分，与本合同正文具有同等法律效力（第十八条第七款）。

《股权质押合同》附件为《质押股权清单》，其主要内容如下：目标公司名称为第一被申请人；出质人的出资额为 4,737,000 元；出质人质押股权比例为 47.37%。

②申请人提交的、盖有深圳市市场监督管理局股权出质登记专用章和注册业务专用章的《股权出质设立登记通知书》载明，根据《工商行政管理机关股权出质登记办法》相关规定，第一被申请人报来股权质押登记申请材料齐全符合法定形式，深圳市市场监督管理局已依法为第一被申请人办理出质设立登记手续，并将股权出质登记情况对外公示。该通知书"备注"列明"公示内容"及"公示地址"，其中"公示内容"为"股权质押：将深圳市合正管理投资有限公司持有的 47.37%股权质押给兴业银行股份有限公司深圳分行。"该通知书的落款日期为 2022 年 4 月 7 日。

第一、第二、第三、第四、第五、第八、第九被申请人当庭确认，第二被申请人未向深圳市市场监督管理局申



请撤销上述股权质押登记。

（4）　关于保证合同的签订及其主要内容

①2020 年 1 月 16 日，申请人（作为债权人）分别与第三、第四、第五、第六被申请人（作为保证人）签订第三被申请人《保证合同》、第四被申请人《保证合同》、第五被申请人《保证合同》、第六被申请人《保证合同》。

2020 年 1 月 20 日，申请人（作为债权人）与第七被申请人（作为保证人）签订第七被申请人《保证合同》。申请人落款处的签署日期为 2020 年 1 月 16 日，第七被申请人落款处的签署日期为 2020 年 1 月 20 日。

上述五份《保证合同》共同约定的主要条款如下：保证人为债权人给予第一被申请人（作为债务人）的金融服务提供担保（合同前言部分）；本合同担保的主合同为《借款合同》；主债权种类为项目融资；主债权本金为 900,000,000 元；主债权履行期限为 2020 年 2 月 27 日至 2024 年 2 月 20 日；主合同实际内容与上述约定不一致时，以借款凭证等债权凭证所记载的内容为准（第二条）；保证范围为主合同项下的主债权本金、利息（含罚息、复利）、违约金、损害赔偿金、债权人实现债权的费用等；债权人实现债权的费用，是指债权人采取诉讼、仲裁、向公证机构申请出具执行证书等方式实现债权时支付的诉讼（仲裁）费、律师费、差旅费、执行费、保全费及其他实现债权的费用（第三条第一款）；保证人在本合同项下承担连带保证责任；债务人无论何种原因未按主合同约定履行到期应付的债务

76



（包括但不限于债权人因债务人或担保人违约而要求提前收回的债务），保证人都应按照本合同约定代为履行清偿责任；本合同项下有多个保证人的，各保证人共同对债权人就被担保债权承担连带保证责任；主债务履行期间，债权人依照主合同约定，宣布主债务履行期提前届满的，保证人对提前到期的主债务及其他保证范围内的债务承担连带清偿责任（第四条）；保证期间为主债务履行期限届满之日起两年（第五条第一款）；债权人依照主合同或本合同的约定提前收贷、或发生法律、行政法规规定情况下主债务履行期提前届满时，保证期间自债权人确定的主合同债务提前届满之日起两年（第五条第四款）；债权人与债务人就主合同债务履行期限达成展期协议的，保证人继续承担保证责任，保证期间自展期协议约定的债务履行期限届满之日起两年（第五条第六款）；保证人在本保证合同项下的债务均为见索即付，即只要债权人向保证人提交列明保证合同编号与主债权金额的债务催收通知文书，保证人应当在收到之日立即履行清偿责任并放弃一切抗辩理由（第六条）；若主合同项下还存在其他担保，则保证人对债权人承担的连带保证责任不受其他任何担保人所提供的担保的影响，也不因之而免除或减少，其担保责任的承担也不以债权人向其他任何担保人提出权利主张或进行诉讼/仲裁/强制执行为前提（第七条第九款）；如主合同项下还存在其他担保（包括但不限于保证、抵押、质押、备用证及其他任何形式的担保），保证人同意，债权人可以放弃部分担保物权或



者担保物权的顺位（包括该担保物是由债务人提供的情况），债权人与任意抵押人/出质人（包括该抵押人/出质人等为债务人本人的情况）可以协议变更担保物权的顺位以及被担保的债权数额等内容，债权人即使作出上述行为，保证人仍应当依据本合同承担全部连带保证责任（第七条第十款）；当主债务人未依约履行债务时，无论债权人对主合同项下的债权是否拥有其他担保权利（但不限于保证、抵押、质押、保函、备用证及其他任何形式的担保方式），债权人均有权先要求保证人承担本合同项下全部连带保证责任，而无须先行使其他担保权利；保证人自愿放弃要求债权人先履行债务人提供物的担保的抗辩以及其他一切担保法以及物权法上针对债权人的抗辩（第八条第三款）；保证人同意并确认：债权人与债务人协商修改、变更主合同，或主合同项下融资、担保及其他表内外金融业务展期，均视为已征得保证人事先同意，无需通知保证人，保证人的保证责任不因此而减免（第九条）；如债务人违反主合同的约定，均不影响保证人的保证责任，保证人不以此为由要求减轻或免除保证责任（第十一条第三款）；凡因本合同发生的任何争议，保证人和债权人各方应通过友好协商解决；友好协商不成的，各方均同意向仲裁院申请仲裁，并适用仲裁院在仲裁时有效的仲裁规则解决纠纷，该仲裁裁决是终局的，对双方均有约束力；仲裁庭的开庭地点选择在深圳市开庭（第十六条第二款）；本合同自立约各方签名或盖章之日起生效，有效期至全部被担保债权清偿完毕为止（第十

78



七条第一款）。

②2024 年 3 月 17 日，申请人（作为贷款人）与第一被申请人（作为借款人/出质人 1/抵押人）、第二被申请人（作为出质人 2）、第三被申请人（作为保证人 1）、第四被申请人（作为保证人 5）、第五被申请人（作为保证人 4）、第六被申请人（作为保证人 2）、第七被申请人（作为保证人 3）签订编号为兴银深华富补充字（2024）第 001 号的《补充协议》（下称"第 001 号《补充协议》"），对《借款展期合同》第四条"担保条款"第七款及第八款作出变更。与本案有关的主要条款如下：在保证担保方式下，第四、第五被申请人承诺继续为该笔展期借款提供连带责任保证；原与贷款人分别签订的第四被申请人《保证合同》、第五被申请人《保证合同》继续有效，保证期间自本合同项下借款展期期限届满之日起三年（第一条）；第一、第二、第三、第四、第五、第六、第七被申请人同意在上述条件下继续就第一被申请人按《借款展期合同》及本协议项下履行的全部债务向申请人承担担保责任（第二条）；本补充协议作为《借款展期合同》不可分割的一部分，具有同等法律效力（第三条）；本补充协议自各方签字或盖章之日起生效（第四条）。

③2024 年 12 月 13 日，申请人（作为债权人）分别与第八、第九被申请人签订第八被申请人《保证合同》、第九被申请人《保证合同》。

上述两份《保证合同》共同约定：保证人为债权人给



予第一被申请人（作为债务人）的金融服务提供担保（合同前言部分）；本合同担保的主合同为《借款合同》《借款展期合同》；主债权种类为项目融资借款；主债权本金为599,551,718.25元；主债权履行期限为2020年2月27日至2025年8月20日；主合同实际内容与上述约定不一致时，以借款凭证等债权凭证所记载的内容为准（第二条）；保证人在本合同项下承担连带保证责任，即保证人和债务人对债务承担连带责任；债务人无论何种原因未按主合同约定履行到期应付的债务（包括但不限于债权人因债务人或担保人违约而要求提前收回的债务）或发生了本合同约定的情形，保证人都应按照本合同约定代为履行清偿责任；主债务履行期间，债权人依照主合同约定，宣布主债务履行期提前届满的，保证人对提前到期的主债务及其他保证范围内的债务承担连带清偿责任（第四条）；保证期间为主债务履行期限届满之日起三年（第五条第一款）；债权人依照主合同或本合同的约定提前收贷、或发生法律、行政法规规定情况下主债务履行期提前届满时，保证期间自债权人确定的主合同债务提前届满之日起三年（第五条第四款）；债权人与债务人就主合同债务履行期限达成展期协议的，保证人在此不可撤销地认可和同意，保证人继续承担保证责任，保证期间自展期协议约定的债务履行期限届满之日起三年（第五条第六款）；保证人在本保证合同项下承担连带保证责任，只要债权人向保证人提交列明保证合同编号与主债权金额的债务催收通知文书，保证人应当在收到之

80



日立即履行清偿责任并放弃一切抗辩理由（第六条第一款）；如债务人违反主合同的约定（包括但不限于债务人未按主合同约定的借款用途使用借款），均不影响保证人的连带保证责任，保证人不以此为由要求减轻或免除连带保证责任（第六条第4款）。

上述两份《保证合同》的其他主要条款与第三至第七被申请人《保证合同》的前述条款一致。

④2024年12月13日，申请人（作为贷款人）与第一被申请人（作为借款人）签订编号为兴银深华富补充字（2024）第001-16号的《补充协议》（下称"第001-16号《补充协议》"），对《借款展期合同》达成补充协议。与本案有关的主要条款如下：追加第九被申请人《保证合同》为《借款合同》《借款展期合同》的担保合同，担保方式为保证，担保人为第九被申请人（第一条）；追加第八被申请人《保证合同》为《借款合同》《借款展期合同》的担保合同，担保方式为保证，担保人为第八被申请人（第二条）；各方同意《借款合同》《借款展期合同》中未作补充和变更的部分仍然有效，各方须按约履行（第三条）；本协议为《借款合同》《借款展期合同》不可分割的组成部分，具有同等法律效力；本协议与《借款合同》《借款展期合同》约定不一致的，以本补充协议约定的为准（第四条）；本协议一式肆份，自各方签字或盖章之日起生效（第五条）。

3. 关于相关被申请人公司机关决议情况

（1）　关于第一被申请人

81



①国家企业信用信息公示系统企业信用信息公示报告显示，2022 年 4 月 6 日，第一被申请人的股东由第二被申请人（出资比例90%）和案外人深圳市建信投资发展有限公司（出资比例10%）变更为第二被申请人（出资比例100%）；市场主体类型由有限责任公司变更为有限责任公司（法人独资）。

②2020 年 1 月 16 日，第一被申请人作出《股东会决议》，全体股东作出如下决定：同意向申请人申请不超过900,000,000 元的项目贷款，融资期限以实际签署合同约定为准，担保方式为保证/抵押/质押，具体担保内容：由第三、第四、第五、第六、第七被申请人提供保证担保；以第二被申请人持有的第一被申请人90%股权、案外人深圳市建信投资发展有限公司持有的第一被申请人10%股权提供质押担保；以保证金提供质押担保。

③2024 年 2 月 19 日，第一被申请人作出《股东决定》，唯一股东作出如下决定：同意向申请人申请不超过599,551,718.25 元的贷款（原融资合同编号及名称为兴银深布吉项借字（2019）第 034 号《项目融资借款合同》）展期，展期期限以实际签署合同约定为准，担保方式为保证＋抵押＋质押，具体担保内容：由第三、第四、第五、第六、第七被申请人提供连带责任保证担保；以本公司名下国有建设用地使用权[不动产权证编号：粤（2022）深圳市不动产权第 0026375 号、粤（2022）深圳市不动产权第 0026369 号]提供抵押担保；以第二被申请人持有的第一被申请人



47.37%股权提供质押担保；以本公司名下保证金提供质押担保。

④2024年6月26日，第一被申请人作出《股东决定》，唯一股东作出如下决定：同意为第一被申请人向申请人申请的不超过 599,551,718.25 元的贷款展期业务[融资合同编号及名称为兴银深布吉项借字（2019）第034号《项目融资借款合同》及兴银深华富展字（2024）第001号《借款展期合同》]提供抵押担保，担保期限以实际签署合同约定为准；抵押物详情如下：以第一被申请人公司名下宗地 G05425-1029号合正新悦润园302套在建建筑物（详见后附抵押物清单）提供抵押担保。该《股东决定》附件为《宗地 G05425-1029号在建建筑物抵押物清单》，列明第一被申请人坐落于深圳市龙岗区平湖街道的合正新悦润园 1栋一单元 401等302套在建建筑物的"项目名称""房号""建筑面积 $m^2$""用途""房屋性质"等信息。

⑤2024年11月8日，第一被申请人作出《股东决定》，唯一股东作出如下决定：同意为第一被申请人向申请人申请的不超过 599,551,718.25 元的贷款展期业务[融资合同编号及名称为兴银深布吉项借字（2019）第034号《项目融资借款合同》及兴银深华富展字（2024）第001号《借款展期合同》]提供抵押担保，担保期限以实际签署合同约定为准；抵押物详情如下：以第一被申请人公司名下宗地 G05425-1030号合正新悦朗园 69套在建建筑物、G05425-1029号合正新悦润园 1套在建建筑物、G05425-1031号合正新悦启园

83

