Yan Ge (State Bar #236566)
 geyan@cn.kwm.com
Yiren Yu (State Bar #341245)
 yiren.yu@us.kwm.com
KING & WOOD MALLESONS LLP
2500 Sand Hill Road, Suite 111
Menlo Park, CA 94025
Telephone: +1 650 858 1285
Facsimile: +1 650 858 1226

*Attorneys For Petitioner*
*Industrial Bank Co., Ltd. Shenzhen Branch*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDUSTRIAL BANK CO., LTD. SHENZHEN BRANCH,<br><br>        Petitioner,<br><br>    v.<br><br>FUER YUAN,<br><br>        Respondent. | Case No.<br><br>**DECLARATION OF XI HUANG IN SUPPORT OF PETITION AND MOTION FOR**<br><br>**(1) CONFIRMATION OF FOREIGN ARBITRAL AWARDS;**<br><br>**(2) ENTRY OF JUDGMENT;**<br><br>**(3) INJUNCTIVE RELIEF; AND**<br><br>**(4) ATTORNEY'S FEES INCURRED IN CONFIRMING THE AWARDS** |

DECLARATION OF XI HUANG ISO PETITION TO CONFIRM ARBITRAL AWARDS

I, Xi Huang, hereby declare and state as follows:

1. I am an Associate in King & Wood Mallesons' ("KWM") Shenzhen Office and an attorney of good standing in the People's Republic of China. KWM was counsel to Petitioner Industrial Bank Co., Ltd. Shenzhen Branch ("Petitioner" or "CIB") during the underlying arbitrations in the Shenzhen Court of International Arbitration (the "SCIA"), discussed in the Petition filed concurrently herewith and below. I am fully familiar with the facts of this case and can attest to the authenticity of the Exhibits referenced herein.

2. I offer the evidence set out herein based on my personal knowledge.

3. I submit this declaration in support of Petitioner's Petition and Motion for (1) Confirmation of Foreign Arbitral Awards, (2) Entry of Judgment, (3) Injunctive Relief, and (4) Attorney's Fees Incurred in Confirming the Awards against Fuer Yuan ("Respondent" or "Yuan").

4. Attached hereto as Exhibit A is a true and correct copy of the first foreign arbitral award (the "First Award") in Case No. (2025) 42, issued by the SCIA arbitration tribunal on September 29, 2025, along with a certified English translation of the First Award.

5. Attached hereto as Exhibit B is a true and correct copy of the second foreign arbitral award (the "Second Award," and together with the First Award, the "Awards") in Case No. (2025) 41, issued by the SCIA arbitration tribunal on September 30, 2025, along with a certified English translation of the Second Award.

6. Attached hereto as Exhibit C is a true and correct copy of the Guarantee Agreement entered into between Yuan and CIB on January 16, 2020 (the "Yuan First Loan Guarantee"), along with a certified English translation of the Yuan First Loan Guarantee.

7. Attached hereto as Exhibit D is a true and correct copy of the Guarantee Agreement entered into between Yuan and CIB on March 28, 2022[1] (the "Yuan Second Loan Guarantee"), along with a certified English translation of the Yuan Second Loan Guarantee.

8. Attached hereto as Exhibit E is a true and correct copy of the first Project Financing Loan Agreement entered into by Shenzhen Hazens Xinnan Investment Co., Ltd ("Hazens Xinnan")

---

[1] Yuan signed the Yuan Second Loan Guarantee on February 23, 2022, while CIB's representative signed on March 28, 2022.

1  and CIB (the "First Loan Agreement") for demolition financing for the urban renewal unit project
2  for the Xinnan Elementary School Area, Pinghu Street, Longgang District, Shenzhen City (the
3  "Project"), along with a certified English translation of the First Loan Agreement.

4  9. Attached hereto as Exhibit F is a true and correct copy of the second Project
5  Financing Loan Agreement entered into by Hazens Xinnan and CIB (the "Second Loan
6  Agreement") for secondary development financing regarding the Project, along with a certified
7  English translation of the Second Loan Agreement.

8  10. In connection with the Awards, the arbitral tribunal served and provided notice to
9  Yuan with all required arbitration documents to ensure he received actual and proper notice of the
10 proceedings. Yuan was served with all arbitration documents including the Arbitration Notice,
11 Arbitration Rules, Request for Arbitration, evidentiary materials, tribunal formation notices,
12 arbitrators' Declarations, all other parties' submissions and evidence, procedural orders, Hearing
13 Notices, and the Arbitral Awards. The service of these comprehensive arbitration materials ensured
14 that Yuan received complete and proper notice regarding all facets of the arbitration, including
15 without limitation the nature of the claims brought against him, the evidence presented in support
16 thereof, the hearing schedule and procedural matters, and the resulting arbitral award.

17  11. Service was effectuated on more than 30 separate occasions for each of the two
18 arbitrations, totaling more than 60 service occasions across both proceedings, through multiple
19 methods and to multiple addresses associated with Yuan to ensure comprehensive notice.

20  12. Service was effectuated by SMS text message to the mobile phone number
21 15013669775, which is identified as Yuan's contact telephone number in Article 15.1(3) of the First
22 Loan Guarantee Agreement and Article 14.1(3) of the Second Loan Guarantee Agreement. *See*
23 Exhibits C, at p. 13, Article 15.1(3), Exhibit D, at p. 14, Article 14.1(3).

24  13. Service was also effectuated by mail to the following five addresses:
25   a. 5th Floor, Building C, Hazens Mingyuan, No. 16 Xinwen Road, Futian District,
26    Shenzhen, China, which is identified as Yuan's residence address on page 1 of
27    both the First Loan Guarantee Agreement and the Second Loan Guarantee
28    Agreement. *See* Exhibit C, at p. 1, Exhibit D, at p. 1.

DECLARATION OF XI HUANG ISO PETITION TO CONFIRM ARBITRAL AWARDS

      b.   5th Floor, Phase 2, Hazens Mingyuan, at the intersection of Xinwen Road and Jingtian Road, Futian District, Shenzhen, China, which is identified in Article 15.1(2) of the First Loan Guarantee Agreement and Article 14.1(2) of the Second Loan Guarantee Agreement as the address for receipt by Yuan's designated representative. *See* Exhibits C, at p. 13, Article 15.1(2), Exhibit D, at p. 14, Article 14.1(2).

      c.   Room 801, Building 1, Hazens Land Building, No. 3022 Qiaoxiang Road, Xiang'an Community, Xiangmihu Street, Futian District, Shenzhen, China, which is identified as Yuan's address the Loan Extension Agreement entered into among, *inter alia*, CIB, Hazens Xinnan, and Yuan.

      d.   Room 203, Building 18, Ningshui Garden, Yanhe North Road, Luohu District, Shenzhen, China, which is the residential address listed on Yuan's identification card.

14. To date, neither Yuan nor any other Respondents have made any payment toward the principal, interest, default interest, compound interest, attorney's fees, or arbitration costs awarded under either the First Award or the Second Award. In November 2025, CIB filed an application for compulsory enforcement of the Awards with Guangdong Province Shenzhen Intermediate People's Court. After determining that no executable property suitable for disposal was discovered, the Court closed the enforcement proceeding, but ruled that CIB retains the right to demand the respondents, including Fuer Yuan, to continue fulfilling the debt obligations, and the respondents remain obligated to continue fulfilling the debt obligations to CIB. The enforcement proceedings in China may be reopened once CIB finds enforceable assets in China and resubmit the enforcement application. After the court closed this enforcement proceeding, we were recently informed that the judicial assistant of the Court located and seized some Chinese Yuan Renminbi ("CNY") from the personal accounts of Fuer Yuan and Weiqing Rao through the Court's property investigation system. I confirmed with the court that the specific amount of CNY seized was: CNY 5,081,346.54.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: February 6, 2026

Respectfully submitted,

By: _____ Huang, Xi.
Xi Huang

DECLARATION OF XI HUANG ISO PETITION TO CONFIRM ARBITRAL AWARDS