# EXHIBIT E

**This page is part of your document - DO NOT DISCARD**

# 20131647681

**Pages: 0038**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**11/20/13 AT 08:00AM**

| | |
|---|---|
| FEES: | 184.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 184.00 |

LEADSHEET

201311200140004

**00008571099**

005900482

**SEQ:
18**

DAR - Title Company (Hard Copy)

**THIS FORM IS NOT TO BE DUPLICATED**

E534013

T72

2

CHICAGO TITLE COMPANY

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:

Squire Sanders (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071-2300
Attn: P. Fields

11/20/2013
*20131647681*

(Space Above This Line For Recorders Use Only)

37

**DEED OF TRUST,**
**SECURITY AGREEMENT AND FIXTURE FILING**
**WITH ASSIGNMENT OF RENTS AND LEASES**

THIS DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING WITH ASSIGNMENT OF RENTS AND LEASES (this "Deed of Trust") is made as of October 31, 2013, by and among HAZENS INVESTMENT, LLC, a California limited liability company, ("Trustor"), Chicago Title Insurance Company ("Trustee"), and WING LUNG BANK, LTD., a Hong Kong bank acting through its Los Angeles Branch ("Beneficiary"), and shall not become effective or be recorded until such date as Trustor acquires the Real Property described herein.

As is more specifically set forth below, this Deed of Trust is given to secure performance of obligations of Trustor to Beneficiary pursuant to the provisions of that certain Loan Agreement (as hereinafter defined) and certain other agreements executed in connection therewith, all dated as of the date hereof, by and between Trustor and Beneficiary concerning a loan in the initial principal amount of up to Fifty-Five Million United States Dollars (US$55,000,000) from Beneficiary to Trustor.

The addresses of Trustor and Beneficiary are set forth in Section 4.1 of this Deed of Trust. The legal description of the real property which secures the performance of the obligations of Trustor to Beneficiary is attached hereto as <u>Exhibit A</u>, which property is located in Los Angeles County, California, and has an address of 6101 West Century Boulevard, Los Angeles California 90045.

FOR GOOD AND VALUABLE CONSIDERATION, the receipt of which is hereby acknowledged, Trustor hereby irrevocably grants and conveys to Trustee, IN TRUST, WITH POWER OF SALE AND RIGHT OF ENTRY AND POSSESSION, under and subject to the terms and conditions hereinafter set forth, for the benefit and security of Beneficiary, all right, title and interest of Trustor in and to the real property described in <u>Exhibit A</u> attached hereto (the "Real Property");

TOGETHER WITH all rents, earnings, income, deposits, security deposits, receipts, royalties, revenues, issues and profits of the Real Property, and all rights of

4124-030-036



368991/4
054754 00024



00014532-X49 18C

Trustor under all present and future leases affecting the Real Property, subject however to the right, power and authority hereinafter given to Trustor to collect and apply such proceeds set forth herein;

TOGETHER WITH all easements, rights-of-way and other rights used in connection therewith or as a means of access thereto and all tenements, hereditaments and appurtenances thereof, including, but not limited to, any claim at law or in equity, and any after acquired title and reversion in or to each and every part of all streets, roads, highways, and alleys adjacent to and adjoining the same;

TOGETHER WITH any and all buildings and other improvements now or hereafter erected or placed thereon, all water and water rights, pumps and pumping stations used in connection therewith and all shares of stock evidencing the same, all fixtures, attachments, appliances, equipment, machinery and other articles of property, whether real or personal, now or hereafter attached or affixed to, placed upon or used in connection therewith (the "Improvements");

TOGETHER WITH any and all compensation, awards, payments or rights thereto by reason of any insurance or by reason of any public improvement or condemnation proceeding, or by a sale or transfer in lieu of condemnation, or any other taking of all or any portion of the Trust Estate (as hereinafter defined);

TOGETHER WITH all deposits made with or other security given to utility companies by Trustor with respect to the Real Property and/or the Improvements, and all advance payments of insurance premiums made by Trustor with respect thereto and claims or demands relating to insurance; and

TOGETHER WITH all the estate, interest, other claim or demand, both in law and in equity, including claims or demands with respect to the proceeds of insurance in effect with respect thereto, which Trustor now has or hereafter acquires in all or any portion of the property hereby conveyed to the Trustee;

The Real Property, the Improvements and all other rights, interests and things conveyed to the Trustee by this Deed of Trust are herewith referred to as the "Trust Estate";

FURTHERMORE, TRUSTOR HEREBY GRANTS a security interest to Beneficiary in all of Trustor's right, title and interest in, the following-described property, whether now owned or hereafter acquired by Trustor, and any and all proceeds thereof (all of such sometimes being collectively referred to herein as the "Collateral"):

(a) All existing and future goods and tangible personal property located on the Trust Estate or wherever located and used or useable in connection with the use, operation or occupancy of the Trust Estate or in construction of the Improvements, including, but not limited to, all appliances, furniture and furnishings, fittings, materials, supplies, equipment and fixtures, and all building materials, supplies, and equipment now or hereafter delivered

4

to the Trust Estate and installed or used or intended to be installed or used therein; and all renewals or replacements thereof or articles in substitution thereof;

(b) All general intangibles relating to the design, development, operation, management and use of the Trust Estate and construction of the Improvements, including, but not limited to, (i) all permits, licenses, authorizations, variances, land use entitlements, approvals and consents issued or obtained in connection with the construction of the Improvements, to the extent assignable by Trustor, (ii) all permits, licenses, approvals, consents, authorizations, franchises and agreements issued or obtained in connection with the use, occupancy or operation of the Real Property, to the extent assignable by Trustor, (iii) all materials prepared for filing or filed with any governmental agency, and (iv) all of Trustor's rights under any contract in connection with the development, design, use, operation, management and construction of the Trust Estate, to the extent assignable by Trustor;

(c) All accounts, contract rights, chattel paper, instruments, general intangibles and other obligations of any kind, whether long-term or short-term, now or hereafter existing, arising out of or in connection with Trustor's sale or lease of goods or Trustor's rendering of services at the Real Property, together with all monies, securities and other property and the proceeds thereof,

(d) All construction, service, engineering, consulting, leasing, architectural and other similar contracts of any nature (including without limitation those of any general contractors and subcontractors), as such may be modified, amended or supplemented from time to time, concerning the design, construction, management, operation, occupancy, use, and/or disposition of any portion of or all of the Trust Estate;

(e) All architectural drawings, plans, specifications, soil tests, feasibility studies, appraisals, engineering reports and similar materials relating to any portion of or all of the Trust Estate;

(f) All payment and performance bonds or guarantees and any and all modifications and extensions thereof relating to the Trust Estate;

(g) All reserves, deferred payments, deposits, refunds, cost savings and payments of any kind relating to the construction, design, development, operation, occupancy, use and disposition of any portion of or all of the Trust Estate;

(h) All proceeds of any commitment by any lender to extend permanent or additional financing to Trustor relating to the Trust Estate;



368991/4
054754 00024

5

(i) All books, records, ledger cards, computer programs held by or for benefit of Trustor relating to the Real Property;

(j) All proceeds and claims arising on account of any damage to or taking of the Trust Estate or any part thereof, and all causes of action and recoveries for any loss or diminution in the value of the Trust Estate;

(k) All policies of, and proceeds resulting from, insurance relating to the Trust Estate or any of the above collateral, and any and all riders, amendments, extensions, renewals, supplements or extensions thereof, and all proceeds thereof;

(l) All shares of stock or other evidence of ownership of any part of the Trust Estate that is owned by Trustor in common with others, including all water stock relating to the Trust Estate, if any, and all documents or rights of membership in any owners' or members' association or similar group having responsibility for managing or operating any part of the Trust Estate;

(m) All proceeds, whether cash, promissory notes, contract rights, or otherwise, from the sale or other disposition of all or any part of the estate of Trustor upon the Trust Estate now or hereafter existing thereon;

(n) All sales contracts, escrow agreements and broker's agreements concerning the sale of any or all of the Trust Estate; and

TRUSTOR HEREBY FURTHER ASSIGNS AND TRANSFERS to Beneficiary, as additional security, all of Trustor's right, title and interest in damages, royalties and revenue of every kind, nature and description whatsoever that Trustor may be entitled to receive from any person or entity owning or having or hereafter acquiring a right to the oil, gas or mineral rights and reservations of the Trust Estate, with the right in Beneficiary to receive and receipt therefor, and apply the same to the indebtedness secured hereby either before or after any default hereunder, and Beneficiary may demand, sue for and recover any such payments but shall not be required to do so;

FOR THE PURPOSE OF SECURING:

A. Performance of all obligations of Trustor under that certain Term Loan Agreement dated as of the date hereof, by and between Trustor and Beneficiary (as amended or supplemented from time to time, the "Loan Agreement"), and under the other Loan Documents (as defined in the Loan Agreement), <u>except for the Environmental Indemnity</u>;

B. Payment of indebtedness in the total principal amount of up to Fifty-Five Million United States Dollars (US$55,000,000), or so much as may have been disbursed, which includes future amounts, with interest thereon, and performance of all obligations of Trustor under that certain Promissory Note Secured by Deed of Trust

6

dated as of the date hereof, made by Trustor payable to the order of Beneficiary, and any and all modifications, extensions, restatements and renewals thereof (the "Note");

C. The payment of all sums paid or expended by Beneficiary in accordance with the terms of this Deed of Trust to protect the Trust Estate, which will be considered to be an indebtedness of Trustor to Beneficiary hereunder, payable to Beneficiary within thirty (30) days of Beneficiary's demand, with interest thereon from the date such sums are paid or expended by Beneficiary until paid at the rate and in accordance with the other terms set forth in the Note;

D. The performance of all obligations of Trustor set forth herein; and

E. The payment of any sums and interest thereon which may hereafter be lent to Trustor, its partners, if any, successors or assigns, by Beneficiary, which are evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To the extent any portion of the Trust Estate consists of personal property, this Deed of Trust constitutes a security agreement and fixture filing, and conveys to and creates in Beneficiary a security interest in such property in accordance with the California Uniform Commercial Code as from time to time in effect ("UCC"). In that regard the name and address of debtor and of secured party are provided in Section 4.1 of this Deed of Trust. Trustor agrees to execute and deliver on demand such security agreements, financing statements and other instruments as Beneficiary may request in order to establish, maintain and perfect the security interest of Beneficiary in such property. Trustor warrants and agrees that, to Trustor's Actual Knowledge, there is no financing statement covering the foregoing Collateral, the Trust Estate, or any part thereof, on file in any public office. As used herein "Trustor's Actual Knowledge" means the actual conscious (and not constructive) knowledge, with reasonable inquiry, of the individual who is the then incumbent general manager (regardless of whether such person literally holds such title) of the Trust Estate on behalf of Trustor.

## ARTICLE 1
## COVENANTS AND AGREEMENTS OF TRUSTOR

To protect the security of this Deed of Trust, Trustor hereby covenants and agrees as follows:

1.1 Performance of Secured Obligations. Trustor shall pay or otherwise perform all obligations secured hereby in accordance with their terms. Trustor acknowledges that the Note provides for a variable interest rate.

1.2 Maintenance, Repair, Alterations. Trustor shall keep the Trust Estate in good condition and repair, ordinary wear and tear excepted, and generally to maintain and keep the Trust Estate in the condition and repair required under Borrower's franchise agreement regarding the "Sheraton" franchise.

1.3 Income and Expense Records. Trustor shall maintain or cause to be maintained, in the county in which the Trust Estate is located, proper and accurate in all material respects, books, records and accounts reflecting all items of income and expense in connection with the operation of the Trust Estate or in connection with any services, equipment or furnishings provided in connection with the operation of the Trust Estate, whether such income or expense be realized by Trustor or by any other person or entity whatsoever excepting persons unrelated to and unaffiliated with Trustor and who leased from Trustor portions of the Trust Estate for the purposes of occupying the same. Upon the written request of Beneficiary, Trustor shall prepare and deliver to Beneficiary such financial statements regarding operation of the Trust Estate as Beneficiary may reasonably request and that Trustor is reasonably capable of providing. Beneficiary, or its designee, shall have the right from time to time during normal business hours and upon reasonable prior written notice (five days is conclusively deemed reasonable) to examine such books, records and accounts and to make copies or extracts therefrom.

1.4 Required Insurance. Trustor shall, at all times, provide, maintain and keep in force all of the following:

(a) A policy or policies of, boiler and machinery insurance (including equipment breakdown), and general property insurance insuring the Trust Estate against loss or damage by fire and lightning and against loss or damage by other risks embraced by coverage of the type now known as the special form of coverage, including but not limited to riot and civil commotion, vandalism and malicious mischief, and against such other risks or hazards as Beneficiary may from time to time reasonably designate (other than terrorism or earthquake insurance), each in an amount sufficient to prevent Beneficiary or Trustor from becoming a co-insurer under the terms of the applicable policies, but each in any event in an amount not less than the lower of Fifty-Five Million United States Dollars (US$55,000,000) or 100% of the then full replacement cost of the Improvements (exclusive of the cost of excavations, foundations and footings below the lowest basement floor) without deduction for physical depreciation and each such policy shall contain a Replacement Cost Endorsement, if available. Beneficiary shall be named as Loss Payee under such policy or policies.

(b) A policy or policies of comprehensive general liability insurance with respect to the Trust Estate insuring Trustor and Beneficiary, as their interests may appear, against loss for any occurrence resulting in (i) bodily injury to or the death of one person and consequential damages arising therefrom in the amount of at least $1,000,000, (ii) bodily injury to or the death of more than one person and consequential damages arising therefrom in the amount of at least $5,000,000 (which may include a $3,000,000 umbrella or excess policy), and (iii) property damage involving injury or destruction of the tangible property of third parties in the amount of at least $1,000,000. Beneficiary shall be made an additional insured under such policy or policies.

(c) If requested by Beneficiary, flood insurance upon the Real Property in the event that the Real Property is in a designated flood hazard zone and such

insurance is available pursuant to the provisions of the Flood Disaster Protection Act of 1973 or other applicable legislation. Beneficiary shall reserve the right to require that Trustor secure flood insurance in excess of the amount provided by the Flood Disaster Protection Act of 1973, if such insurance is commercially available, up to the amount provided in paragraph (a) of Section 1.4 of this Deed of Trust.

(d) Such other insurance (including, but not limited to, business interruption insurance, and/or mortgage insurance), and in such amounts, as may from time to time be reasonably required by Beneficiary.

All policies required by this Section shall (i) be issued by companies duly qualified to do such business in the State of California and approved by Beneficiary, (ii) shall be subject to the approval of Beneficiary as to the insuring companies, amount, content and forms of policies and expiration dates, (iii) contain a Non-Contributory Standard Mortgagee Clause and the Lender's Loss Payable Endorsement (Form 438 BFU NS), or their equivalents, in favor of Beneficiary, and (iv) provide that the proceeds thereof shall be payable to Beneficiary (to the extent of its interest). Notwithstanding any provision of this Deed of Trust to the contrary, if Trustor fails to keep required insurance in effect, Beneficiary may make any payment or do any act reasonably necessary to continue or revive the required insurance coverage, regardless of whether an Event of Default is then existing.

1.5 <u>Delivery of Policies, Payment of Premiums</u>. Trustor shall furnish to Beneficiary the original or a certificate of each policy required under Section 1.4 (certificates in the forms of ACORD Form 25 for liability insurance and ACORD Form 28 for casualty insurance) and, at least thirty (30) days prior to expiration of any such policy, proof of issuance of a policy continuing in force the coverage provided by the expiring policy. In the event Trustor shall fail to maintain the insurance coverage required by this Deed of Trust, Beneficiary may (but shall be under no obligation to) take out the required policies of insurance and pay the premiums on the same or may make such repairs or replacements as are necessary and provide for payment thereof; and all amounts so advanced therefor by Beneficiary shall become an additional obligation of Trustor to Beneficiary, which amounts Trustor agrees to pay within thirty days of Beneficiary's demand, together with interest thereon at the rate of interest applicable under the Note, plus five percent (5%).

1.6 <u>Insurance Proceeds</u>. After the happening of any casualty insured against, Trustor shall give prompt written notice thereof to Beneficiary. Trustor hereby assigns to Beneficiary, as security for its obligations hereunder, all insurance proceeds which it may be entitled to receive, and such proceeds shall be delivered to and held by Beneficiary to be applied, at the option of Beneficiary and without regard to the adequacy of its security, to (a) the reduction of the unpaid principal of the indebtedness secured by this Deed of Trust or, (b) so long as (i) Trustor is not in default hereunder, (ii) Beneficiary's security is not materially impaired and (iii) Beneficiary has approved the source available for funds in addition to the insurance proceeds necessary to complete such restoration, to the restoration of any portion of the Trust Estate that has been damaged or destroyed to the same condition, character and value as existed prior to

9

such damage or destruction; provided, however, that proceeds disbursed for restoration will be released to Trustor under the procedures set forth in the Loan Agreement, if any. In the event that in Beneficiary's sole judgment the insurance proceeds are not sufficient to accomplish such restoration, Beneficiary shall have the option, unless Trustor deposits with it the additional amounts necessary to accomplish such restoration, to apply the insurance proceeds upon any indebtedness secured hereby in such order as Beneficiary may determine or release such proceeds to Trustor without such release being deemed a payment of any indebtedness secured hereby, rather than to apply such proceeds to the restoration of the Real Property. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice. If the Trust Estate is restored at a cost less than the available insurance proceeds, then such excess proceeds shall, if Trustor is not then in default hereunder, beyond any applicable notice and cure periods, be paid over to Trustor.

In the event of foreclosure of this Deed of Trust or other transfer of title or assignment of the entire Trust Estate in extinguishment, in whole or in part, of the indebtedness secured hereby, all right, title and interest of Trustor in and to all policies of insurance required by this Deed of Trust shall inure to the benefit of and pass to the successor in interest to Trustor or the purchaser or grantee of the Trust Estate.

1.7 Taxes and Impositions.

(a) Trustor shall pay, at least ten (10) days before delinquency, all real property taxes and assessments whatsoever which are assessed or imposed upon or become due and payable and which create or appear to create a lien upon the Trust Estate or any part thereof or any personal property, equipment or other facility used in the operation thereof (all of which taxes, assessments and other governmental taxes are hereinafter referred to as "Impositions"); provided, however, that if by law any such Imposition is payable, or may at the option of the taxpayer be paid, in installments, Trustor may pay the same together with any accrued interest on the unpaid balance of such Imposition in installments as the same respectively become due and before any fine, penalty, interest or cost may be added thereto for the nonpayment of any such installment and interest.

(b) If at any time after the date hereof there shall be assessed or imposed (i) a tax or assessment on the Trust Estate in lieu of or in addition to the Impositions payable by Trustor pursuant to paragraph (a) of this Section, or (ii) a license fee, tax or assessment imposed on Beneficiary and measured by or based in whole or in part upon the amount of the outstanding obligations secured hereby, then all such taxes or assessments of fees shall be deemed to be included within the term "Impositions" as defined in paragraph (a) of this Section, and Trustor shall pay and discharge the same as herein provided in respect of the payment of Impositions or, upon the failure of payment of Impositions by Trustor, at the option of Beneficiary, all obligations secured hereby together with all accrued interest thereon, shall immediately become due and payable.

(c) Subject to the provisions of paragraph (d) of this Section 1.7, Trustor shall furnish Beneficiary within thirty (30) days after the date upon which any such Imposition is payable by Trustor, official receipts of the appropriate taxing authority, or other proof satisfactory to Beneficiary, evidencing the payment thereof.

(d) Trustor has the right to contest or object to the amount or validity of any Imposition, tax or assessment, or any lien of any laborer, mechanic, materialman, supplier or vendor, stop notice or the application to Trustor or the Trust Estate of any law or the validity thereof; provided that (a) Trustor provides Beneficiary with notice of such proceeding, (b) Trustor pursues the contest diligently, in a manner which Beneficiary reasonably determines does not impair the lien of this Deed of Trust; (c) the Trust Estate, or any part hereof or estate or interest therein, shall not be in any immediate danger of being sold, forfeited or lost by reason of such proceedings; and (d) in the case of the contest of any law or other legal requirement, Beneficiary shall not be in any imminent danger of any material civil or criminal liability. Trustor's right to contest pursuant to the terms of this provision shall in no way relieve Trustor of its obligations under the Loan or to make payments to Beneficiary as and when due. If Trustor fails to remove and discharge any such Lien or stop notice as required above, then, in addition to any other right or remedy of Beneficiary, Beneficiary may, but is not obligated to, discharge the same, either by paying the amount claimed to be due, or by procuring the discharge of such Lien or stop notice by depositing in a court a bond or the amount claimed or otherwise giving security for such claim, or by procuring such discharge in such manner as is or may be prescribed by law. Trustor shall, within thirty (30) days following written demand of Beneficiary, pay to Beneficiary an amount equal to all out-of-pocket costs and expenses incurred by Beneficiary in connection with the exercise by Beneficiary of the foregoing right to discharge any such Lien or stop notice, with interest thereon to the date of payment at the rate of interest then applicable under the Note.

1.8 Utilities. Trustor shall pay prior to delinquency all utility charges which are incurred by Trustor or which may become a charge or lien against the Trust Estate for gas, electricity, water and sewer services furnished to the Trust Estate and all other assessments or charges of a similar nature, whether public or private, affecting the Trust Estate or any portion thereof, whether or not such taxes, assessments or charges are liens thereon; provided that Trustor has the right to contest or object to the amount or validity of any utility charge provided further that (a) Trustor provides Beneficiary with notice of such proceeding, (b) Trustor pursues the contest diligently, in a manner which Beneficiary reasonably determines does not impair the lien of this Deed of Trust; (c) the Trust Estate, or any part hereof or estate or interest therein, shall not be in any immediate danger of being sold, forfeited or lost by reason of such proceedings; and (d) in the case of the contest of any law or other legal requirement, Beneficiary shall not be in any imminent danger of any material civil or criminal liability. Trustor's right to contest pursuant to the terms of this provision shall in no way relieve Trustor of its obligations under the Loan or to make payments to Beneficiary as and when due. If Trustor fails to remove and discharge any such utility charge as required above, then, in addition to any other right or remedy of Beneficiary, Beneficiary may, but is not obligated to, discharge the same, either by paying the amount claimed to be due, or by procuring the discharge of such utility charge by depositing in a court a bond or the amount claimed or otherwise

11

giving security for such claim, or by procuring such discharge in such manner as is or may be prescribed by law. Trustor shall, within thirty (30) days following written demand of Beneficiary, pay to Beneficiary an amount equal to all out-of-pocket costs and expenses incurred by Beneficiary in connection with the exercise by Beneficiary of the foregoing right to discharge any such utility charge, with interest thereon to the date of payment at the rate of interest then applicable under the Note.

1.9 Subordination. Each lease of any portion of the Improvements entered into after the date of this Deed of Trust shall contain a provision reasonably satisfactory to Beneficiary that (i) such lease shall be absolutely subordinate to the lien of this Deed of Trust, and (ii) in the event of the exercise of the private power of sale or a judicial foreclosure hereunder, such lease, at the option of the purchaser at such sale, shall not be terminated and the tenant thereunder shall attorn to such purchaser and, if requested to do so, shall enter into a new lease for the balance of the term of such lease then remaining upon the same terms and conditions. Each such lease shall, at the written request of Beneficiary, be assigned to Beneficiary and Trustor shall use commercially reasonable efforts to cause each such assignment to be recorded and acknowledged by the tenant thereunder.

1.10 Actions Affecting Trust Estate. Trustor shall appear in and contest any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee and shall pay all costs and expenses, including costs of evidence of title and actual attorneys' and accountants' fees in any such action or proceeding in which Beneficiary or Trustee may appear, in any suit brought by Beneficiary to foreclose this Deed of Trust or in any sale under the power of sale contained herein. Any amounts paid by Beneficiary or Trustee and reimbursed by Beneficiary pursuant to this Section, with interest thereon at the rate applicable under the Note, shall become indebtedness of Trustor to Beneficiary payable within thirty (30) days of Beneficiary's demand, and secured by this Deed of Trust. Nothing contained in this Section shall require Beneficiary or Trustee to incur any expense or do any act hereunder.

1.11 Acceleration on Transfer or Encumbrance of the Trust Estate. If Trustor sells, contracts to sell, gives an option to purchase, conveys, leases, encumbers, or alienates all or any portion of the Trust Estate, or any interest in the Trust Estate (excluding commercial space leases in the ordinary course of Trustor's business), or suffers its title, or any interest in the Trust Estate, to be divested, whether voluntarily or involuntarily, or in the event of a sale or transfer of beneficial interest in Trustor (if Trustor is a corporation, partnership, limited liability company, association, trust, or other legal entity) equal to twenty percent (20%) or more of the beneficial ownership interests of Trustor outstanding at the date of this Deed of Trust, or if title to such Trust Estate be subject to any lien or charge, voluntarily or involuntarily, contractual or statutory, without the written consent of Beneficiary being first had and obtained (except for taxes which constitute liens not yet due and such lien rights which have not yet resulted in lien notices or actions to foreclose such liens), Beneficiary, at Beneficiary's option, may, without prior notice, declare all sums secured by this Deed of Trust, irrespective of their stated due date, immediately due and payable, and may exercise all rights and remedies provided in this Deed of Trust. As to any sale or transfer of beneficial interest

12

in Trustor (if Trustor is a corporation, partnership, association, trust, or other legal entity) equal to less than twenty percent (20%) of the beneficial ownership interests of Trustor outstanding at the date of this Deed of Trust, Trustor shall give written notice thereof to Beneficiary not later than thirty (30) days after the effective date of such sale or transfer.

1.12 Eminent Domain. Should the Trust Estate or any part thereof be taken or damaged by reason of any public improvement or condemnation proceeding, or by a sale or other transfer in lieu of condemnation or other taking, or should Trustor receive any notice or other information regarding such proceeding, Trustor shall give prompt written notice thereof to Beneficiary, and:

(a) Beneficiary shall be entitled to the extent of the obligations secured hereby to all compensation, awards and other payments or relief therefor, and shall be entitled at its option to commence, appear in and prosecute in its own name any action or proceedings. Upon the occurrence and during the continuation of an Event of Default, Beneficiary shall also be entitled to make any compromise or settlement in connection with such taking or damage. All such compensation, awards, damages, rights of action and proceeds awarded to Trustor (the "Condemnation Proceeds") are hereby assigned to Beneficiary and Trustor agrees to execute such further assignments of the Condemnation Proceeds as Beneficiary or Trustee may require.

(b) In the event any portion of the Trust Estate is so taken or damaged, and Beneficiary's security hereunder is not materially impaired, and in the event Trustor is not then in default hereunder or under any of the other Loan Documents or an Event of Default shall not have occurred or be continuing hereunder or thereunder, Beneficiary shall deliver, to the extent reasonably required, all or any portion of the Condemnation Proceeds to Trustor to be used in the repair and restoration of the Trust Estate upon such terms and conditions as Beneficiary may specify. Beneficiary may retain any of the Condemnation Proceeds not used in the repair and restoration of the Trust Estate on account of the obligations secured hereby, whether such obligations are unmatured, contingent or otherwise. In the event that Trustor shall be in default hereunder or under any other Loan Document or an Event of Default shall have occurred and be continuing hereunder or thereunder, Beneficiary may retain any or all of the Condemnation Proceeds on account of the obligations secured hereby, whether such obligations are unmatured, contingent or otherwise, or may take any action provided herein, all without curing or waiving any default or notice of default hereunder or invalidating any act done pursuant to such notice.

1.13 Inspections. Subject to the rights of hotel guests temporarily occupying portions of the Trust Estate in accordance with the Loan Documents, Beneficiary, or its agents, representatives or workmen, are authorized to enter at any reasonable time upon or in any part of the Trust Estate upon at least five (5) Business Days' prior written notice except in case of emergency, for the purpose of inspecting the same and for the purpose of performing any of the acts it is authorized to perform under the terms of this Deed of Trust.

1.14 Additional Security. In the event Beneficiary at any time holds additional security for any of the obligations secured hereby, it may enforce the sale thereof or otherwise realize upon the same, at its option, either before or concurrently herewith or after a sale is made hereunder. If required by Beneficiary at any time during the term of this Deed of Trust, Trustor will execute and deliver to Beneficiary, in form satisfactory to Beneficiary, an additional security agreement and/or financing statement covering all personal property of Trustor which may at any time be furnished, placed on, or annexed or made appurtenant to the Trust Estate and used, useful or held for use, in the operation of the improvements thereon.

1.15 Appointment of Successor Trustee. Beneficiary may, from time to time, by a written instrument executed and acknowledged by Beneficiary and recorded in the county in which the Real Property is located and by otherwise complying with the provisions of applicable law substitute a successor or successors to the Trustee named herein or acting hereunder. Without conveyance of the Trust Estate a successor Trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law.

1.16 Liens. Trustor shall pay and promptly discharge prior to delinquency, at Trustor's cost and expense, all liens, encumbrances and charges upon the Trust Estate or any part thereof, excluding the lien created hereunder which Trustor shall pay in accordance with the terms of the Loan Documents; provided that the existence of any mechanic's, laborer's, materialman's, supplier's, or vendor's lien or right thereto shall not constitute a violation of this Section or Section 1.11 if payment is not yet due under the contract which is the foundation thereof and if such contract does not postpone payment for more than sixty (60) days after the payment therefor is or becomes due. Trustor shall have the right to contest in good faith the validity of any such lien, encumbrance or charge, provided Trustor shall first deposit with Beneficiary a bond or other security satisfactory to Beneficiary and in such amounts as Beneficiary shall reasonably require and provided further that Trustor shall thereafter diligently proceed to cause such lien, encumbrance or charge to be removed and discharged. If Trustor shall fail to discharge any such lien, encumbrance or charge, then, in addition to any other right or remedy of Beneficiary, Beneficiary may, but shall not be obligated to, discharge the same by paying the amount claimed to be due or by procuring discharge of such lien in such other manner as it may be authorized by law. Trustor shall provide Beneficiary with mechanics' lien insurance in form and at times satisfactory to Beneficiary.

1.17 Deposits, Impounds. Beneficiary may, at its option, require Trustor to deposit with Beneficiary at times required by Beneficiary such amounts as may be estimated by Beneficiary to equal the pro rata portion on a monthly basis of the next installment of Impositions, payments on bonds, assessments, insurance and/or other items, for which Trustor may be liable and affecting all or any portion of the Trust Estate; provided, however, that such right shall come into being only if Trustor has failed to pay prior to delinquency any Imposition in the previous year. In the event Beneficiary elects to require any such deposit, Beneficiary will estimate the amount of such items annually, and in the event the amounts deposited are in excess of the actual charges for which

they were deposited, Beneficiary may return such amounts, or, at its option, may hold the same and reduce the required monthly installments proportionally for the ensuing year. In the event there is not a sufficient amount on deposit with Beneficiary thirty (30) days before the date the Impositions, payments on bonds, assessments, insurance and/or other items become delinquent, Beneficiary may require Trustor to deposit, at least ten (10) days before said date, such additional amounts. Trustor will deliver to Beneficiary all tax bills thirty (30) days before any delinquent date. Upon receipt of such tax bills and providing Trustor has deposited funds sufficient to pay the Impositions pursuant to this Section 1.17, Beneficiary shall (i) timely pay such amounts as may be due thereunder out of the impounded funds so deposited with Beneficiary, and (ii) indemnity Trustor for any out-of-pocket costs and expenses, including, without limitation, interest and late charges incurred by Trustor as a result of Beneficiary's failure to comply with the foregoing clause (i). Notwithstanding anything to the contrary contained herein, Beneficiary shall have no right to use the impounded funds for any purpose other than the payment of the Impositions without the prior written consent of Trustor, in its sole and absolute discretion; provided, however, upon the occurrence and during the continuance of an Event of Default, Beneficiary may at its option hold the amounts deposited with Beneficiary on account of all or any part of the obligations secured hereby, whether such obligations are unmatured, contingent or otherwise.

Notwithstanding the foregoing, nothing contained herein shall cause Beneficiary to be deemed a trustee of said funds or to be obligated to pay any amounts in excess of the amount of funds deposited with Beneficiary pursuant to this Section, except as may be required by applicable law. Beneficiary may commingle said funds with its own funds.

1.18 Attorney-in-Fact. Trustor hereby constitutes and appoints Beneficiary, upon the occurrence and during the continuance of an Event of Default, as its true and lawful attorney-in-fact with full power of substitution for the purpose of performance of Trustor's obligations under this Deed of Trust, in its name or in the name of Trustor:

(a) to employ attorneys to defend against attempts to interfere with the exercise of the powers granted hereby,

(b) to pay, settle or compromise all existing bills and claims which are or may be liens against the Trust Estate or may be necessary or desirable for the clearance of objections to or encumbrances on title,

(c) to prosecute and defend all actions or proceedings in connection with the Trust Estate and to take such action, require such performance and do any and every other act as is deemed necessary with respect to the Trust Estate which Trustor might do on its own behalf,

(d) to employ watchmen and erect security fences to protect the Trust Estate from injury, and

(e) to take such action and require such performance as it deems necessary under any of the bonds or insurance policies to be furnished hereunder, to make settlements and compromises with the sureties or insurers thereunder, and in connection therewith to execute instruments of release and satisfaction.

Such appointment creates no obligation or duty upon Beneficiary to take or refrain from taking any action whatsoever. It is understood and agreed that the foregoing power of attorney shall be deemed to be a power coupled with an interest which cannot be revoked until repayment of all indebtedness of Trustor to Beneficiary under the Loan Documents. All sums expended by Beneficiary for such purposes shall be deemed to have been disbursed to Trustor for the purpose of protecting the security of this Deed of Trust and shall be secured by this Deed of Trust.

1.19 Collateral. With respect to the security interest granted in this Deed of Trust with respect to the Collateral, Beneficiary shall have all the rights and remedies granted to a secured party under Article 9 of the UCC, as well as all other rights and remedies available at law or in equity. Trustor shall, upon the demand of Beneficiary, assemble all of such personal property and make it available to Beneficiary at the Trust Estate, which is hereby agreed to be reasonably convenient to Beneficiary and Trustee. The proceeds of any sale of such personal property shall be applied first to the expenses of Beneficiary in retaking, holding, preparing for sale, selling or similar matters, including actual attorney's fees.

1.20 Hazardous Substances, Environmental Laws.

(a) Definitions.

"Environmental Law" shall mean any federal, state, or local law, statute, ordinance, or regulation which imposes any liability or disability on any owner, occupant, lender, mortgagee, or party in interest or which places any restriction on the ownership, occupancy, transferability, or use of any real property by reason of any presence or use of or occurrence regarding any Hazardous Substance, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA") 42 U.S.C. Section 9601 et seq., as amended by Superfund Amendments and Reauthorization Act of 1986 ("SARA"), Pub. L. 99-499, 100 Stat. 1613, the Resource Conservation and Recovery Act of 1976 ("RCRA"), 42 U.S.C. Section 6901 et seq., the Clean Air Act ("CAA"), P.L. 84-159, as amended by Pub. L. 98-213, 42 U.S.C. Section 7401 et seq., the Federal Water Pollution Control Act (as amended by the Clean Water Act of 1977 ("WP")), 33 U.S.C. Section 1251 et seq., the Toxic Substances Control Act of 1976 ("TSCA"), 15 U.S.C. Section 2601 et seq., the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801 et seq., the Emergency Planning and Community Right-to-Know Act, California Health and Safety Code, Section 25249.5 et seq., and any modifications, amendments, and successors to any of the foregoing.

"Violation of Environmental Law" shall mean any breach or violation of any Environmental Law, or any event, occurrence, or condition as a consequence of which, pursuant to any Environmental Law, (i) Trustor, Beneficiary, or any owner, occupant, or

16

person having any interest in the Trust Estate shall be liable or suffer any disability, or (ii) the Trust Estate shall be subject to any restriction on use, ownership, transferability, or (iii) any Remedial Work shall be required to comply with any Environmental Law.

"Hazardous Substance" shall include without limitation:

(i) Those substances included within the definitions of "hazardous substances," "hazardous materials," "toxic substances," or "solid waste" in CERCLA, RCRA, Sections 307 and 311 of CAA, and the Hazardous Materials Transportation Act, 49 U.S.C. Sections 1801 et seq., or in any successors thereto, or in the regulations promulgated pursuant to said laws;

(ii) Those substances defined as "hazardous waste," "extremely hazardous waste" or "restricted hazardous waste" in Sections 25115, 25117, 25122.7 and 25140 of the California Health and Safety Code, or as "hazardous substances" in Sections 25316 and 25281 of the California Health and Safety Code, and in the regulations promulgated pursuant to said laws;

(iii) Those substances listed in the United States Department of Transportation Table (49 CFR 172.101 and amendments thereto) or by the Environmental Protection Agency (or any successor agency) as hazardous substances (40 CFR Part 302 and amendments thereto);

(iv) Petroleum, asbestos, polychlorinated biphenyls, flammable explosives, radioactive materials, or any material containing or constituting any of the foregoing; and

(v) Such other substances, materials, and wastes which are or become regulated by reason of actual or threatened risk of toxicity causing injury or illness, under any Environmental Law or other applicable federal, state or local law, statute, ordinance, or regulation, or which are classified as hazardous or toxic under federal, state, or local laws or regulations.

Notwithstanding the foregoing, the term "Hazardous Substance" does not include nay ordinary use and incidental storage of such amounts of substances as are reasonably necessary for the regular and ordinary maintenance of the Trust Estate and hotel operations, or consumed in the regular and ordinary use of hotel operations, nor to gasoline, oil, and other ordinary automotive fluids to the extent that they are contained in the common and ordinary manner in motor vehicles visiting the Trust Estate, in each case provided that same do not constitute, give rise to, or create any Violation of Environmental Law.

"Remedial Work" shall have the meaning set forth in Section 1.20(c)(vi).

(b) Limitation. The provisions of this Section 1.20 do not apply to any ordinary use and incidental storage of small and insignificant amounts of substances reasonably necessary for the regular and ordinary maintenance of the Trust Estate, or consumed in the regular and ordinary use of common office business machines, nor to

gasoline, oil, and other ordinary automotive fluids to the extent that they are contained in the common and ordinary manner in motor vehicles visiting the Trust Estate, in each case provided that the same do not constitute, give rise to, or create any substantial risk of any Violation of Environmental Law.

(c) Covenants Regarding Environmental Compliance.

(i) Trustor shall not use, generate, manufacture, produce, keep, store, spill, release, discharge, dispose of, or permit any presence or existence of any Hazardous Substance on, under, or about the Trust Estate or transport any Hazardous Substance to or from the Trust Estate. Trustor will strictly and absolutely use commercially reasonable efforts prevent all persons and entities from doing any of the foregoing.

(ii) Trustor shall keep and maintain the Trust Estate in material compliance with all Environmental Laws, and will make commercially reasonable efforts to prevent and will not permit or suffer to occur any Violation of Environmental Law pertaining to Trustor or the Trust Estate.

(iii) Trustor shall give immediate written notice to Beneficiary of: (a) any proceeding, inquiry, notice, or other communication by or from any governmental authority, including without limitation the California State Department of Health Services and the Environmental Protection Agency, regarding the presence or existence of any Hazardous Substance on, under, or about the Trust Estate or any migration thereof from or to the Trust Estate or any actual or alleged Violation of Environmental Law; (b) all claims made or threatened against Trustor or the Trust Estate relating to any loss or injury resulting from or pertaining to any Hazardous Substance or Violation of Environmental Law; (c) Trustor's discovery of any occurrence or condition on any real property adjoining or in the vicinity of the Trust Estate that could cause the Trust Estate or any part thereof to be subject to any restrictions on ownership, occupancy, transferability, or use, or subject the owner or any person having any interest in the Trust Estate to any liability, penalty, or disability under any Environmental Law including without limitation any that could cause the Trust Estate or any part thereof to be classified as "border-zone property" under the provisions of California Health and Safety Code Sections 25220 et seq. or any regulation thereunder or in connection therewith; and (d) Trustor's receipt of any notice or discovery of any information regarding any actual, alleged, or potential use, manufacture, production, storage, spillage, seepage, release, discharge, disposal or any other presence or existence of any Hazardous Substance on, under, or about the Trust Estate, or any Violation of Environmental Law pertaining to Trustor or the Trust Estate.

(iv) Immediately upon receipt of the same, Trustor shall deliver to Beneficiary copies of any and all orders, notices, permits, applications, reports, and other communications, documents, and instruments pertaining to the actual, alleged, or potential presence or existence of any Hazardous Substance on, under, or about the Trust Estate or Violation of Environmental Law pertaining to Trustor or the Trust Estate.

(v) Beneficiary shall have the right to join and participate in, as a party if it so elects, any legal proceedings or actions in connection with the Trust Estate involving any Hazardous Substance or any Environmental Law, and Trustor shall reimburse Beneficiary within thirty (30) days of Beneficiary's demand for all of Beneficiary's costs and expenses in connection therewith, including actual attorneys' fees.

(vi) In the event that any investigation, site monitoring, containment, cleanup, removal, restoration or other remedial work of any kind or nature (collectively, "Remedial Work") is necessary or required under any applicable local, state or federal law or regulation, any judicial order, or by Beneficiary or any lawful authority because of, or in connection with, any presence, suspected presence, release or suspected release of a Hazardous Substance in or into the air, soil, groundwater, surface water or soil vapor, on, under, or about the Trust Estate, Trustor shall within thirty (30) days after written demand by Beneficiary for performance thereof (or such shorter period of time as may be required under any applicable law, regulation, order, or agreement), commence to perform, or cause to be commenced and thereafter diligently prosecuted to completion, all such Remedial Work. All Remedial Work shall be performed by one or more contractors, approved in advance in writing by Beneficiary, and under the supervision of a consulting engineer approved in advance in writing by Beneficiary. All costs and expenses of such Remedial Work shall be paid by Trustor including without limitation the charges of any contractors or consulting engineers, and Beneficiary's actual attorneys' fees and costs incurred in connection with monitoring or review of such Remedial Work. If Trustor shall fail to timely commence, or cause to be commenced, or fail to diligently prosecute to completion, such Remedial Work, Beneficiary may but shall not be required to cause such Remedial Work to be performed, and Trustor shall reimburse Beneficiary within thirty (30) days of Beneficiary's demand for all costs and expenses thereof or incurred in connection therewith.

(vii) Subject to the rights of hotel guests temporarily occupying portions of the Trust Estate in accordance with the Loan Documents, Beneficiary is authorized by itself, its agents, employees or workmen to enter at any reasonable time and, except in the event of an emergency, upon reasonable prior notice, upon any part of the Trust Estate for the purposes of inspecting the same for Hazardous Substances and Trustor's compliance with the provisions hereof. Such inspections may include without limitation soil borings. Trustor shall pay Beneficiary, within thirty (30) days of Beneficiary's demand, all expenses, costs, or other amounts incurred by Beneficiary in performing any such inspection.

(d) Waiver of Lien. In accordance with California Code of Civil Procedure Section 726.5, Beneficiary may waive its lien against the Trust Estate or any portion thereof, together with fixtures or personal property thereon, to the extent such property is found to be environmentally impaired, and may exercise any and all rights and remedies of an unsecured creditor against Trustor and all of Trustor's assets and property for the recovery of any deficiency, including without limitation seeking an attachment order under California Code of Civil Procedure Section 483.010. No such

waiver shall be final or binding, on Beneficiary unless and until a final money judgment is obtained against Trustor. As between Beneficiary and Trustor, for purposes of California Code of Civil Procedure Section 726.5, Trustor shall have the burden of proving that the release or threatened release was not knowingly or negligently caused or contributed to, or knowingly or willfully permitted or acquiesced to by Trustor or any related party (or any affiliate or agent of Trustor or any related party) and that Trustor made written disclosure of the release to Beneficiary or that Beneficiary otherwise obtained actual knowledge thereof prior to the making of the loan evidenced by the Note. Notwithstanding anything to the contrary contained in this Deed of Trust or the other Loan Documents, Trustor shall be fully and personally liable for all judgments and awards entered against Trustor pursuant to California Code of Civil Procedure 726.5 and such liability shall be an exception to any non-recourse or exculpatory provision in this Deed of Trust or the other Loan Documents and shall not be limited to the original principal amount of the obligations secured by this Deed of Trust. Trustor's obligations under this Section 1.20 shall survive the foreclosure, deed in lieu of foreclosure, release, reconveyance or any other transfer of the Trust Estate or this Deed of Trust. For the purpose of any action brought under this Section, Trustor hereby waives the defense of laches and any applicable statute of limitations. For purposes of California Code of Civil Procedure 726.5, the acts, knowledge and notice of each "726.5 Party" shall be attributed to and be deemed to have been performed by the party or parties then obligated on and liable for payment of the Note. As used herein, "726.5 Party" shall mean Trustor, any successor owner to Trustor of all or any portion of the Trust Estate, any related party of Trustor or any such successor and any affiliate or agent of Trustor, any such successor or any such related party.

(e) <u>Action for Environmental Claims</u>. In accordance with, and subject to limitations of, California Code of Civil Procedure Section 736, Beneficiary may seek a judgment that Trustor has breached its covenants, representations and/or warranties with respect to the environmental matters contained in this Section 1.20 (the "Environmental Provisions"), and may commence and maintain an action or actions in any court of competent jurisdiction for enforcement of the Environmental Provisions and/or recovery of any all costs, damages, expenses, fees, penalties, fines, judgments, indemnification payments to third parties, and other out-of-pocket costs or expenses (including without limitation court costs, consultants' fees and reasonable attorneys' fees, whether incurred in litigation or not and whether before or after judgment), incurred or advanced by Beneficiary pursuant to the Environmental Provisions (collectively, the "Environmental Costs"), excluding, however, any Environmental Costs not permitted to be recovered pursuant to Section 736 of the California Code of Civil Procedure. Environmental Costs that are not permitted to be recovered pursuant to Section 736 may be referred to hereinafter as the "Unsecured Environmental Costs," and Environmental Costs other than the Unsecured Environmental Costs may be referred to hereinafter as the "Secured Environmental Costs." Any Unsecured Environmental Costs shall not be secured by this Deed of Trust; provided, however, nothing herein shall prevent Beneficiary from recovering any Unsecured Environmental Costs pursuant to the Unsecured Environmental Indemnity agreement (the "Indemnity Agreement") of even date herewith by Trustor in favor of Beneficiary, to the extent they are recoverable in accordance with said Indemnity Agreement. All Secured Environmental Costs

20

incurred by Beneficiary shall bear interest at the rate applicable to amounts that are not paid when due under the Note, after the expiration of any applicable grace period. All Secured Environmental Costs together with interest thereon at the rate then in effect under the Note shall be secured by this Deed of Trust and shall enjoy the same priority as the original principal amount of the Note. Trustor acknowledges and agrees that notwithstanding any term or provision contained in this Deed of Trust or in the other Loan Documents, Secured Environmental Costs shall be exceptions to any nonrecourse or exculpatory provision, if any, and Trustor shall be fully and personally liable for Secured Environmental Costs. Such liability shall not be limited to the original principal amount of the obligations secured by this Deed of Trust. Trustor's obligations under this Section 1.20 shall survive foreclosure, deed in lieu of foreclosure, release, reconveyance or any other transfer of the Trust Estate or this Deed of Trust. For the purposes of any action brought under this Section, Trustor hereby waives the defense of laches and any applicable statute of limitations.

(f) Certain Obligations Unsecured. Anything to the contrary set forth herein or elsewhere notwithstanding, the lien of this Deed of Trust shall not secure (i) any obligations evidenced by or arising under the Indemnity Agreement ("Unsecured Obligations"), or (ii) any other obligations to the extent that they are the same or have the same effect as any of the Unsecured Obligations. Only to the extent that any obligations evidenced by, arising under, or incorporated in this Deed of Trust are the same or have the same effect as Unsecured Obligations, such obligations hereunder shall not be secured by the lien of this Deed of Trust, but such obligations shall continue in full force and effect nonetheless, and any breach or default of any such obligations shall constitute a breach or default under this Deed of Trust (but the proceeds of any foreclosure sale hereunder shall not be applied against such obligations that are the same or have the same effect as Unsecured Obligations). Nothing in this paragraph (f) shall in any way limit or otherwise affect the right of Beneficiary to obtain a judgment in accordance with applicable law for any deficiency in recovery of all obligations that are secured by this Deed of Trust following foreclosure hereof, notwithstanding that such deficiency may result from diminution in the value of the Trust Estate by reason of any event or occurrence pertaining to Hazardous Substances or the effect of any laws pertaining thereto.

1.21 Security Agreements/Fixture Filing.

(a) The grant of a security interest to Beneficiary in the granting clauses of this Deed of Trust shall not be construed to derogate from or impair the lien or provisions of or the rights of Beneficiary under this Deed of Trust with respect to any property described herein which is real property or which the parties have agreed to treat as real property. If required by Beneficiary, at any time during the term of this Deed of Trust, Trustor will execute and deliver to Beneficiary in form satisfactory to Beneficiary, additional security agreements, financing statements and other instruments covering all personal property or fixtures of Trustor which may at any time be furnished, placed on, or annexed or made appurtenant to the Real Property.

(b) Trustor hereby authorizes Beneficiary to execute, deliver and file with the appropriate filing officer or office such security agreements, financing statements and/or other instruments as Beneficiary may request or require in order to impose and perfect the lien and security interest hereof more specifically on the Collateral or any fixtures.

(c) If Trustor enters into a separate security agreement with Beneficiary relating to any of the personal property or fixtures, the terms of such security agreement shall govern the rights and remedies of Beneficiary in the event of default thereunder.

(d) [Intentionally Omitted.]

(e) Trustor shall, before executing any security agreement or other document evidencing a purchase money security interest in goods which may become fixtures attached to the Real Property and which have a value in excess of One Million Dollars ($1,000,000) in any one transaction or series of similar transactions, obtain the prior written approval of Beneficiary, and all requests for such written approval shall be in writing and contain the following information:

(i) a description of the fixtures to be replaced, added to, installed or substituted;

(ii) the address at which the fixtures will be replaced, added to, installed or substituted; and

(iii) the name and address of the proposed holder and proposed amount of the security interest.

(f) If Trustor fails to make, prior to the assessment of late charges or default interest, any payment on an obligation secured by a purchase money security interest in any of the Collateral or any fixtures, Beneficiary, at its option, may at any time pay the amount secured by such security interest and the amount so paid shall be (i) secured by this Deed of Trust and shall be a lien on the Trust Estate having the same priorities as the liens and security interests created by this Deed of Trust, and (ii) payable within thirty (30) days of Beneficiary's demand with interest from the date of disbursement at the rate applicable under the Note.

(g) Beneficiary shall have the right to acquire by assignment from the holder of such security interest any and all contract rights, accounts receivable, negotiable or nonnegotiable instruments, or other evidence of Trustor's indebtedness for such Collateral or fixtures, and, upon acquiring such interest by assignment, shall have the right to enforce the security interest as assignee thereof, in accordance with the terms and provisions of the UCC then in effect, and in accordance with any other provisions of law.

(h) Whether or not Beneficiary has paid the indebtedness secured by or taken an assignment of such security interest, Trustor shall pay all sums and perform all obligations secured thereby.

(i) The provisions of paragraphs (e), (f) and (g) above shall not apply if the goods which may become fixtures are of at least equivalent value and quality as any property being replaced and if the rights of the party holding such security interest have been expressly subordinated, at no cost to Beneficiary, to the lien of this Deed of Trust in a manner satisfactory to Beneficiary.

## ARTICLE 2
## ASSIGNMENT OF RENTS AND LEASES

2.1 Assignment. Trustor hereby absolutely and irrevocably grants, sells, assigns, transfers and sets over to Beneficiary all of the rents, issues, profits, royalties, income and other benefits (collectively, the "Rents") derived from any lease, sublease, license, franchise, concession or other agreement (collectively, the "Leases") now existing or hereafter created and affecting all or any portion of the Real Property or the use or occupancy thereof; together with all of Trustor's right, title and interest in the Leases, including all modifications, amendments, extensions and renewals of the Leases and all rights and privileges incident thereto; together with all of Trustor's right, title and interest in security deposits, guaranties and other security now or hereafter held by Trustor as security for the performance of the obligations of the tenants thereunder.

This assignment of rents and leases is intended by Trustor and Beneficiary to create and shall be construed to create an absolute assignment to Beneficiary of all of Trustor's right, title and interest in the Rents and in the Leases and shall not be deemed to create a security interest therein for the payment of any indebtedness or the performance of any obligations of Trustor under the Loan Documents. Trustor and Beneficiary further agree that, during the term of this Deed of Trust, the Rents shall not constitute property of Trustor (or of any estate of Trustor) within the meaning of 11 U.S.C. §541, as amended from time to time. By its acceptance of this Deed of Trust and so long as an Event of Default shall not have occurred and be continuing under the Loan Documents, Beneficiary hereby grants to Trustor a revocable license to enforce the Leases, to collect the Rents, to apply the Rents to the payment of the costs and expenses incurred in connection with the development, construction, operation, maintenance, repair and restoration of the Real Property and to any indebtedness secured thereby, in the discretion of Beneficiary, and to distribute the balance, if any, to Trustor as may be permitted by the terms of the Loan Documents.

2.2 Revocation of License. Upon the occurrence of an Event of Default and at any time thereafter during the continuance thereof, Beneficiary shall have the right to revoke the license granted to Trustor hereby by giving written notice of such revocation to Trustor. Upon such revocation, Trustor shall promptly deliver to Beneficiary all Rents then held by Trustor and Beneficiary shall thereafter be entitled to enforce the Leases, to collect and receive, without deduction or offset, all Rents payable thereunder,

including but not limited to all Rents which were accrued and unpaid as of the date of such revocation and to apply such Rents as provided in Section 2.6 hereof; provided, however, that upon cure or waiver of any Event of Default, the license granted hereunder to Trustor shall be automatically reinstated without notice or action by any party.

2.3 Appointment of Trustor as Agent for Beneficiary. Upon such revocation, Beneficiary may, at its option, appoint Trustor to act as agent for Beneficiary for the purpose of (i) managing and operating the Trust Estate and paying all expenses incurred in connection therewith and approved by Beneficiary; (ii) enforcing the provisions of the Leases; and (iii) collecting all Rents due thereunder. If Beneficiary so elects, Beneficiary shall give written notice thereof to Trustor and Trustor agrees to act as agent of Beneficiary for the purpose or purposes specified in such notice. Trustor shall promptly comply with all instructions and directions from Beneficiary with respect thereto. Trustor shall not be entitled to any management fee, commission or other compensation unless expressly agreed to in writing by Beneficiary. During the existence of any Event of Default, all Rents collected by Trustor as agent for Beneficiary pursuant to this Section 2.3 shall be immediately deposited in an insured account in the name of Beneficiary in a bank or other financial institution designated by Beneficiary. During the existence of any Event of Default, all Rents collected by Trustor and all amounts deposited in such account, including interest thereon, shall be the property of Beneficiary and Trustor shall not be entitled to withdraw any amount from such account without the prior written consent of Beneficiary. The agency hereby created shall be solely for the purpose of implementing the provisions of this assignment of rents and leases and collecting the Rents due Beneficiary hereunder. Nothing contained herein shall place upon Beneficiary the responsibility for the management, control, operation, repair, maintenance or restoration of the Trust Estate nor shall Beneficiary be liable under or be deemed to have assumed Trustor's obligations with respect to the Leases. Beneficiary may, at any time, terminate the agency relationship with Trustor by written notice to Trustor.

2.4 Collection by Beneficiary. Upon the occurrence of an Event of Default under any Loan Document and at any time thereafter during the continuance thereof, Beneficiary shall have the right, in addition to the rights granted pursuant to Section 2.3 hereof, to collect all or any portion of the Rents assigned hereby directly or through a court-appointed receiver. Such right may be exercised and shall include the following:

(a) The right to notify the tenant or tenants under the Leases in accordance with the provisions of Section 2.5 hereof and, with or without taking possession of the Trust Estate, to demand that all Rents under such Leases thereafter be paid to Beneficiary;

(b) The right to enter into possession of the Trust Estate, to assume control with respect to and to pay all expenses incurred in connection with the development, construction, operation, maintenance, repair or restoration of the Trust Estate, to enforce all Leases and to collect all Rents due thereunder, to apply all Rents received by Beneficiary as provided in Section 2.6 hereof, to amend, modify, extend,

renew and terminate any or all Leases, to execute new Leases and to do all other acts which Beneficiary shall determine, in its sole discretion, to be necessary or desirable to carry out the purposes of this assignment of rents and leases; and

(c) The right to specifically enforce the provisions of this assignment of rents and leases, and, if Beneficiary shall so elect, to obtain the appointment of a receiver pursuant to and in accordance with the provisions of Section 3.4 of this Deed of Trust.

2.5 Protection of Tenants. Trustor and Beneficiary agree that all tenants under the Leases (other than parties to advance booking arrangements for hotel rooms, events, banquet or meeting facilities, which shall not be covered under this Section 2.5) shall be bound by and required to comply with the provisions of this Deed of Trust. In connection therewith, Trustor and Beneficiary further agree as follows:

(a) If requested by Beneficiary, Trustor shall (i) notify each tenant under any Lease now affecting all or any portion of the Real Property of the existence of this assignment of rents and leases, and the rights and obligations of Trustor and Beneficiary hereunder; (ii) provide each tenant with a copy of this Deed of Trust; and (iii) obtain such tenant's agreement to be bound by and comply with the provisions hereof;

(b) All Leases hereafter executed with respect to the Real Property or any portion thereof shall contain a reference to this assignment of rents and leases and shall state that such tenant shall be bound by and shall comply with the provisions hereof;

(c) Upon the occurrence of an Event of Default under any Loan Document and at any time thereafter during the continuance thereof, Beneficiary may, at its option, send any tenant a notice pursuant to Section 2.4 hereof to the effect that: (i) an Event of Default has occurred and that Beneficiary has revoked Trustor's license to collect the Rents; (ii) Beneficiary has elected to exercise its rights under this assignment of rents and leases; and (iii) such tenant is thereby directed to thereafter make all payments of Rent and to perform all obligations under its Lease to or for the benefit of Beneficiary or as Beneficiary shall direct;

(d) Upon receipt of any such notice from Beneficiary, each tenant is hereby instructed by Trustor and Beneficiary to comply with the provisions of such notice, to make all payments of Rent and to perform all obligations under the Lease to and for the benefit of Beneficiary or as Beneficiary shall direct. Such notice and direction shall remain effective until the first to occur of: (i) the receipt by tenant of a subsequent notice from Beneficiary to the effect that such Event of Default has been cured (which Beneficiary shall immediately send following the cure of such Event of Default) or that Beneficiary has appointed Trustor to act as agent for Beneficiary pursuant to Section 2.3 hereof; (ii) the appointment of a receiver pursuant to Section 3.4 hereof, in which event such tenant shall thereafter make payments of Rent and perform all obligations under the Leases as may be directed by such receiver; or (iii) the issuance of an order of a court of competent jurisdiction terminating the assignment of

25

rents and leases hereunder or otherwise directing such tenant to pay Rent and perform obligations in a manner inconsistent with said notice;

(e) Each tenant shall be entitled to rely upon any notice from Beneficiary and shall be protected with respect to any payment of Rent made pursuant to such notice, irrespective of whether a dispute exists between Trustor and Beneficiary with respect to the existence of an Event of Default or the rights of Beneficiary hereunder;

(f) Each tenant who receives a notice from Beneficiary pursuant to this assignment of rents and leases shall not be required to investigate or determine the validity or accuracy of such notice or the validity or enforceability of this assignment of rents and leases;

(g) The payment of Rent to Beneficiary pursuant to any such notice and the performance of obligations under any Lease to or for the benefit of Beneficiary shall not cause Beneficiary to assume or be bound by the provisions of such Lease including but not limited to the duty to return any security deposit to the tenant under such Lease unless and to the extent such security deposit was paid to Beneficiary by Trustor; and

(h) The provisions of this Section 2.5 are expressly made for the benefit of and shall be binding on and enforceable by each tenant under any Lease now affecting all or any portion of the Trust Estate who agrees to be bound by this Deed of Trust and each tenant under any Lease executed after the recording date of this Deed of Trust.

2.6 Application of Rents; Security Deposits. All Rents received by Beneficiary pursuant to this Deed of Trust shall be applied by Beneficiary, (i) as directed by Trustor, except during the existence of an Event of Default, or (ii) during the existence of an Event of Default, in its reasonable discretion, to any of the following:

(a) the out of pocket costs and expenses of collection, including without limitation attorneys' fees;

(b) the out of pocket costs and expenses incurred in connection with the development, construction, operation, maintenance, repair or restoration of the Trust Estate;

(c) the establishment of reasonable reserves for working capital and for anticipated or projected costs and expenses, including without limitation capital improvements which may be necessary or desirable or required by law; and

(d) the payment of any indebtedness then owing by Trustor to Beneficiary.

In connection therewith, Trustor further agrees that, during the existence of any Event of Default, all Rents received by Beneficiary from any tenant may be allocated

first, if Beneficiary so elects, to the payment of all current obligations of such tenant under its Lease and not to amounts which may be accrued and unpaid as of the date of revocation of Trustor's license to collect such Rents. Beneficiary may, but shall have no obligation to, during the existence of any Event of Default, pursue any tenant for the payment of Rent which may be due under its Lease with respect to any period prior to the exercise of Beneficiary's rights under this assignment of rents and leases or which may become due thereafter. Beneficiary shall not be liable to any tenant for the payment or return of any security deposit under any Lease unless and to the extent that such security deposit has been paid to and received by Beneficiary and Trustor agrees to indemnify, defend and hold Beneficiary harmless from and against any and all losses, claims, damages or liabilities arising out of any claim by a tenant with respect thereto. Trustor further agrees that the collection of Rents by Beneficiary and the application of such Rents by Beneficiary to the costs, expenses and obligations referred to in this Section 2.6 shall not cure or waive any Event of Default or invalidate any act (including but not limited to any sale of all or any portion of the Trust Estate or any property now or hereafter securing the Loan) done in response to or as a result of such Event of Default or pursuant to any notice of default or notice of sale issued pursuant to any Loan Document.

2.7 Covenants of Trustor. Trustor agrees as follows:

(a) Trustor will not enter into any Lease of all or any portion of the Trust Estate except in accordance with the provisions of the Loan Documents;

(b) Trustor will not accept any advance Rent in excess of one month from any tenant or enter into any agreement whereby Rent is abated or reduced in each case without the prior written consent of Beneficiary;

(c) Trustor will not amend, modify or terminate any Lease or accept the surrender of any space thereunder or permit the assignment or subletting of any space thereunder without the prior written consent of Beneficiary, except as may be permitted by the Loan Documents;

(d) Trustor shall provide Beneficiary with true, correct and complete copies of all Leases together with such other information relating to the Leases or to the tenants thereunder as Beneficiary shall reasonably request;

(e) Trustor shall not lease any space in the Trust Estate to or for the benefit of any affiliate of Trustor without the prior written consent of Beneficiary;

(f) Upon request of Beneficiary, Trustor shall make available to Beneficiary all books, records, financial statements and other information relating to the Leases of the Property, the collection of all Rents and the disposition and disbursement thereof; and

(g) Trustor shall promptly notify Beneficiary and shall send to Beneficiary copies of any notice or correspondence given or received by Trustor relating

to any default by Trustor or by any tenant under any Lease or any event which, if not promptly cured, may become a default thereunder.

2.8 Priority of Assignment; Further Assurances. Trustor hereby represents and warrants that the assignment of rents and leases hereby granted is a first priority assignment and that no other assignments of all or any portion of the Rents or the Leases exist or remain outstanding, except in favor of Beneficiary. Trustor agrees to take such action and to execute, deliver and record such documents as may be reasonably necessary to evidence such assignment, to establish the priority thereof and to carry out the intent and purpose hereof. If requested by Beneficiary, Trustor shall execute a specific assignment of any Lease now or hereafter affecting all or any portion of the Trust Estate and shall use commercially reasonable efforts to cause the tenant or tenants thereunder to execute, deliver and record a Subordination, Nondisturbance and Attornment Agreement, in Beneficiary's standard form.

2.9 Beneficiary Not Responsible for Trustor's Obligations. Nothing contained herein shall operate or be construed to obligate Beneficiary to perform any of the terms, covenants and conditions contained in any Lease or otherwise to impose any obligation upon Beneficiary with respect to any Lease, including but not limited to any obligation arising out of any covenant of quiet enjoyment therein contained, in the event the tenant under any such Lease shall have been joined as a party defendant in any action to foreclose and the estate of such tenant shall have been thereby terminated. Prior to actual entry into and taking possession of the Trust Estate by Beneficiary, this Deed of Trust and the assignment of rents and leases hereunder shall not operate to place upon Beneficiary any responsibility for the operation, control, care, management or repair of the Trust Estate or any portion thereof, and the execution of this Deed of Trust by Trustor shall constitute conclusive evidence that all responsibility for the operation, control, care, management and repair of the Trust Estate is and shall be that of Trustor, prior to such actual entry and taking of possession.

## ARTICLE 3
## DEFAULTS BY TRUSTOR AND BENEFICIARY'S REMEDIES

3.1 Events Of Default.

(a) The occurrence of an Event of Default (as defined in the Loan Agreement).

(b) The failure of Trustor to perform any of its obligations under this Deed of Trust within thirty (30) days after receipt of written notice that such obligation was not performed shall constitute an Event of Default hereunder provided that, if cure cannot reasonably be effected within such thirty (30) day period, such failure shall not be an Event of Default hereunder so long as Trustor shall have commenced to cure such failure within such 30-day period and thereafter diligently proceeds to cure the same, such 30-day period shall be extended for such additional time as is reasonably necessary for Borrower in the exercise of due diligence to cure such failure (but in no event longer than a total cure period of ninety (90) days).

3.2 Remedies. Upon the occurrence and during the continuance of any Event of Default under this Deed of Trust, Beneficiary at its option and without notice to Trustor may do or cause any one or more of the following:

(a) Commencement of an action to foreclose this Deed of Trust by judicial action;

(b) Foreclosure of this Deed of Trust pursuant to the power of private sale contained herein; and/or

(c) Exercise of any or all rights provided or permitted by law or granted pursuant to this Deed of Trust in such order and in such manner as Beneficiary may, in its sole and exclusive judgment, determine.

3.3 Foreclosure By Power of Sale. Should Beneficiary elect to foreclose this Deed of Trust pursuant to the power of private sale contained herein, Beneficiary shall (i) deliver to Trustee a written declaration of default and demand for sale, and a written notice of default and election to cause Trustor's interest in the Trust Estate to be sold, and (ii) deposit with Trustee this Deed of Trust, the Loan Agreement and such receipts or evidence of expenditures made and secured hereby as Trustee may require.

(a) Upon receipt of such notice from Beneficiary, Trustee shall cause a Notice of Default and Election to Sell to be recorded, published and delivered to Trustor as may then be required by law and by this Deed of Trust and after lapse of such time as may then be required by law and after recordation of such notice of default, Trustee without demand on Trustor shall, after notice of sale having been given as may then be required by law, sell the Trust Estate at the time and place of sale fixed by it in said notice of sale, either as a whole or in separate parcels or items and in such order as Trustee may determine, at public auction to the highest bidder for cash in lawful money of the United States payable at the time of sale. Trustee shall deliver to such purchaser its deed conveying said property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including without limitation Trustor, Trustee or Beneficiary, may purchase at such sale.

(b) Beneficiary, from time to time before Trustee's sale, may rescind any such notice of breach or default and of election to cause the Trust Estate to be sold by executing and delivering to Trustee a written notice of such rescission, which notice, when recorded, shall also constitute a cancellation of any prior declaration of default and demand for sale. The exercise by Beneficiary of such right of rescission shall not constitute a waiver of any breach or default then existing or subsequently occurring, or impair the right of Beneficiary to execute and deliver to Trustee, as above provided, other declarations of default and demand for sale, and notices of breach or default, and of election to cause the Trust Estate to be sold to satisfy the obligations hereof, nor otherwise affect any provision, agreement, covenant or condition of the Note, the Loan Agreement and/or of this Deed of Trust or any of the rights, obligations or remedies of the parties hereunder.

29

(c) After deducting all costs, fees and expenses of Trustee and of this trust, including costs of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the rate applicable under the Note, all other sums then secured hereby and the remainder, if any, to the person or persons legally entitled thereto.

(d) Subject to California Civil Code §2924g, Trustee may postpone the sale of all or any portion of the Trust Estate by public announcement at the time and place first fixed for sale, and from time to time thereafter may postpone such sale by public announcement at the time and place fixed by the preceding postponement, and without further notice make such sale at the time fixed by the last postponement, or may, in its discretion, give a new notice of sale.

(e) If Beneficiary at any time holds additional security for any obligations secured hereby, it may enforce the terms hereof or otherwise realize upon the same, at its option, either before or concurrently herewith or after a sale is made hereunder, and may apply the proceeds upon the indebtedness secured hereby without affecting the status of or waiving any right to exhaust all or any other security, including the security hereunder, and without waiving any breach or default or any right or power whether exercised hereunder or contained herein or in any such other security.

3.4 Appointment of Receiver. If an Event of Default described in Section 3.1 of this Deed of Trust shall have occurred and be continuing, Beneficiary, as a matter of right, without regard to the then value of the Trust Estate or the interest of Trustor therein, may apply to any court having jurisdiction to appoint a receiver or receivers of the Trust Estate. Any such receiver or receivers shall have all the usual powers and duties of receivers in like or similar cases and all the powers and duties of Beneficiary in case of entry as contemplated in or by this Deed of Trust and shall be entitled to continue as such and exercise all such powers until the date of confirmation of sale of the Trust Estate, unless such receivership is sooner terminated.

3.5 Remedies Not Exclusive. No remedy herein conferred upon Beneficiary or Trustee is intended to be exclusive of any other remedy herein, or in any other agreement between Trustor and Beneficiary or by law provided or permitted, but each shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing at law, in equity or by statute. Every power or remedy given by this Deed of Trust to Trustee or Beneficiary or to which either of them may be otherwise entitled, may be exercised, concurrently or independently, from time to time and as often as may be deemed expedient by Trustee or Beneficiary and either of them may pursue inconsistent remedies.

3.6 Nonwaiver of Remedies. No waiver of any breach or default under any provision of this Deed of Trust shall constitute or be construed as a waiver by Beneficiary of any subsequent breach of or default under that or any other provision of this Deed of Trust.

30

## ARTICLE 4
## MISCELLANEOUS PROVISIONS

4.1 Notices. Except as otherwise provided in this Deed of Trust, all notices and other communications required or permitted to be given to or made upon either party hereto shall be in writing and shall be given in the manner prescribed in Section 7.4 of the Loan Agreement. The parties' initial addresses for notice are set forth below:

Trustor: Hazens Investment, LLC
c/o Jeffer Mangels Butler & Mitchell LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California
Attention: Catherine DeBono Holmes, Esq.
Telephone: (310) 201-3553
Facsimile: (310) 203-0567

With a copy to:
Jeffer Mangels Butler & Mitchell LLP
3 Park Plaza, Suite 1100
Irvine, CA 92614-2592
Attention: Eudeen Chang, Esq.
Telephone: (949) 623-7232
Facsimile: (949) 623-7202

Beneficiary: WING LUNG BANK, LTD.
201 East Valley Boulevard
Alhambra, California 91801
Attention: Ms. Cathy Li, FVP and Branch Manager
Telephone: (626) 656-8118
Facsimile: (626) 656-8119

4.2 Assignability. This Deed of Trust shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors, heirs, estates and assigns, provided, however, that Trustor may not assign this Deed of Trust or any of its rights or obligations under this Deed of Trust without the prior written consent of Beneficiary. In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

4.3 Headings. Headings of the Articles and Sections of this Deed of Trust are inserted for convenience only and shall not be deemed to constitute a part hereof.

4.4 Modifications. This Deed of Trust cannot be changed, modified or supplemented except in a writing signed by the party against whom enforcement of such change, modification or supplement is sought.

4.5 Payment on Nonbusiness Days. Whenever any payment to be made hereunder shall be due on a Saturday, Sunday or public holiday under the laws of the

jurisdiction in which payment is to be made, such payment may be made on the next succeeding business day and such extension of time shall be included in computing any interest in connection with such payment.

4.6 Modifications of Security.

(a) Without affecting the liability or obligations of any person, including Trustor, for the performance of any obligations secured hereby (excepting only any person or property otherwise expressly released in writing by Beneficiary), Beneficiary may from time to time and without notice release any person liable for payment of any of said indebtedness or the performance of said obligations, extend the time of payment or otherwise alter the terms of any of said obligations, accept additional security therefor of any kind, including trust deeds or mortgages, or alter, substitute or release any property securing said obligations.

(b) At any time and from time to time upon written request of Beneficiary, payment of its fees and presentation of this Deed of Trust for endorsement, and without affecting the liability of any person for the payment of the indebtedness secured hereby or for the performance of any obligations hereunder, Trustee shall consent to the making of any map or plat of the Real Property, join in granting any easement or creating any restriction thereon and join in any subordination or other agreement affecting this Deed of Trust or the lien or charge hereof.

(c) Upon request of Beneficiary, Trustor shall reexecute, reacknowledge and rerecord this Deed of Trust, or execute, acknowledge, deliver and record a new instrument or instruments, and do all other acts and things necessary to preserve the validity and the efficacy hereof as a conveyance of and continued encumbrance upon the Trust Estate, but such acts shall neither extend nor modify Trustor's liability or obligations hereunder.

4.7 Reconveyance by Trustee. Upon written request of Beneficiary and upon payment by Trustor of Trustee's fees, Trustee shall reconvey in whole or in part as designated by the Beneficiary and in such portions as designated by the Beneficiary to Trustor, or the person or persons legally entitled thereto, without recourse or warranty, the property or portions thereof then held hereunder. The recitals in such reconveyance may be described as "the person or persons legally entitled thereto." Five (5) years after issuance of such full reconveyance, Trustee may destroy this Deed of Trust (unless directed in such request to retain it).

4.8 Acceptance by Trustee. Trustee accepts this trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

4.9 Statements by Trustor. Trustor, within thirty (30) days after being given notice by mail, will furnish to Beneficiary an estoppel certificate concerning the amounts of any monetary obligation, and describing any other obligations, secured by this Deed of Trust and stating whether, to Trustor's knowledge, any offset or defense exists against such principal and interest.

4.10 Actions by Trustee and/or Beneficiary to Preserve Trust Estate. Should Trustor fail to make any payment or to do any act as herein provided, Beneficiary and/or Trustee, but without obligation to do so and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof or secured hereby, may within such times and in such manner as Beneficiary or Trustee may deem reasonable make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof. In connection therewith (without limiting their general powers), Beneficiary and/or Trustee shall have and are hereby given the rights (i) to make additions, alterations, repairs and improvements to the Trust Estate which they or either of them may consider necessary or proper to keep the Trust Estate in good condition and repair, (ii) to appear in and defend any action or proceeding purporting to affect the Trust Estate or any portion thereof or the rights or powers of Beneficiary or Trustee, (iii) to pay, purchase, contest or compromise any encumbrance, charge, or lien which in the judgment of either appears to be prior or superior hereto, and (iv) in exercising any such powers, to pay necessary expenses, employ counsel, accountants and other assistance and pay their actual fees. Any amounts expended by Beneficiary pursuant to this Section shall be additional indebtedness of Trustor to Beneficiary payable within thirty (30) days of Beneficiary's demand and shall bear interest from the date of expenditure to the date paid at the rate applicable under the Note. Nothing herein shall require Beneficiary or Trustee to incur any expense or to do any act hereunder.

4.11 Statute of Limitations. The pleading of the statute of limitations as a defense of this Deed of Trust, or any and all obligations referred to herein or secured hereby, is hereby waived to the full extent permissible by law.

4.12 Waiver of Right of Offset. No portion of the indebtedness secured by this Deed of Trust shall be or be deemed to be offset or compensated by all or any part of any claim, cause of action, counterclaim, or cross-claim, whether liquidated or unliquidated, which Trustor may have or claim to have against Beneficiary. Trustor waives, to the fullest extent permitted by applicable law, the benefits of California Code of Civil Procedure Section 431.70, which provides:

> "Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and an action is thereafter commenced by one such person, the other person may assert in the answer the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting the person's claim would at the time of filing the answer be barred by the statute of limitations. If the cross-demand would otherwise be barred by the statute of limitations, the relief accorded under this section shall not exceed the value of the relief granted to the other party. The defense provided by this section is not available if the cross-demand is barred for failure to assert it in a prior action under Section 426.30.

Neither person can be deprived of the benefits of this section by the assignment or death of the other. For the purposes of this section, a money judgment is a "demand for money" and, as applied to a money judgment, the demand is barred by the statute of limitations when enforcement of the judgment is barred under Chapter 3 (commencing with Section 683.010) of Division 1 of Title 9."

4.13 Waiver of Marshaling. Notwithstanding the existence of interests in the Trust Estate other than that created by this Deed of Trust, and notwithstanding any other provision of this Deed of Trust, upon an Event of Default, Beneficiary shall have the right, in Beneficiary's sole discretion, to determine the order in which the Trust Estate shall be subjected to the remedies provided in this Deed of Trust and to determine the order in which all or any part of the indebtedness secured by this Deed of Trust is satisfied from the proceeds realized upon the exercise of the remedies provided in this Deed of Trust. Trustor and any person who now has or hereafter acquires any interest in the Trust Estate with actual or constructive notice of this Deed of Trust waives any and all right to require a marshalling of assets in connection with the exercise of any of the remedies provided in this Deed of Trust or as otherwise provided by applicable law.

4.14 Taxation of Deed of Trust. In the event of the enactment of any law deducting from the value of the Trust Estate any mortgage lien on it, or imposing upon the Beneficiary the payment of all or part of the taxes, charges, or assessments previously paid by Trustor pursuant to this Deed of Trust, or changing the law relating to the taxation of mortgages, debts secured by mortgages, or Beneficiary's interest in the Trust Estate so as to impose new incidents of tax on Beneficiary, other than income taxes of Beneficiary; then Trustor shall pay such taxes or assessments or shall reimburse Beneficiary for payment of such taxes or assessments.

4.15 Merger or Termination of Lease. Upon the foreclosure of the lien of this Deed of Trust on the Trust Estate, any lease or sublease then existing and affecting all or any portion of the Trust Estate shall not be destroyed or terminated by application of the law of merger or as a matter of law or as a result of such foreclosure unless the Beneficiary or any purchaser at such foreclosure sale shall so elect. No act by or on behalf of Beneficiary or any such purchaser shall constitute a termination of any lease or sublease unless Beneficiary or such purchaser shall give written notice of its election of termination to such tenant or subtenant.

4.16 Request for Notice. In accordance with California Civil Code Section 2924b, Trustor hereby requests a copy of any notice of default and any notice of sale hereunder be mailed to it at the address set forth for Trustor in this Deed of Trust.

4.17 Further Assurances. Trustor agrees to do or cause to be done such further acts and things and to execute and deliver or to cause to be executed and delivered such additional assignments, agreements, powers and instruments, as Beneficiary may reasonably require or deem advisable to keep valid and effective the

lien and security interest of this Deed of Trust, to carry into effect the purposes of this Deed of Trust or to better assure and confirm to Beneficiary or Trustee its rights, powers and remedies under this Deed of Trust.

4.18 Attorneys' Fees. Trustor will give Beneficiary immediate written notice of any action or proceeding (including without limitation any judicial or nonjudicial proceeding to foreclose the lien of a junior or senior mortgage or deed of trust) affecting or purporting to affect the Trust Estate, this Deed of Trust, Beneficiary's security for the performance of Trustor's obligations under the Loan Agreement, and under the Note, or the right or powers of Beneficiary or Trustee under the Loan Agreement, the Note or this Deed of Trust. Notwithstanding any other provision of this Deed of Trust, Trustor agrees that upon the occurrence and during the continuance of an Event of Default, Beneficiary or Trustee may (but neither is obligated to) commence, appear in, prosecute, defend, compromise and settle, in Beneficiary's or Trustor's name, and as attorney-in-fact for Trustor, and incur necessary costs and expenses, including actual attorneys' fees, in pursuing any action or proceeding, whether judicial or nonjudicial, reasonably necessary to preserve or protect, or affecting or purporting to affect, the Trust Estate, this Deed of Trust, Beneficiary's security for the performance of Trustor's obligations under the Loan Agreement, the Note, or the rights or powers of Beneficiary or Trustee under the Loan Agreement, the Note or this Deed of Trust; and that, if neither Beneficiary nor Trustee elects to do so, Trustor will commence, appear in, prosecute, and defend any such action or proceeding. Trustor will pay all costs and expenses of Beneficiary and Trustee, including costs of evidence of title and actual attorneys' fees, in any such action or proceeding in which Beneficiary or Trustee may appear, or for which legal counsel is sought, whether by virtue of being made a party defendant or otherwise, and whether or not the interest of Beneficiary or Trustee in the Trust Estate is directly questioned in such action or proceeding, including without limitation any action for the condemnation or partition of all or any portion of the Trust Estate and any action brought by Beneficiary to foreclose this Deed of Trust or to enforce any of its terms or provisions. In addition to the foregoing award of attorneys' fees, Beneficiary or Trustee shall be entitled to attorneys' fees incurred in any postjudgment proceeding to enforce any judgment in connection with the Loan Agreement, the Note or this Deed of Trust. This provision is separate and several and shall survive the merger of this provision into any judgment.

4.19 Governing Law. This Deed of Trust is and shall be governed by and construed in accordance with the laws of the State of California.

35

IN WITNESS WHEREOF, Trustor has executed this Deed of Trust as of the date first set forth above.

TRUSTOR:

HAZENS INVESTMENT, LLC,
a California limited liability company

By: ______________________________
Fuer Yuan
Its Manager
[Signatures to be notarized]

36

STATE OF CALIFORNIA )
) ss.
COUNTY OF Los Angeles )

On Oct 31. 2013, before me, Dai Dai, Notary Public, personally appeared Fuer, Yuan, who proved to me on the basis of satisfactory evidence to be the person~~(s)~~ whose name~~(s)~~ is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity~~(ies)~~, and that by his/~~her/their~~ signature~~(s)~~ on the instrument the person~~(s)~~, or the entity upon behalf of which the person~~(s)~~ acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

[signature]
Signature (Seal)

DAI DAI
Commission # 2003843
Notary Public - California
Los Angeles County
My Comm. Expires Jan 12, 2017

37

Exhibit A
to Deed of Trust, Security Agreement and Fixture Filing
with Assignment of Rents and Leases

**LEGAL DESCRIPTION OF PROPERTY**

The land referred to herein is situated in the State of California, County of Los Angeles, City of Los Angeles, and described as follows:

PARCEL 1:

PARCEL "A" OF PARCEL MAP L.A. NO. 4316, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP FILED IN BOOK 121, PAGE 46 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 2:

THE FOLLOWING DESCRIBED EASEMENT AS CREATED BY THAT CERTAIN DOCUMENT ENTITLED "RECIPROCAL GRANT OF EASEMENTS AND MAINTENANCE AGREEMENT (DRIVEWAY)" DATED DECEMBER 5, 1980, AND RECORDED DECEMBER 5, 1980 AS INSTRUMENT NO. 80-1224234 OF OFFICIAL RECORDS.

A NON-EXCLUSIVE AND PERPETUAL EASEMENT, APPURTENANT TO PARCEL 1 ABOVE, FOR THE PURPOSE OF PEDESTRIAN AND VEHICULAR INGRESS, EGRESS AND ACCESS, MAINTENANCE, REPAIR AND REPLACEMENT OF DRIVEWAYS, UNDERGROUND UTILITIES, SEWERS, STORM DRAINS AND SIMILAR FACILITIES, CURBS, GUTTERS, TRAFFIC ISLANDS, LIGHTING FACILITIES, PLANTS AND LANDSCAPING, PLANTERS, SPRINKLERS AND VALVES AND INCIDENTAL PURPOSES; OVER, UNDER, ACROSS AND THROUGH, THE WESTERLY MOST 20 FEET OF PARCEL "B" AND "C" OF PARCEL MAP L.A. NO. 4316 (REFERRED TO IN PARCEL 1 ABOVE).

PARCEL 3:

THE FOLLOWING DESCRIBED EASEMENT AS CREATED BY THAT CERTAIN DOCUMENT ENTITLED "AMENDED AND RESTATED EASEMENT AGREEMENT (PARKING PARCEL)", DATED NOVEMBER 19, 1992, AND RECORDED NOVEMBER 25, 1992 AS INSTRUMENT NO. 92-2214470, OF OFFICIAL RECORDS.

A NON-EXCLUSIVE AND PERPETUAL EASEMENT FOR THE PURPOSE OF VEHICULAR PARKING; PEDESTRIAN AND VEHICULAR INGRESS, EGRESS AND ACCESS TO SUCH VEHICULAR PARKING; AND INCIDENTAL PURPOSES, OVER AND ACROSS THE FOLLOWING DESCRIBED PROPERTY:

FIRST:

LOTS 13, 14, 15, 16 AND 17 (EXCEPT THE WEST 125 FEET OF SAID LOT 17) OF TRACT NO. 13375, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 267, PAGES 43 AND 44 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

SECOND:

LOTS 85, 86, 87, 88, 89, 90, 91, 92, 93, 108, 109, 110, 111, 112, 113, 114, 115 AND 116 OF TRACT NO. 13403, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 268, PAGES 1 TO 3 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

THIRD:

LOTS 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205 AND 206 OF TRACT NO. 13711, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 276, PAGES 48 TO 50 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 4124-030-036