# EXHIBIT G

**This page is part of your document - DO NOT DISCARD**

# 20181159194

**Pages: 0015**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**11/16/18 AT 08:00AM**

| | |
|---|---|
| FEES: | 106.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 181.00 |

LEADSHEET

201811160220013

**00015955885**

009467749

**SEQ:**
**02**

SECURE - 8:00AM

**THIS FORM IS NOT TO BE DUPLICATED**

E464727

E08_181116_6015243

RECORDING REQUESTED BY AND
WHEN RECORDED MAILED TO:

Squire Patton Boggs (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071-2300
Attention: Patrick Fields

---

Addresses: 6101 West Century Boulevard, Los Angeles California 90045
APN: 4124-030-036

**FIRST AMENDMENT TO DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING WITH ASSIGNMENT OF RENTS AND LEASES**

THIS FIRST AMENDMENT TO DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING WITH ASSIGNMENT OF RENTS AND LEASES (this "First Amendment") is executed on the dates indicated by the notary acknowledgments hereto, with effect as of **November 16, 2018**, by and between HAZENS INVESTMENT, LLC, a California limited liability company ("Borrower"), and CMB WING LUNG BANK, LTD., a Hong Kong bank acting through its Los Angeles Branch ("Lender"), with reference to the following facts:

WHEREAS, Borrower and Lender are parties to that certain Term Loan Agreement dated as of October 31, 2013 ("Original Loan Agreement"), whereby Borrower obtained from Lender a loan in the principal sum of up to Fifty-Five Million United States Dollars (US$55,000,000) and Borrower executed in favor of Lender that Promissory Note Secured by Deed of Trust dated as of October 31, 2013 ("Original Note") in connection with the Loan Agreement;

WHEREAS, Borrower's obligations under the Original Loan Agreement are secured by a Deed of Trust, Security Agreement, and Fixture Filing with Assignment of Rents and Leases dated as of October 31, 2013 and recorded in the Official Records of Los Angeles County on November 20, 2013 as Instrument Number 20131647681 ("Original Deed of Trust"), on certain real property located in the County of Los Angeles, California, which real property is more specifically described in Exhibit A attached hereto, having an address of 6101 West Century Boulevard, Los Angeles California 90045 (which real property, including all existing and future improvements thereon, fixtures and rights appurtenant thereto, is referred to below as the "Property");

WHEREAS, the outstanding balance principal balance of the Original Note was $49,421,632 as of May 15, 2018;

WHEREAS, Borrower and Lender are parties to that certain Revolving Credit Agreement dated as of May 23, 2016 (the "Revolving Credit Agreement") pursuant to which Lender agreed to lend and Borrower agreed to borrow a revolving line of credit in the original principal sum of up to Twenty Million United States Dollars





Exempt from fee per GC 27388.1 (a) (1);
fee cap of $225 reached

97788-X27

(US$20,000,000.00) and Borrower executed in favor of Lender that Revolving Credit Promissory Note Secured by Deed of Trust dated as of May 23, 2016 in connection with the Revolving Credit Agreement;

WHEREAS, Borrower's obligations under the Revolving Credit Agreement are secured by a Deed of Trust, Security Agreement, and Fixture Filing with Assignment of Rents and Leases dated as of May 23, 2016 and recorded in the Official Records of Los Angeles County on May 25, 2016 as Instrument Number 20160598365;

WHEREAS, Borrower desires to extend the maturity of the Original Loan Agreement and Original Note and to have its renewed obligations under the Revolving Credit Agreement documented as an amendment to the Original Loan Agreement, with the combined obligations to be secured hereafter by the Original Deed of Trust and the other security documents executed by Borrower pursuant to the Original Loan Agreement, as amended, and Lender is willing to do so, subject to the terms and conditions of that Amended and Restated Loan Agreement between Borrower and Lender, dated as of **November 16, 2018** ("Amended Restated Loan Agreement"), amending and restating the Original Loan Agreement.

NOW, THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which is hereby conclusively acknowledged, the parties hereto agree as follows:

1. Each of the terms defined in the Amended Restated Loan Agreement, unless otherwise defined in this First Amendment, shall have the same meaning when used herein.

2. The Original Deed of Trust is hereby amended as follows:

(a) The second paragraph on page 1 of the Original Deed of Trust is hereby amended and restated in its entirety to read as follows:

> As is more specifically set forth below, this Deed of Trust is given to secure performance of obligations of Trustor to Beneficiary pursuant to the provisions of that certain Loan Agreement (as hereinafter defined) and certain other agreements executed in connection therewith, all dated as of the date hereof, by and between Trustor and Beneficiary concerning a term loan in the original principal amount of Forty-Eight Million Four Hundred Ninety-Five Thousand Five Hundred Eighty-Two and 53/100 United States Dollars ($48,495,582.53) and a revolving credit facility of up to the principal amount of Twenty Million United States Dollars (US$20,000,000), each from Beneficiary to Trustor.

(b) Paragraphs A through E under heading "FOR THE PURPOSE OF SECURING" in the Original Deed of Trust are hereby amended and restated in their entirety to read as follows:

A. Performance of all obligations of Trustor under that certain Amended and Restated Loan Agreement dated as of the date hereof, by and between Trustor and Beneficiary (as amended or supplemented from time to time, the "Loan Agreement"), and under the other Loan Documents (as defined in the Loan Agreement), except for the Environmental Indemnity;

B. Payment of indebtedness in the total principal amount of up to Forty-Eight Million Four Hundred Ninety-Five Thousand Five Hundred Eighty-Two and 53/100 United States Dollars ($48,495,582.53), or so much as may have been disbursed, which includes future amounts, with interest thereon, and performance of all obligations of Trustor under that certain Promissory Note Secured by Deed of Trust dated as of the date hereof, made by Trustor payable to the order of Beneficiary, and any and all modifications, extensions, restatements and renewals thereof (the "Term Note");

C. Payment of indebtedness in the total principal amount of up to Twenty Million United States Dollars (US$20,000,000), or so much as may have been disbursed, which includes future amounts, with interest thereon, and performance of all obligations of Trustor under that certain Revolving Credit Note Secured by Deed of Trust dated as of the date hereof, made by Trustor payable to the order of Beneficiary, and any and all modifications, extensions, restatements and renewals thereof (the "Revolving Note");

D. The payment of all sums paid or expended by Beneficiary in accordance with the terms of this Deed of Trust to protect the Trust Estate, which will be considered to be an indebtedness of Trustor to Beneficiary hereunder, payable to Beneficiary within thirty (30) days of Beneficiary's demand, with interest thereon from the date such sums are paid or expended by Beneficiary until paid at the rate and in accordance with the other terms set forth in the Term Note and the Revolving Note;

E. The performance of all obligations of Trustor set forth herein; and

F. The payment of any sums and interest thereon which may hereafter be lent to Trustor, its partners, if any, successors or assigns, by Beneficiary, which are evidenced

by a promissory note or notes reciting that they are secured by this Deed of Trust.

(c) Section 1.1 of the Original Deed of Trust is hereby amended and restated in its entirety to read as follows:

1.1 Performance of Secured Obligations. Trustor shall pay or otherwise perform all obligations secured hereby in accordance with their terms. Trustor acknowledges that each of the Term Note and the Revolving Note provides for a variable interest rate. Trustor acknowledges that the Loan Agreement provides for a revolving line of credit, the outstanding balance of which may from time to time may be zero, but in such cases this Deed of Trust shall continue to remain in effect for so long as Beneficiary shall have any outstanding commitment to lend to Trustor.

(d) Paragraph (a) of Section 1.4 of the Original Deed of Trust is hereby amended and restated in its entirety to read as follows:

(a) A policy or policies of, boiler and machinery insurance (including equipment breakdown), and general property insurance insuring the Trust Estate against loss or damage by fire and lightning and against loss or damage by other risks embraced by coverage of the type now known as the special form of coverage, including but not limited to riot and civil commotion, vandalism and malicious mischief, and against such other risks or hazards as Beneficiary may from time to time reasonably designate (other than terrorism or earthquake insurance), each in an amount sufficient to prevent Beneficiary or Trustor from becoming a co-insurer under the terms of the applicable policies, but each in any event in an amount not less than the lower of Sixty-Eight Million Four Hundred Ninety-Five Thousand Five Hundred Eighty-Two and 53/100 Dollars ($68,495,582.53) or 100% of the then full replacement cost of the Improvements (exclusive of the cost of excavations, foundations and footings below the lowest basement floor) without deduction for physical depreciation and each such policy shall contain a Replacement Cost Endorsement, if available. Beneficiary shall be named as Loss Payee under such policy or policies.

(e) The references to "Note" in Section 1.5, paragraph (d) of Section 1.7, Section 1.8, Section 1.10, paragraph (f) of Section 1.21, paragraph (c) of Section 3.3, and Section 4.10 of the Original Deed of Trust are each hereby amended and restated to read as "Term Note".

(f) Section 1.11 of the Original Deed of Trust is hereby amended and restated in its entirety to read as follows:

1.11 Acceleration on Transfer or Encumbrance of the Trust Estate. If Trustor sells, contracts to sell, gives an option to purchase, conveys, leases, encumbers, or alienates all or any portion of the Trust Estate, or any interest in the Trust Estate (excluding commercial space leases in the ordinary course of Trustor's business), or suffers its title, or any interest in the Trust Estate, to be divested, whether voluntarily or involuntarily, or in the event of a sale or transfer of beneficial interest in Trustor (if Trustor is a corporation, partnership, limited liability company, association, trust, or other legal entity) of any of the beneficial ownership interests of Trustor outstanding at the date of this Deed of Trust, or if title to such Trust Estate be subject to any lien or charge, voluntarily or involuntarily, contractual or statutory, without the written consent of Beneficiary being first had and obtained (except for taxes which constitute liens not yet due and such lien rights which have not yet resulted in lien notices or actions to foreclose such liens), Beneficiary, at Beneficiary's option, may, without prior notice, declare all sums secured by this Deed of Trust, irrespective of their stated due date, immediately due and payable, and may exercise all rights and remedies provided in this Deed of Trust.

(g) The definition of "Environmental Law" in Section 1.20 of the Original Deed of Trust is hereby amended and restated in its entirety to read as follows:

"Environmental Law" shall mean any federal, state, or local law, statute, ordinance, or regulation which imposes any liability or disability on any owner, occupant, lender, mortgagee, or party in interest or which places any restriction on the ownership, occupancy, transferability, or use of any real property by reason of any presence or use of or occurrence regarding any Hazardous Substance, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA") 42 U.S.C. Section 9601 et seq., as amended by Superfund Amendments and Reauthorization Act of 1986 ("SARA"), Pub. L. 99-499, 100 Stat. 1613, the Resource Conservation and Recovery Act of 1976 ("RCRA"), 42 U.S.C. Section 6901 et seq., the Clean Air Act ("CAA"), P.L. 84-159, as amended by Pub. L. 98-213, 42 U.S.C. Section 7401 et seq., the Federal Water Pollution Control Act (as amended by the Clean Water Act of 1977 ("WP")), 33

U.S.C. Section 1251 et seq., the Toxic Substances Control Act of 1976 ("TSCA"), 15 U.S.C. Section 2601 et seq., the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801 et seq., the Emergency Planning and Community Right-to-Know Act, 42 U.S.C. Section 11001 et seq.; California Health and Safety Code, Section 25100 et seq., California Health and Safety Code, Section 25249.5 et seq., California Health and Safety Code, Section 25280 et seq., California Health and Safety Code, Section 25300 et seq., and California Water Code Sections 13000 et seq., and any modifications, amendments, and successors to any of the foregoing.

(h) Paragraph (d) of Section 1.20 of the Original Deed of Trust is hereby amended and restated in its entirety to read as follows:

(d) Waiver of Lien. In accordance with California Code of Civil Procedure Section 726.5, Beneficiary may waive its lien against the Trust Estate or any portion thereof, together with fixtures or personal property thereon, to the extent such property is found to be environmentally impaired, and may exercise any and all rights and remedies of an unsecured creditor against Trustor and all of Trustor's assets and property for the recovery of any deficiency, including without limitation seeking an attachment order under California Code of Civil Procedure Section 483.010. No such waiver shall be final or binding, on Beneficiary unless and until a final money judgment is obtained against Trustor. As between Beneficiary and Trustor, for purposes of California Code of Civil Procedure Section 726.5, Trustor shall have the burden of proving that the release or threatened release was not knowingly or negligently caused or contributed to, or knowingly or willfully permitted or acquiesced to by Trustor or any related party (or any affiliate or agent of Trustor or any related party) and that Trustor made written disclosure of the release to Beneficiary or that Beneficiary otherwise obtained actual knowledge thereof prior to the making of the loans evidenced by the Term Note and the Revolving Note. Notwithstanding anything to the contrary contained in this Deed of Trust or the other Loan Documents, Trustor shall be fully and personally liable for all judgments and awards entered against Trustor pursuant to California Code of Civil Procedure 726.5 and such liability shall be an exception to any non-recourse or exculpatory provision in this Deed of Trust or the other Loan Documents and shall not be limited to the original principal amount of the obligations secured by this Deed of Trust. Trustor's obligations under this Section

1.20 shall survive the foreclosure, deed in lieu of foreclosure, release, reconveyance or any other transfer of the Trust Estate or this Deed of Trust. For the purpose of any action brought under this Section, Trustor hereby waives the defense of laches and any applicable statute of limitations. For purposes of California Code of Civil Procedure 726.5, the acts, knowledge and notice of each "726.5 Party" shall be attributed to and be deemed to have been performed by the party or parties then obligated on and liable for payment of the Term Note or the Revolving Note. As used herein, "726.5 Party" shall mean Trustor, any successor owner to Trustor of all or any portion of the Trust Estate, any related party of Trustor or any such successor and any affiliate or agent of Trustor, any such successor or any such related party.

(i) Paragraph (e) of Section 1.20 of the Original Deed of Trust is hereby amended and restated in its entirety to read as follows:

(e) Action for Environmental Claims. In accordance with, and subject to limitations of, California Code of Civil Procedure Section 736, Beneficiary may seek a judgment that Trustor has breached its covenants, representations and/or warranties with respect to the environmental matters contained in this Section 1.20 (the "Environmental Provisions"), and may commence and maintain an action or actions in any court of competent jurisdiction for enforcement of the Environmental Provisions and/or recovery of any all costs, damages, expenses, fees, penalties, fines, judgments, indemnification payments to third parties, and other out-of-pocket costs or expenses (including without limitation court costs, consultants' fees and reasonable attorneys' fees, whether incurred in litigation or not and whether before or after judgment), incurred or advanced by Beneficiary pursuant to the Environmental Provisions (collectively, the "Environmental Costs"), excluding, however, any Environmental Costs not permitted to be recovered pursuant to Section 736 of the California Code of Civil Procedure. Environmental Costs that are not permitted to be recovered pursuant to Section 736 may be referred to hereinafter as the "Unsecured Environmental Costs," and Environmental Costs other than the Unsecured Environmental Costs may be referred to hereinafter as the "Secured Environmental Costs." Any Unsecured Environmental Costs shall not be secured by this Deed of Trust; provided, however, nothing herein shall prevent Beneficiary from recovering any Unsecured Environmental Costs pursuant to the Amended

and Restated Unsecured Environmental Indemnity agreement (the "Indemnity Agreement") of even date herewith by Trustor in favor of Beneficiary, to the extent they are recoverable in accordance with said Indemnity Agreement. All Secured Environmental Costs incurred by Beneficiary shall bear interest at the rate applicable to amounts that are not paid when due under the Term Note, after the expiration of any applicable grace period. All Secured Environmental Costs together with interest thereon at the rate then in effect under the Term Note shall be secured by this Deed of Trust and shall enjoy the same priority as the original principal amount of the Term Note and the Revolving Note. Trustor acknowledges and agrees that notwithstanding any term or provision contained in this Deed of Trust or in the other Loan Documents, Secured Environmental Costs shall be exceptions to any nonrecourse or exculpatory provision, if any, and Trustor shall be fully and personally liable for Secured Environmental Costs. Such liability shall not be limited to the original principal amount of the obligations secured by this Deed of Trust. Trustor's obligations under this Section 1.20 shall survive foreclosure, deed in lieu of foreclosure, release, reconveyance or any other transfer of the Trust Estate or this Deed of Trust. For the purposes of any action brought under this Section, Trustor hereby waives the defense of laches and any applicable statute of limitations.

(j) Paragraph (b) of Section 3.3 of the Original Deed of Trust is hereby amended and restated in its entirety to read as follows:

(b) Beneficiary, from time to time before Trustee's sale, may rescind any such notice of breach or default and of election to cause the Trust Estate to be sold by executing and delivering to Trustee a written notice of such rescission, which notice, when recorded, shall also constitute a cancellation of any prior declaration of default and demand for sale. The exercise by Beneficiary of such right of rescission shall not constitute a waiver of any breach or default then existing or subsequently occurring, or impair the right of Beneficiary to execute and deliver to Trustee, as above provided, other declarations of default and demand for sale, and notices of breach or default, and of election to cause the Trust Estate to be sold to satisfy the obligations hereof, nor otherwise affect any provision, agreement, covenant or condition of the Term Note, the Revolving Note, the Loan Agreement and/or of this Deed of Trust or any of the rights, obligations or remedies of the parties hereunder.

(k) The addresses of Trustor and Beneficiary in Section 4.1 of the Original Deed of Trust are hereby amended and restated in their entirety to read as follows:

Trustor: Hazens Investment, LLC
8808 Mission Drive, Suite #109
Rosemead, CA 91770
Attention: Carol Liu
Telephone: 626-731-0915

Beneficiary: CMB Wing Lung Bank Limited
520 Newport Center Drive, Suite 1600
Newport Beach, California 92660
Attention: Mr. Jian Ma, Head of US Operations
Telephone: (949) 269-3000
Facsimile: (949) 269-3044

(l) Section 4.18 of the Original Deed of Trust is hereby amended and restated in its entirety to read as follows:

4.18 Attorneys' Fees. Trustor will give Beneficiary immediate written notice of any action or proceeding (including without limitation any judicial or nonjudicial proceeding to foreclose the lien of a junior or senior mortgage or deed of trust) affecting or purporting to affect the Trust Estate, this Deed of Trust, Beneficiary's security for the performance of Trustor's obligations under the Loan Agreement, and under the Term Note, the Revolving Note, or the right or powers of Beneficiary or Trustee under the Loan Agreement, the Term Note, the Revolving Note, or this Deed of Trust. Notwithstanding any other provision of this Deed of Trust, Trustor agrees that upon the occurrence and during the continuance of an Event of Default, Beneficiary or Trustee may (but neither is obligated to) commence, appear in, prosecute, defend, compromise and settle, in Beneficiary's or Trustor's name, and as attorney in fact for Trustor, and incur necessary costs and expenses, including actual attorneys' fees, in pursuing any action or proceeding, whether judicial or nonjudicial, reasonably necessary to preserve or protect, or affecting or purporting to affect, the Trust Estate, this Deed of Trust, Beneficiary's security for the performance of Trustor's obligations under the Loan Agreement, the Term Note, the Revolving Note, or the rights or powers of Beneficiary or Trustee under the Loan Agreement, the Term Note, the Revolving Note, or this Deed of Trust; and that, if neither Beneficiary nor Trustee elects to do so, Trustor will commence, appear in, prosecute, and

defend any such action or proceeding. Trustor will pay all costs and expenses of Beneficiary and Trustee, including costs of evidence of title and actual attorneys' fees, in any such action or proceeding in which Beneficiary or Trustee may appear, or for which legal counsel is sought, whether by virtue of being made a party defendant or otherwise, and whether or not the interest of Beneficiary or Trustee in the Trust Estate is directly questioned in such action or proceeding, including without limitation any action for the condemnation or partition of all or any portion of the Trust Estate and any action brought by Beneficiary to foreclose this Deed of Trust or to enforce any of its terms or provisions. In addition to the foregoing award of attorneys' fees, Beneficiary or Trustee shall be entitled to attorneys' fees incurred in any post-judgment proceeding to enforce any judgment in connection with the Loan Agreement, the Term Note, the Revolving Note, or this Deed of Trust. This provision is separate and several and shall survive the merger of this provision into any judgment.

3. Except as specifically supplemented and amended hereby, the Deed of Trust shall remain unaffected and unchanged by reason of this First Amendment.

4. This First Amendment shall be governed by and construed in accordance with the laws of the State of California.

[ *The remainder of this page is intentionally blank; signature page follows.* ]

IN WITNESS WHEREOF, the parties have executed this First Amendment as of the date first set forth above.

HAZENS INVESTMENT, LLC,
a California limited liability company

By: ______________________
Name: Fuer Yuan
Title: Its Manager

CMB WING LUNG BANK, LTD , a Hong Kong bank acting through its Los Angeles Branch

By: ______________________
Name: Jian Ma
Title: EVP & Head of US Operations

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
) ss.
COUNTY OF Los Angeles )

On October 11, 2018, before me, **Mabel Choy**, Notary Public, personally appeared **Fuer Yuan**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

MABEL CHOY
Commission # 2087067
Notary Public - California
Los Angeles County
My Comm. Expires Nov 17, 2018

Signature (Seal)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
) ss.
COUNTY OF Los Angeles )

On October 11, 2018, before me, **Mabel Choy**, Notary Public, personally appeared ***Jian Ma*****, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal.

MABEL CHOY
Commission # 2087067
Notary Public - California
Los Angeles County
My Comm Expires Nov 17, 2018

Signature (Seal)



010-8680-4886/1
054754 00024

Exhibit A to
First Amendment to Deed of Trust, Security Agreement and Fixture Filing with Assignment of Rents and Leases

LEGAL DESCRIPTION OF PROPERTY

The land referred to herein is situated in the State of California, County of Los Angeles, City of Los Angeles, and described as follows:

PARCEL 1:

PARCEL "A" OF PARCEL MAP L.A. NO. 4316, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP FILED IN BOOK 121, PAGE 46 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 2:

THE FOLLOWING DESCRIBED EASEMENT AS CREATED BY THAT CERTAIN DOCUMENT ENTITLED "RECIPROCAL GRANT OF EASEMENTS AND MAINTENANCE AGREEMENT (DRIVEWAY)" DATED DECEMBER 5, 1980, AND RECORDED DECEMBER 5, 1980 AS INSTRUMENT NO. 80-1224234 OF OFFICIAL RECORDS.

A NON-EXCLUSIVE AND PERPETUAL EASEMENT, APPURTENANT TO PARCEL 1 ABOVE, FOR THE PURPOSE OF PEDESTRIAN AND VEHICULAR INGRESS, EGRESS AND ACCESS, MAINTENANCE, REPAIR AND REPLACEMENT OF DRIVEWAYS, UNDERGROUND UTILITIES, SEWERS, STORM DRAINS AND SIMILAR FACILITIES, CURBS, GUTTERS, TRAFFIC ISLANDS, LIGHTING FACILITIES, PLANTS AND LANDSCAPING, PLANTERS, SPRINKLERS AND VALVES AND INCIDENTAL PURPOSES; OVER, UNDER, ACROSS AND THROUGH, THE WESTERLY MOST 20 FEET OF PARCEL "B" AND "C" OF PARCEL MAP L.A. NO. 4316 (REFERRED TO IN PARCEL 1 ABOVE).

PARCEL 3:

THE FOLLOWING DESCRIBED EASEMENT AS CREATED BY THAT CERTAIN DOCUMENT ENTITLED "AMENDED AND RESTATED EASEMENT AGREEMENT (PARKING PARCEL)", DATED NOVEMBER 19, 1992, AND RECORDED NOVEMBER 25, 1992 AS INSTRUMENT NO. 92-2214470, OF OFFICIAL RECORDS.

A NON-EXCLUSIVE AND PERPETUAL EASEMENT FOR THE PURPOSE OF VEHICULAR PARKING; PEDESTRIAN AND VEHICULAR INGRESS, EGRESS AND ACCESS TO SUCH VEHICULAR PARKING; AND INCIDENTAL PURPOSES, OVER AND ACROSS THE FOLLOWING DESCRIBED PROPERTY:

FIRST:

LOTS 13, 14, 15, 16 AND 17 (EXCEPT THE WEST 125 FEET OF SAID LOT 17) OF TRACT NO. 13375, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 267, PAGES 43 AND 44 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

SECOND:

LOTS 85, 86, 87, 88, 89, 90, 91, 92, 93, 108, 109, 110, 111, 112, 113, 114, 115 AND 116 OF TRACT NO. 13403, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 268, PAGES 1 TO 3 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

THIRD:

LOTS 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205 AND 206 OF TRACT NO. 13711, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 276, PAGES 48 TO 50 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 4124-030-036