Alejandro S. Angulo (State Bar No. 217823)
aangulo@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA  92612
Telephone:  714-641-5100
Facsimile:  714-546-9035

Attorneys for Respondent
FUER YUAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDUSTRIAL BANK CO., LTD. SHENZHEN BRANCH,<br><br>Petitioner,<br><br>vs.<br><br>FUER YUAN,<br><br>Respondent. | Case No. 2:26-cv-01256-ODW-ADS<br><br>Judge: Otis D. Wright II<br><br>**RESPONDENT FUER YUAN'S REPLY TO PETITIONER'S OPPOSITION TO FUER YUAN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE QUASH SERVICE OF PROCESS**<br><br>Date Action Filed:  February 7, 2026<br>Trial Date:          None Set |

Rutan & Tucker, LLP
attorneys at law

3122/040389-0002
23970813.1 a06/29/26

-1-

REPLY TO PETITIONER'S OPPOSITION TO
FUER YUAN'S MOTION TO DISMISS

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................5

I.  SERVICE OF THE PETITION WAS IMPROPER ........................................5

    A.  Mr. Yuan Did Not Waive Applicability Of The Hague Convention .............................................................................................5

    B.  The Hague Convention Applies Even If Rule 5 Governs....................6

II.  INDUSTRIAL'S SERVICE AT MR. YUAN'S PURPORTED OFFICE AND HOME ARE IMPROPER..........................................................7

III.  JURISDICTION OVER MR. YUAN REMAINS LACKING......................8

    A.  Quasi In Rem Jurisdiction Does Not Apply Because Mr. Yuan Does Not Have Assets In California .............................................8

    B.  Specific Jurisdiction Remains Lacking.............................................8

    C.  General Jurisdiction Remains Lacking ............................................10

    D.  The Discovery Request Should Be Denied.......................................10

        1.  Industrial Has Not Shown That Discovery Will Enable It To Make A Prima Facie Showing Of Jurisdictional Facts .......................................................................11

        2.  Industrial Did Not Articulate The Discovery It Seeks ........................................................................................11

IV.  CONCLUSION ........................................................................................12

Rutan & Tucker, LLP
attorneys at law

3122/040389-0002
23970813.1 a06/29/26

-2-

REPLY TO PETITIONER'S OPPOSITION TO
FUER YUAN'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Barantsevich v. VTB Bank*,
954 F. Supp. 2d 972 (C.D. Cal. 2013)...................................................................11

*Brockmeyer v. May*,
383 F.3d 798 (9th Cir. 2004)..........................................................................6, 7

*Cerner Middle E., Ltd. v. iCapital, LLC*,
939 F.3d 1016 (9th Cir. 2019)..............................................................................8

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
284 F.3d 1114 (9th Cir. 2022)..............................................................................8

*Holder v. Holder*,
305 F.3d 854 (9th Cir. 2019)................................................................................6

*Honcharov v. Barr*,
924 F.3d 1293 (9th Cir. 2019).............................................................................6

*LNS Enters. LLC v. Cont'l Motors, Inc.*,
22 F.4th 852 (9th Cir. 2022)...............................................................................11

*Lustig v. AzGen Sci. Holdings PLC*,
No. 18-cv-07503-HSG, 2020 WL 2614778 (N.D. Cal. May 21, 2020)..............7

*MG Freesites Ltd. v. DISH Techs. L.L.C.*,
712 F. Supp. 3d 1318 (N.D. Cal. 2024)..................................................10, 11, 12

*Motu Novu, LLC v. Percival*,
No. 4:16-cv-06545-SBA, 2017 WL 7243462 (N.D. Cal. Dec. 1, 2017)..............8

*Office Depot, Inc. v. Zuccarini*,
596 F.3d 696 (9th Cir. 2010)...............................................................................8

*Revman Int'l, Inc. v. SEL Manufacturing Co.*,
No. 7:17-cv-01944-BHH, 2019 WL 10893956 (D.S.C. Mar. 26, 2019) .............5

*Shaffer v. Heitner*,
433 U.S. 186 (1997) .............................................................................................8

Rutan & Tucker, LLP
attorneys at law

3122/040389-0002
23970813.1 a06/29/26

-3-

REPLY TO PETITIONER'S OPPOSITION TO
FUER YUAN'S MOTION TO DISMISS

**Page(s)**

*Sharma v. Volkswagen AG,*
    524 F. Supp. 3d 891 (N.D. Cal. 2021)..................................................................11, 12

*Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi,*
    164 F.4th 164 (2d Cir. 2025) ..........................................................................7

*Trade Well Int'l v. United Cent. Bank,*
    825 F.3d 854 (7th Cir. 2016) ..........................................................................7

*Voltage Pictures, LLC v. Gussi, S.A. de C.V.,*
    92 F.4th 815 (9th Cir. 2024) ....................................................................5, 6, 7

*Yamashita v. LG Chem, Ltd.,*
    62 F.4th 496 (9th Cir. 2023) ......................................................................10, 11

**OTHER AUTHORITIES**

Hague Convention
    Article 10 ..............................................................................................6, 7
    Rule 4 ......................................................................................................7
    Rule 5 ..................................................................................................6, 7

Rutan & Tucker, LLP
attorneys at law

3122/040389-0002
23970813.1 a06/29/26

-4-

REPLY TO PETITIONER'S OPPOSITION TO
FUER YUAN'S MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

Respondent Fuer Yuan ("Respondent" or "Mr. Yuan") submits this Reply to Petitioner Industrial Bank Co., Ltd., Shenzhen Branch's ("Petitioner" or "Industrial") Opposition to Respondent's Motion to Dismiss for Lack of Personal Jurisdiction, or in The Alternative, Quash Service of Process (the "Motion").

## I.   SERVICE OF THE PETITION WAS IMPROPER

### A.   Mr. Yuan Did Not Waive Applicability Of The Hague Convention

Pointing to *Voltage* and the Guarantees, Industrial contends that Mr. Yuan waived all rights under the Hague Convention. Opp., p. 12:20-13:26. Not so. The contract in *Voltage* had an obvious nexus with petitioner's chosen venue (Los Angeles) such that waiver of the Hague Convention was express and obvious. In that contract, the parties agreed (a) to submit to the jurisdiction of courts in Los Angeles, including for the *specific purposes of confirming an arbitration award*, (b) that it is governed by California law, and (c) an express Hague Convention waiver. *See also*, *Revman Int'l, Inc. v. SEL Manufacturing Co.*, No. 7:17-cv-01944-BHH, 2019 WL 10893956 (D.S.C. Mar. 26, 2019), at *1-2 (service by mail appropriate where contract contains South Carolina venue and service by mail provisions). Under those limited facts, *Voltage* correctly held that service by mail was proper. What Voltage did not answer, however, is whether service by mail is proper where, like here, the agreement *has no nexus to the chosen venue and no express Hague Convention waiver* despite containing a service by mail provision.

There is no nexus between the Guarantees and Industrial's chosen venue (Los Angeles). Unlike in *Voltage*, the Guarantees (a) require all disputes to be resolved by arbitration in China, (b) are governed by the laws of China, and (c) *do not* include an express Hague Convention waiver. The Guarantees do not mention Los Angeles, California, the United States, or the Hague Convention. *See generally*, Dkt. 1-12, pp. 1-34; Dkt. 1-13, pp. 1-37.

Industrial's analysis would lead to a result that is inconsistent with an

Rutan & Tucker, LLP
attorneys at law

3122/040389-0002
23970813.1 a06/29/26

-5-

REPLY TO PETITIONER'S OPPOSITION TO
FUER YUAN'S MOTION TO DISMISS

intentional waiver of rights, including rights under the Hague Convention. *See*, *Honcharov v. Barr*, 924 F.3d 1293, 1295, fn. 1 (9th Cir. 2019) ("…waiver is the intentional relinquishment or abandonment of a known right"); *cf.*, *Holder v. Holder*, 305 F.3d 854, 872-73 (9th Cir. 2019) (party did not intend to relinquish rights under the Hague Convention – Civil Aspects of International Child Abduction). Under Industrial's analysis, venue and service of process of a proceeding would be proper *anywhere* in the world a petitioner chooses even in the total absence of any nexus between the agreement and the chosen venue. Under Industrial's analysis, this would amount to an intentional relinquishment of all rights under the Hague Convention.

Mr. Yuan did not waive the applicability of the Hague Convention.

**B.      The Hague Convention Applies Even If Rule 5 Governs**

Industrial contends that *Voltage* applies. It does not. *Voltage* did not address *initial* service of process on a party that has no counsel in the United States and cannot be found in any judicial district. *See generally*, *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815 (9th Cir. 2024) ("*Voltage*"). The purported service of the petition is, unlike in *Voltage*, the *initial* service on Mr. Yuan. Unlike here, service in *Voltage* was effected by mailing the motion to respondent's Los Angeles-based attorney who represented respondent in a Los Angeles-based arbitration. *Id.* at 821.

And while *Voltage* does not apply here, *Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004) is instructive where a party seeks to accomplish service by mail like Industrial. *Brockmeyer* teaches that compliance with the Hague Convention is mandatory when serving a foreign party abroad, and that unless the state of destination does not object, Article 10 of the Convention does not interfere with the freedom to serve judicial documents abroad, *provided that the law of the forum permits such service. Id.* at 801, 804. Thus, the state of destination must not have objected to Article 10 for service by mail to be effective.

While *Brockmeyer* involved service of process under Rule 5, the conclusion is the same when service is accomplished under Rule 4 since the service at issue is by mail. *Voltage* did not address Section 10's applicability – and there was no reason to because, unlike in *Brockmeyer*, the respondent in *Voltage* had already appeared in Los Angeles at arbitration. Moreover, *Lustig v. AzGen Sci. Holdings PLC*, No. 18-cv-07503-HSG, 2020 WL 2614778 (N.D. Cal. May 21, 2020) also does apply since, unlike here, the defendant waived service of process such that Article 10 was not implicated. *Lustig* at *5. Further, *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854 (7th Cir. 2016) notes Article 10's applicability when discussing Rule 4 and 5. In short, Article 10's application is dispositive when service is purportedly accomplished by mail.

Here, service by mail is not effective because China, the state of destination under Article 10, objected to Article 10. *Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 170 (2d Cir. 2025) (China has "…objected to service 'by the methods provided by Article 10…'"). Thus, Industrial was required to comply with the Hague Convention when effecting service by mail, which it did not do. The Motion must be granted.

## II.  INDUSTRIAL'S SERVICE AT MR. YUAN'S PURPORTED OFFICE AND HOME ARE IMPROPER

Industrial contends that its service at the San Marino, California home and the Arcadia office were effective. In support, Industrial weaves a fictional – and defamatory – story about bigamous marriages and fraudulent transfers and ultimately, contends that Mr. Yuan beneficially owns the home in San Marino. Industrial has provided no facts evidence supporting these assertions. And it certainly could have given that it is in active litigation concerning fraudulent transfers; that is, Industrial would have provided evidence from that action if it had it. Mr. Yuan's explanation of the San Marino home is unrebutted and service there was improper.

Industrial's story about Mr. Yuan having an office in California also fails. The question is not whether an entity in which Mr. Yuan might have an investment has an office in California. The question is whether *Mr. Yuan* maintains an office. Short of conjecture and speculation, the evidence is undisputed that *he* does not.

## III.    JURISDICTION OVER MR. YUAN REMAINS LACKING

### A.    Quasi In Rem Jurisdiction Does Not Apply Because Mr. Yuan Does Not Have Assets In California

Stating the obvious, quasi in rem jurisdiction extends solely to property owned by the defendant, not property owned by others. All the cases cited by Industrial make that clear and at least one court declined to exercise quasi in rem jurisdiction because the defendant *did not* have assets in the forum despite the plaintiff's belief to the contrary.[1] Here, Industrial has failed to identify *any* property that Mr. Yuan owns in California. Industrial's suspicions are insufficient for quasi in rem jurisdiction. *Glencore*, 284 F.3d at 1128 (a good faith belief that property exists "is simply not enough" for quasi in rem jurisdiction).

### B.    Specific Jurisdiction Remains Lacking

*As to purposeful availment*, Industrial has not shown any recent acts whereby Mr. Yuan has availed himself to the laws of California. Instead, Industrial turns to asserting a factual narrative unsupported by the evidence. For example, there is no evidence that Mr. Yuan orchestrated a fraudulent transfer scheme, or that he made

---

[1]    *See*, *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1127-28 (9th Cir. 2022) (in rem jurisdiction improper where plaintiff cannot identify any property owned by defendant); *Shaffer v. Heitner*, 433 U.S. 186, 207 (1997) (recognizing that once it is established that defendant is "a debtor of plaintiff, there would be no unfairness in allowing an action to realize on that debt in a State where *the defendant has property…*" [emphasis added]); *Motu Novu, LLC v. Percival*, No. 4:16-cv-06545-SBA, 2017 WL 7243462, at *4 (N.D. Cal. Dec. 1, 2017) ("*quasi in rem* jurisdiction permits the enforcement of a judgment in a forum where *the defendant maintains assets…*plaintiff may seek to apply *the defendant's assets…*" [emphasis added]; *Office Depot, Inc. v. Zuccarini*, 596 F.3d 696, 699-700 (9th Cir. 2010) ("…court may assert jurisdiction over the *defendant's assets* found in the district" [emphasis added]); *Cerner Middle E., Ltd. v. iCapital, LLC*, 939 F.3d 1016, 1029 (9th Cir. 2019) (quasi in rem requires that defendant owns property in the forum state).

hundreds of millions of dollars from California real estate. Industrial's accusations do not make it so.

Industrial also unfairly stretches the facts while omitting relevant facts. For example, it points to loan agreements Mr. Yuan signed for two entities while omitting they were signed between 2013 to 2019, well before he took deliberate steps against creating obligations in California. \Industrial also omits that the non-prosecution agreement pertains to events that pre-date 2020 and that it was signed years ago in 2020. These stale acts do not amount to purposeful availment. And even if Mr. Yuan is the beneficial owner of entities that own real estate in California, that ownership is so attenuated that it does not amount to purposeful availment standing alone (if that were true then mere ownership of stock or the like would open the jurisdiction floodgates).

As to the statements of information, Mr. Yuan has explained that he was unaware that the companies had failed to remove him despite ceasing his involvement and management of those companies. He has no control over what those documents say and holding him responsible for what others have done without his consent is unfair and certainly not a basis to exercise specific jurisdiction.

*The claims do not arise of or related to any forum activities.* Again, there is no evidence that Mr. Yuan fraudulently transferred anything to anyone and thus, there is no relationship between Industrial's claims and something that did not occur. Mr. Yuan does not own property in California and certainly does not own hotels. Even as a beneficial owner, that interest is owned abroad, not locally. Thus, the claims do not arise out of Mr. Yuan's forum activities since there is no property in this forum to satisfy any foreign judgment against him.

*The exercise of jurisdiction is unreasonable.* As an initial matter, the first two prongs weigh in Mr. Yuan's favor and thus, the burden does not shift to him and even if it did, the exercise of jurisdiction remains unreasonable as all factors weigh in his favor.

First, Mr. Yuan's purposeful interjection is minimal even if it satisfies the first prong (it does not). Second, that Mr. Yuan retained counsel is irrelevant. Defendants routinely retain counsel when challenging jurisdiction – indeed, it is difficult to do without counsel. But the question is whether defending the action is an undue burden. And here, it is because this matter will continue at great expense to Mr. Yuan if the motion is denied. The third through fifth factors weigh in Mr. Yuan's favor since Industrial has already commenced enforcement actions in China and Hong Kong and no assets have been shown to be placed beyond the reach of those jurisdictions. The sixth and seventh factors weigh in Mr. Yuan's favor since no showing has been made that his assets are here and further, an adequate forum exists and the pending actions abroad have not yet been concluded.

Thus, specific jurisdiction has not been established.

## C. General Jurisdiction Remains Lacking

That Industrial argues that general jurisdiction exists is indicative of how far it will go to make its case. This contention requires short shrift. Again, Industrial resorts to regurgitating facts that do not exist, omitting important facts, and referring to stale events that do not show continuous and systematic contacts rendering California essentially his home. In short, general jurisdiction does not apply *even if* all of Industrial's factual assertions were based in truth.

## D. The Discovery Request Should Be Denied

A "request for jurisdictional discovery must 'articulate [1] the specific discovery Plaintiffs seek to conduct and [2] how such discovery will enable them to make a prima facie showing of jurisdictional facts with respect to [the Defendants].'" *See, e.g.*, *MG Freesites Ltd. v. DISH Techs. L.L.C.*, 712 F. Supp. 3d 1318, 1335 (N.D. Cal. 2024) (quoting *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 905 (N.D. Cal. 2021) [collecting cases]). Industrial has done neither and thus, the request must be denied. *See also Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) (refusal to provide discovery "will not be reversed except upon the

Rutan & Tucker, LLP
attorneys at law

3122/040389-0002
23970813.1 a06/29/26

-10-

REPLY TO PETITIONER'S OPPOSITION TO
FUER YUAN'S MOTION TO DISMISS

clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.")

### 1. **Industrial Has Not Shown That Discovery Will Enable It To Make A Prima Facie Showing Of Jurisdictional Facts**

Courts should deny discovery requests where the plaintiff does not explain how "discovery will enable them to make a prima facie showing of jurisdictional facts…" *MG Freesites Ltd.*, 712 F. Supp. 3d at 1335; *Sharma*, 524 F. Supp. at 905. A plaintiff must present "some evidence" that the discovery will allow it to make a prima facie showing of jurisdiction. *Sharma*, 524 F. Supp. at 905; *accord LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 865 (9th Cir. 2022) (affirming denial of discovery where Plaintiff failed to any evidence substantiating the request or explaining how the discovery could be helpful); *see also*, *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) (citations omitted) ("[A] mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery."); *Barantsevich v. VTB Bank*, 954 F. Supp. 2d 972, 996 (C.D. Cal. 2013) (citations omitted) ("Jurisdictional discovery need not be allowed, however, if the requests amounts merely to a 'fishing expedition' . . . . [Or] '[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants.'").

Industrial's declarations are inadmissible as explained in Mr. Yuan's evidentiary objections. Thus, the relevant uncontroverted record before the Court contains only Mr. Yuan's declaration. The lack of admissible evidence supporting the discovery request renders it a "fishing expedition" based on a "mere hunch" and "bare allegations in the face of [Defendant's] specific [and admissible denials]." The request should be denied.

### 2. **Industrial Did Not Articulate The Discovery It Seeks**

Industrial did not articulate what discovery it wants. *See, e.g.*, *Sharma*, 524 F.

Supp. at 905 (denying request for jurisdictional discovery where plaintiff merely asked to "test the statements made in the [defendant's] Declaration" because "[l]imited discovery should not be permitted to conduct a fishing expedition" and a "request for jurisdictional discovery 'must articulate the specific discovery [Plaintiffs] seek[] to conduct . . . .'") (citations omitted); *MG Freesites Ltd.*, 712 F. Supp. 3d at 1335 ("A request for jurisdictional discovery 'must articulate the specific discovery Plaintiffs seek to conduct and . . .'") (quoting *Sharma*, 524 F. Supp. at 905).

Here, like in *Sharma* and *MG Freesites*, the generic discovery request is insufficient as a matter of law. The request should thus be denied.

## IV.  CONCLUSION

For the foregoing reasons, the Motion should be granted.

Dated:  June 29, 2026                           RUTAN & TUCKER, LLP


By:      */s/ Alejandro S. Angulo*
         Alejandro S. Angulo
         Attorneys for Respondent
         FUER YUAN

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Respondent Fuer Yuan, certifies that this brief contains 2,518 words, which:

   x complies with the word limit of L.R. 11-6.1.

   __ complies with the word limit set by court order dated _____ [date].

Counsel relies on the word count of the word-processing application used to prepare the brief.

Dated:  June 29, 2026          RUTAN & TUCKER, LLP


By: _____*/s/ Alejandro S. Angulo*_____
        Alejandro S. Angulo
        Attorneys for Respondent
        FUER YUAN

Rutan & Tucker, LLP
attorneys at law

3122/040389-0002
23970813.1 a06/29/26

-13-

REPLY TO PETITIONER'S OPPOSITION TO
FUER YUAN'S MOTION TO DISMISS

## CERTIFICATE OF COMPLIANCE RE GENERATIVE ARTIFICIAL INTELLIGENCE

The undersigned certifies that this submission ____X____ does not use _____ uses generative artificial intelligence.  If generative artificial intelligence was used, following drafting, I reviewed, revised, and supplemented all portions of the brief, including those that were informed by the use of Artificial Intelligence or based on prior templates.  I independently verified the factual and legal accuracy of the content and confirmed that all arguments and authorities were appropriate to the issues presented.

Dated:  June 29, 2026

RUTAN & TUCKER, LLP


By:        */s/ Alejandro S. Angulo*
Alejandro S. Angulo
Attorneys for Respondent
FUER YUAN

Rutan & Tucker, LLP
attorneys at law

3122/040389-0002
23970813.1 a06/29/26

-14-

REPLY TO PETITIONER'S OPPOSITION TO
FUER YUAN'S MOTION TO DISMISS