# EXHIBIT 5

Nov 2nd, 2026

# Certification of Translation

# 翻译证书

TRANSLATOR'S DECLARATION:

My name is Ming Ren. I am a US citizen over the age of 21. I have a master’s degree in Conference Interpretation. I hold a Basic Court Interpreter License (Mandarin Chinese) from Texas Office of Court Administration Judicial Branch Certification Commission (License Number: LCI-2583). I have taught courses in translation at the Middlebury Institute of International Studies, the University of Nottingham Ningbo Campus, and New York University.

I hereby declare the following:

I possess advanced knowledge of the Chinese and English languages. The attached Chinese to English translation has been translated by me and, to the best of my knowledge and belief, is a true and accurate translation of: *Gift Agreement*

译者声明：

我的名字叫 Ming Ren，我是年满 21 岁或以上的美国公民。我持有会议口译硕士学位。我持有由德克萨斯州法院行政管理办公室司法部门认证委员会颁发的普通级法庭口译员（中文普通话）执照（执照号码 LCI-2583）。我曾在明德国际研究学院、诺丁汉大学宁波校区和纽约大学教授翻译课程。

本人特此声明如下：

我拥有丰富的中文和英文知识。所附的中文到英文的译文是我翻译的，据我所知和所信，是以下内容的真实、准确翻译： *Gift Agreement*

Ming Ren

Ming Ren
Interpreter & Translator
Email: nancymingren@gmail.com
Phone: 831-242-0108

# GIFT AGREEMENT

Party A (Donor): Rao Yuan Identity Card No.: 440301198907080813

Party B (Donee): Yuan Fu'er Identity Card No.: 362201196303230814

Party A has acquired five U.S. companies, Party A voluntarily gifts the equity interests in those five U.S. companies to Party B, and Party A and Party B hereby enter into this agreement as follows:

I. Subject matter of the gift

Party A voluntarily gifts to Party B, without consideration, its 100% equity interests in the following five U.S. companies:

1. Hazens Investment, LLC, which lawfully holds ownership of the Sheraton Gateway Hotel.

2. Jiayuan USA Co., Inc., which lawfully holds ownership of the Luxe City Center Hotel.

3. San Yi Funding Company, LLC, which, through its 100% equity interest in San Yi Us Investment Company, Inc., lawfully holds ownership of the Sheraton San Gabriel Hotel.

4. Jia Yuan Holding USA, Inc., which, through its 100% equity interest in Valley SG Landplus, LLC, lawfully holds ownership of land for both commercial and residential use (land area of 0.6943 acres).

5. Hazens Rosemead, LLC, which lawfully holds ownership of a commercial office building (with a land area of 0.7002 acres, a building area of approximately 18,500 [square] feet, and a total of two stories).

II. Gift and transfer of equity interests

1. Within one year after the signing of this agreement, Party A shall gift and transfer to Party B the 100% equity interests in Hazens Investment, LLC and Jiayuan USA CO., Inc.; within three years after the signing of this agreement, Party A shall gift and transfer to Party B the 100% equity interests in San Yi Funding Company, LLC, Jia Yuan Holding USA, Inc., and Hazens Rosemead, LLC.

2. Party A shall transfer to Party B, without consideration, the 100% equity interests in the aforementioned five U.S. companies, together with all associated legal and beneficial interests, voting rights, dividend rights, rights to distribution of residual assets, ancillary rights, and other rights. Party B agrees to transfer the 100% equity interests and all rights and interests in the aforementioned five U.S. companies into the name of a trust.

3. If Party B fails to transfer the 100% equity interests and all rights and interests in the above five U.S. companies into the name of a trust, Party A shall have the right to revoke the gift and recover the 100% equity interests in the five U.S. companies.

III. Representations and Warranties

1. Party A warrants that it has complete and lawful ownership of the gifted equity interests and that the ownership interests are independent.

2. Party A warrants that the gifted equity interests are not subject to any security interest, recourse, subrogation, or other restriction of rights.

3. Party B warrants that it has full capacity for civil conduct, voluntarily accepts the gift and agrees to transfer it into the name of a trust, and that its expression of intent is genuine.

IV. Equity transfer and registration

1. Party A shall, within the time limits stipulated in Article II, Paragraph 1 of this agreement, cooperate in completing all procedures required for the transfer of equity interests in the U.S. companies, including signing documents, updating the registers of shareholders, and completing internal corporate registrations.

2. The date on which the equity interests in the U.S. companies are formally registered in Party B's name shall be deemed the date on which the gift is completed and ownership is transferred.

3. Party B shall, within a reasonable period (not exceeding six months) after obtaining the equity interests in the U.S. companies, transfer such equity interests into the name of a trust and complete all required procedures.

V. Taxes and Expenses

1. All registration fees, service fees, attorney fees, and other expenses arising from the equity gift involving the U.S. companies shall be borne by Party B.

2. Any U.S. tax filings, payments, and related liabilities arising from the equity interests in the U.S. companies shall be borne by Party B. Party A shall cooperate by providing the necessary documents to complete tax filings.

VI. Dispute resolution

1. Any disputes arising from this Agreement shall be resolved through consultation between the Parties; if such consultation fails, the disputes shall be submitted to the Hong Kong International Arbitration Centre (HKIAC) for arbitration in accordance with its arbitration rules in effect at the time the application for arbitration is submitted.

2. The seat of arbitration shall be the Hong Kong Special Administrative Region of China, and the arbitration shall be governed by the laws of the Hong Kong Special Administrative Region (expressly excluding the application of conflict-of-laws rules); the arbitration shall be conducted by a sole arbitrator. The language of the arbitration proceedings shall be Chinese. The arbitral award shall be final and binding on both parties.

VII. Effectiveness and copies

1. This agreement shall take effect on the date it is signed by both parties.

2. This agreement is made in two copies, with Party A and Party B each retaining one copy, and both copies shall have equal legal effect.

Party A (Donor): Rao Yuan Signature: [handwritten signature]

Party B (Donee): Yuan Fu’er Signature: [handwritten signature]

Date of Signing: April [date of the month is left blank], 2020

# 赠与协议

甲方（赠与人）：饶远　　身份证号码：440301198907080813

乙方（受赠人）：袁富儿　身份证号码：362201196303230814

甲方收购了五家美国公司，甲方自愿将该五家美国公司的股权赠与乙方，甲乙双方达成协议如下：

一、赠与标的

甲方自愿、无偿的将下列五家美国公司的100%股权赠与乙方：

1、Hazens Investment, LLC，其合法享有 Sheraton Gateway Hotel （喜来登港威酒店）的所有权。

2、Jiayuan USA CO., Inc，其合法享有 Luxe City Center Hotel （利是城市中心酒店）的所有权。

3、San Yi Funding Company，LLC，其通过持有 San Yi Us Investment Company, Inc.,的 100%股权、合法享有 Sheraton San Gabriel Hotel（圣盖博喜来登酒店）的所有权。

4、Jia Yuan Holding USA, Inc.,其通过持有 Valley SG Landplus, LLC 的 100%股权、合法享有商住两用土地（占地面积 0.6943 英亩）的所有权。

5、Hazens Rosemead, LLC，其合法享有商业办公楼（占地面积 0.7002 英亩，建筑面积约 18,500 英尺，共有二层）的所有权。

二、赠与与股权过户

1、甲方将于本协议签订后一年内将 Hazens Investment, LLC、Jiayuan USA CO., Inc 的 100%股权赠与并过户给乙方；于本协议签订

后三年内将 San Yi Funding Company，LLC、Jia Yuan Holding USA, Inc.,、Hazens Rosemead, LLC 的 100%股权赠与并过户给乙方。

2、甲方将上述五家美国公司的 100%股权及其全部法定及实益权益、投票权、分红权、剩余财产分配权及附属权利等无偿转让予乙方，乙方同意将上述五家美国公司的 100%股权及全部权益转让至信托的名下。

3、若乙方未能将上述五家美国公司的 100%股权及全部权益转让至信托的名下，甲方有权撤销赠与、收回五家美国公司的 100%股权。

三、声明与保证

1、甲方保证对赠与股权拥有完整合法的所有权，有权独立处分。

2、甲方保证赠与股权不存在任何担保、追索、代持或其他权利限制。

3、乙方保证具备完全民事行为能力，自愿接受赠与并转让至信托的名下，意思表示真实。

四、股权交付与登记

1、甲方应在本协议第二条第 1 款约定期限内，配合完成美国公司股权转让所需全部手续，包括签署文件、更新股东名册、完成公司内部登记等。

2、美国公司股权正式登记至乙方名下之日，视为赠与完成、所有权转移。

3、乙方取得美国公司股权后应在合理期限内（不超过 6 个月）将该股权转让至信托的名下并完成所需全部手续。

五、税费与费用

1、美国公司股权转让所产生的登记费、服务费、律师费等全部费用由乙方承担。

2、因美国公司股权产生的美国税务申报、缴纳及相关责任由乙方承担，甲方应配合提供必要文件以完成税务申报。

六、争议解决

1、因本协议产生的争议，双方应协商解决；协商不成，提交香港国际仲裁中心（HKIAC），按照申请仲裁时其有效的仲裁规则进行仲裁。

2、仲裁地为中国香港特别行政区，仲裁适用香港特别行政区法律（明确排除冲突法规则的适用）；仲裁员人数为一名独任仲裁员。仲裁程序语言为中文，仲裁裁决为终局裁决，对双方均具有约束力。

七、生效及份数

1、本协议自双方签字之日起生效。

2、本协议一式二份，甲乙双方各执一份，具有同等法律效力。

甲方（赠与人）：饶远　　　　签名：

乙方（受赠人）：袁富儿　　　签名：

签署日期：2020 年 4 月　　日