# EXHIBIT 7

**YAEN IRREVOCABLE TRUST 2021**

**Certification of Trust**

(California Probate Code Section 18100.5)

TO WHOM IT MAY CONCERN:

I HAVE RECENTLY EXECUTED AN IRREVOCABLE TRUST AND ATTACH THE CERTIFICATION OF TRUST FOR YOUR REVIEW.

I INSTRUCT YOU TO CHANGE TITLE TO MY ASSETS/ACCOUNTS/ PROPERTY IN ACCORDANCE WITH THE CERTIFICATION OF TRUST. SPECIFICALLY, TITLE TO MY ASSETS SHOULD BE TAKEN AS PROVIDED IN PARAGRAPH 5 OF THE CERTIFICATION OF TRUST.

THANK YOU FOR YOUR ATTENTION TO THIS MATTER.

*** * * * NOTICE TO FINANCIAL INSTITUTIONS * * * ***

1. **Pursuant to California Probate Code §18100.5, as amended, you are required to accept this Certification of Trust in lieu of a complete copy of the trust.**

2. **PLEASE RETURN THIS ORIGINAL TO THE CLIENT AFTER YOU HAVE MADE A COPY FOR YOUR FILES. Thank You.**

**Prepared by:**
**DSG WEALTH AND TRUST LAW, INC.**
1340 Valley Vista Drive #200
Diamond Bar CA 91765

(909) 396-9050

**YEAN IRREVOCABLE TRUST 2021**

**Certification of Trust**
(California Probate Code Section 18100.5)

| SUMMARY OF TRUST CERTIFICATION |
| --- |
| **Grantors/Settlors/Trustmakers:** FUER YUAN |
| **Name of Trust:** YAEN IRREVOCABLE TRUST 2021 |
| **Date Trust Signed:** January 12, 2021 |
| **Trust Tax Identification Number:** 86-6400861 |
| **Current Trustees:** CELIA WEN SUN a.k.a. WEN SUN |
| **Successor Trustees:** HERA YUAN (if over age 26 years old) and ERIC YUAN (if over age 26 years old) as Co-Trustees |

CELIA WEN SUN hereby present this Certification of Trust, in lieu of providing a copy of the trust instrument, to establish the existence and terms of the trust, as set forth below.

**1. Purpose of Certification of Trust.**

This Certification is intended to serve as a "Certification of Trust" under California Probate Code §18100.5, as amended. Its purpose is (1) to certify the existence of the YAEN IRREVOCABLE TRUST 2021 (the "Trust"), the identity and powers of the Trustee, and the manner of taking title to assets, and (2) to summarize some of the more important provisions of the Trust so that the Trustee can deal with third parties, such as financial institutions, stock transfer agents, brokerage houses, insurance companies, and others, without disclosing the entire Trust, which is a private and confidential document.

**2. Creation of the Trust.**

The trust instrument creating the Trust (the "Trust Agreement") was executed on January 12, 2021, by FUER YUAN, as Grantor, and CELIA WEN SUN, as Trustee. The Trust continues in existence.

**3. Trust Irrevocable.**

The Trust is irrevocable.

**4. The Trustees.**

The initial Trustee of the Trust was CELIA WEN SUN. CELIA WEN SUN (the "Trustee") is the currently serving and acting Trustee of the Trust. This Certification of Trust is being signed by all of the currently serving and acting trustees of the Trust.

**Successor Trustees.**

HERA YUAN (if over age 26 years old) and ERIC YUAN (if over age 26 years old) shall serve as Co-Trustee with CELIA WEN SUN. If any of them is unable or unwilling to serve, then the other(s) of them shall continue to so serve.

**5. Title to Trust Assets.**

Title to Trust assets shall be taken in the name of CELIA WEN SUN, Trustees of the YAEN IRREVOCABLE TRUST 2021 dated January 12, 2021.

**6. Powers of the Trustee.**

The Trustee has all the powers described below, all powers granted by law (including all the powers set forth in Probate Code §16220 et seq.), and all powers reasonably necessary to carry out his or her duties as Trustee to administer, manage, protect, and invest the trust estate.

**a. To Accept Property.**

The Trustee may accept or receive additions and contributions to the trust estate from the Grantor or any other person and hold the property in trust under the provisions of the Trust Agreement. If the Trustee receives property from another fiduciary and if the Trustee believes the action to be in the best interests of the trust estate, the Trustee is authorized to waive an accounting from the fiduciary, to approve his or her actions, to consent to his or her proposed actions, and to consent to his or her discharge.

**b. To Disclaim or Reject Property.**

The Trustee may renounce or otherwise disclaim all or any part of any interest in property passing to the trust, by gift or bequest, and any right, power, privilege, or discretion granted the Trustee under the Trust Agreement. The Trustee may reject any property or interest in property passing to the trust, including property that by reason of hazardous materials or substance the Trustee determines (after investigation at the expense of the trust) would be detrimental to the trust purpose.

**c. To Retain Property.**

The Trustee may retain trust property received at the inception of the trust or at any other time, from the Grantor or any other person until, in the judgment of the Trustee, disposition or distribution of the property should be made. The property may be retained even though the property is unproductive, is property in which a Trustee is personally interested or in which the Trustee owns an undivided interest personally or as trustee of another trust, or there is known or later discovered to be hazardous materials or substances requiring remedial action pursuant to environmental laws. Notwithstanding Probate Code §§16048 and 16049, the Trustee shall have no duty to dispose of any part of the trust property included in the trust at the time of its creation, or later added to the trust by the Grantor or another person, that would not be a proper investment for the Trustee to make. The Trustee may, without liability, continue to hold that property. The Trustee may hold trust property in bearer form so that title may pass by delivery, or in the name of any one Trustee or a nominee without indication of any fiduciary capacity by the nominee. The Trustee may keep all or part of the trust property at any place within the United States or abroad.

**d. To Operate a Business.**

The Trustee may continue or participate in the operation of any business or other enterprise (including a partnership as a general or limited partner) that is part of the trust property for as

long as the Trustee deems advisable, at the risk of the trust estate and not at the risk of the Trustee. The Trustee may incorporate, dissolve, or change the form of the organization of the business or enterprise, or operate it as a partnership or in any other form. The profits and losses from any business or other enterprise shall be chargeable to and borne by the trust, and not the Trustee. A Trustee, as an individual, may continue to be a shareholder, director, officer, employee, or partner of any business or enterprise in which the trust holds any interest.

**e. To Invest and Reinvest Trust Property.**

The Trustee may invest and reinvest trust property (including income and principal) in any kind of property, whether real, personal, or mixed, including (1) real property (including leaseholds; royalty interests; interests in mines, oil and gas wells, timberlands, and other wasting assets), (2) intangible personal property (including common and preferred stock and all other kinds of securities (on margin or otherwise); investment company shares, mutual funds, index funds, common trust funds (including any common trust fund under the management of a corporate trustee) and other collective investment vehicles; interests in partnerships (whether as a general or limited partner); commodities; governmental obligations of every kind; obligations of corporations or unincorporated associations; and patents, copyrights, trademarks, and other intangible rights), and (3) tangible personal property (including precious metals, works of art, and other collectibles). The Trustee is authorized to establish and maintain brokerage accounts, including margin accounts, for the purpose of purchasing, acquiring, possessing, pledging, hypothecating, selling and otherwise disposing of, and generally dealing in and with any of the foregoing types of investments.

**f. To Administer Securities.**

The Trustee may purchase, exchange, or sell stocks, bonds, futures contracts, and other securities, and puts, calls, straddles, and other options. The Trustee may maintain brokerage accounts, including margin and commodity accounts, and in connection with such accounts, may borrow, pledge securities, make short sales, and sell on margin or otherwise. With respect to all securities held by in the trust estate, the Trustee may exercise the rights, powers, and privileges, and responsibilities of an owner, including the right to vote; to give general or limited proxies; to pay calls, assessments, and other sums; to participate in voting trusts, pooling arrangements, foreclosures, reorganizations, consolidations, mergers, and liquidations; to deposit securities with and transfer title to any protective or other committee; and to exchange, exercise, or sell stock subscription or conversion rights. The Trustee may also accept and retain as an investment any securities received through the exercise of any of the foregoing powers.

**g. To Conduct Banking Activities.**

The Trustee may establish financial accounts of any kind, including checking, money market, and savings accounts, with any bank, savings and loan association, credit union, brokerage firm, or other financial institution (including such accounts in the banking department of a Trustee that is a corporation or partnership). The Trustee may deposit trust funds into such accounts, withdraw funds from such accounts, and transfer funds among such accounts. The Trustee may designate in writing the persons, whether or not Trustees, who may conduct such banking activities, and the financial institutions may rely, without liability, on such designations.

**h. To Purchase and Sell Trust Property.**

The Trustee may buy, purchase, acquire, sell, convey, dispose of, exchange, or otherwise transfer any trust property, or any interest in property, for cash or on credit, at public or private sale, with

or without notice, and for the prices and upon the terms as the Trustee determines. The Trustee may grant or acquire options and rights of first refusal involving the acquisition or disposition of any trust property. The Trustee may also subdivide or develop land; create restrictions, easements, and other servitudes, with or without consideration; make or obtain the vacation of plats and adjust boundaries; adjust differences in valuation on exchange or partition by giving or receiving consideration; and dedicate real property to public use with or without consideration.

**i. To Manage Trust Property.**

The Trustee may manage, control, divide, develop, improve, repair, exchange, partition, change the character of, or abandon trust property or any interest in trust property. The Trustee may enter into a lease for any purpose as lessor or lessee with or without the option to purchase or renew and for a term within or extending beyond the term of the trust. The Trustee may amend or extend existing leases. The Trustee may also demolish or remove buildings or other improvements on trust property.

**j. To Borrow Money and Encumber Trust Property.**

The Trustee may borrow money for any trust purpose from any person upon such terms and conditions as may be determined by the Trustee, and obligate the trust to make repayment from trust property. The Grantor or the Trustee may loan or advance funds to the trust, and the loans or advances together with the interest charged shall be treated as a first lien on the trust estate until repaid. The Trustee may also encumber, mortgage, or pledge trust property for a term within or extending beyond the term of the trust in connection with the exercise of any power vested in the Trustee, or to create restrictions, easements, or other servitudes on trust property.

**k. Providing Guarantees.**

The Trustee may guarantee any indebtedness incurred by the Grantor, or by any entity owned directly or indirectly by the Grantor or by the trust, as the Grantor may direct.

**l. To Make Loans.**

The Trustee may loan or advance trust property of any kind (including money) for any trust purpose to any person on terms and conditions as determined by the Trustee, subject to limitations stated in the Trust Agreement. The Trustee may make loans out of trust property to the current beneficiary on terms and conditions that the Trustee determines are fair and reasonable under the circumstances, and guarantee loans to the current beneficiary by encumbrances on trust property.

**m. To Purchase Liability Insurance.**

The Trustee may purchase and pay the premiums on policies to insure the property of the trust estate against damage or loss and to insure the Trustee against liability with respect to third persons. The Trustee shall not be liable for any omission to purchase any type or amount of insurance. The premiums shall be a proper expense to be charged against the trust.

**n. To Purchase and Administer Life Insurance.**

The Trustee may purchase, own, and pay the premiums on life insurance on the Grantor's life, and collect the proceeds of life insurance policies payable to the trust. The Trustee shall have the power to compromise, arbitrate, or otherwise adjust any claim, dispute, or controversy arising under any policy payable to the trust and shall have authority to initiate, defend, settle, and compromise any legal proceeding necessary in the Trustee's discretion to collect the proceeds of any policy. The Trustee's receipt to any insurer shall be a sufficient release of the insurer. The

insurer shall not be under any duty to inquire concerning the Trustee's application of the policy proceeds.

**o. To Pay, Contest, and Settle Claims.**

The Trustee may pay or contest any claim; settle a claim by or against the trust by compromise, arbitration, or otherwise; and release, in whole or in part, any claim belonging to the trust.

**p. To Litigate.**

In accordance with his or her duties to enforce claims and defend actions as set forth in Probate Code §§16010 and 16011, the Trustee may prosecute or defend actions, claims, or proceedings for the protection of the trust estate and the Trustee in the performance of his or her duties.

**q. To Deal with Environmental Hazards.**

The Trustee may deal with matters involving the actual or threatened contamination of trust assets (whether real or personal) by hazardous substances, or involving compliance with environmental laws and regulations, including conducting environmental assessments, audits, and site monitoring, and taking remedial action (whether or not required by governmental authorities) to contain, clean up, or remove any environmental hazard.

**r. To Pay and Allocate Trust Expenses.**

The Trustee may pay taxes and other assessments imposed on the trust estate or trust income; reasonable compensation of the Trustee and of the employees and agents of the trust; and other expenses incurred in the collection, care, management, administration, and protection of the trust estate. In allocating the payment of expenses, the Trustee shall have the power to determine which expenses are chargeable to income or principal or partly to each. The Trustee is authorized, but not directed, to allocate and charge post-death expenses incurred in the administration of the trusts or sub-trusts to post-death income. In particular, all expenses of administration claimed as income tax deductions may be entirely allocated to and charged against post-death income. In making these determinations, the Trustee shall be guided by the principles set forth in the California Uniform Principal and Income Act, but his or her final determination shall be binding.

**s. To Hire and Employ Persons.**

The Trustee may hire and employ persons (including individuals, corporations, partnerships, associations, and other companies), including accountants, attorneys, auditors, investment advisers, appraisers, or other agents or experts, even if they are associated or affiliated with a Trustee, to advise or assist the Trustee in the performance of his or her duties and obligations. The Trustee may grant discretionary authority to such persons, but may not delegate either the administration of the trust or acts that are not delegable except as expressly provided in the Trust Agreement.

**t. To Maintain Custody.**

The Trustee may keep any or all of the trust property at any place in California or elsewhere, within the United States or abroad, or with a depository or custodian at those places. If no bank or trust company is acting as sole or a Co-Trustee, the Trustee is authorized to appoint a bank or trust company as custodian for securities and any other trust assets. Any appointment shall terminate when a bank or trust company begins to serve as sole or as a Co-Trustee under the Trust Agreement. The custodian shall keep the deposited property; collect and receive the income and principal; and hold, invest, disburse, or otherwise dispose of the property or its proceeds (specifically including selling and purchasing securities and delivering securities sold

and receiving securities purchased) upon the order of the Trustee. The custodian shall not be liable to any person interested in the trust for any action taken pursuant to the order or instructions of the Trustee or his or her authorized agents.

**u. To Use a Nominee.**

The Trustee may hold securities or other property of the trust estate in the name of the Trustee, in the name of a nominee, or in street name accounts with brokers, or in the name of a custodian (or its nominees) selected by the Trustee, with or without disclosure of this Trust Agreement. The Trustee shall be responsible for the acts of such custodian, broker, or nominee affecting such property. The Trustee may also acquire and retain securities in unregistered form so that ownership passes by delivery.

**v. To Execute and Deliver Instruments.**

The Trustee may execute and deliver all documents and instruments (including checks withdrawing or disbursing trust funds, stock powers, deeds and other conveyances, receipts, releases, contracts, and other agreements and transfer documents) which are needed to accomplish or facilitate the exercise of the powers vested in the Trustee, and to disclose the provisions of the Trust Agreement whenever in the Trustee's discretion disclosure is appropriate.

**w. Action by One Trustee.**

Unless a Co-Trustee elects otherwise in writing, when more than one person is serving as Trustee, any one of them (who is not prohibited from acting) may, acting alone, exercise any power and authority of Trustee, and may sign any checks, agreements, or other documents on behalf of the trust, and the signature of any one such Trustee shall be sufficient to bind the trust in the same manner as though said check, agreement, or other document had been signed by all the Co-Trustees (who are not prohibited from acting), and no person dealing with the signing Trustee shall be obliged to inquire as to the other Co-Trustee's acquiescence to such action.

**x. Other Powers.**

1. The Trustee may invest in obligations of the United States Government as authorized in Probate Code §16224.
2. The Trustee may deposit trust funds at reasonable interest in any of the accounts listed in Probate Code §16225, whether or not the account is insured by a government agency or collateralized. The accounts may be maintained in the name of any one of the Trustees or in the name of a nominee.
3. The Trustee may make repairs, alterations, and improvements, and perform the other acts affecting trust property as authorized in Probate Code §16229.
4. The Trustee may develop land in the ways authorized in Probate Code §16230.
5. The Trustee may enter into leases and other arrangements regarding minerals as authorized in Probate Code §16232.
6. The Trustee may grant or take options as authorized in Probate Code §16233.

7. The Trustee may exercise the powers granted in Probate Code §16234 (voting rights), Probate Code §16235 (payment of calls and assessments), Probate Code §16236 (stock subscriptions and conversions), and Probate Code §16237 (consent to change in form of business and participation in voting trusts).
8. The Trustee may hold securities as authorized in Probate Code §16238, and deposit securities in a securities depository as authorized in Probate Code §16239.

**7. Signature Authority.**

If two or more trustees are serving together as co-trustees, the trustees must act by majority vote, unless the trustees, acting by majority vote, have delegated to one or more trustees or to other agents the power and authority to act for the Trustees in writing.

As the sole currently serving Trustee, has the power, acting alone, to act on behalf of the Trust and to sign all documents exercising the powers of the Trustee. Under the Trust Agreement, no person other than the sole Trustee is required or needed to sign such documents for them to be effective as to the Trust. After the death or incapacity of one or both Grantors, if two or more trustees are serving together as Co-Trustees, the Trustees must act by majority vote, unless the Trustees, acting by majority vote, have delegated to one or more Trustees or to other agents the power and authority to act for the Trustees in writing.

**8. Reliance by Third Parties.**

This Certification contains a true and correct representation of the terms of the Trust. All third parties dealing with the Trustee may rely on this Certification as a true statement of the provisions of the Trust as of the date this Certification is presented to the third party (regardless of the date of execution of this Certification), unless the third party has actual knowledge that the representations contained in this Certification are incorrect. A third party who acts in reliance upon this Certification of Trust without actual knowledge that the representations contained herein are incorrect is not liable to any person for so acting.

**9. Trust Identification Number.**

The trust identification number is EIN: 86-6400861.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on Jan, 12th, 2021, at location Arcadia, California.

CELIA WEN SUN, Trustee

**ATTESTATION CLAUSE**

Each of us declares that on the day and year written below, CELIA WEN SUN, signed and accepted this instrument, known as a Certification of Trust (the "Certificate") created for the YAEN IRREVOCABLE TRUST 2021, in our presence. That each of us, in her presence and at her request, and in the presence of each other, have signed our names as attesting witnesses. We also declare that each of us is now more than eighteen years of age, is a competent witness, and resides at the address set forth after his or her name.

We also declare that at the time of our attestation of this Certificate, CELIA WEN SUN was, to our best knowledge and belief, of sound mind and memory, eighteen years of age or older, and that this Certificate was not procured by duress, menace, fraud, misrepresentation, constraint or undue influence.

Executed on Jan, 12th, 2021 at location Arcadia, California.

| | |
|---|---|
| Signature | 135 E, Live Oak Ave<br>Street Address |
| Haikun Liu<br>Print Name | Arcadia, California, USA.<br>City, Province, Country |
| Signature | 135 E. Live Oak Ave.<br>Street Address |
| Xindai Wu.<br>Print Name | Arcadia, California, USA.<br>City, Province, Country |

FUER YUAN, Grantor

**ATTESTATION CLAUSE**

Each of us declares that on the day and year written below, FUER YUAN, created and declared this instrument to be a Certification of Trust (the "Certificate") created for his Irrevocable Trust, known as the YAEN IRREVOCALBE TRUST 2021, that he signed the Certificate in our presence, that each of us, in his presence and at his request, and in the presence of each other, have signed our names as attesting witnesses. We also declare that each of us is now more than eighteen years of age, is a competent witness, and resides at the address set forth after his or her name.

We also declare that at the time of our attestation of this Certificate, FUER YUAN was, to our best knowledge and belief, of sound mind and memory, eighteen years of age or older, and that this Certificate was not procured by duress, menace, fraud, misrepresentation, constraint or undue influence.

Executed on 01/12/2021 at location Shen Zhen.

| | |
|---|---|
| Signature | No.16, Block C, He Zheng Ming Yuan, Xin Wen Rd, Street Address |
| Pan Yong Print Name | Futian Dist, Shen Zhen, Guang Dong, PRC City, Province, Country |
| 聂卫东 Signature | No.16, Block C, He Zheng Ming Yuan, Xin Wen Rd. Street Address |
| Nie Weidong Print Name | Futian Dist, Shen Zhen, Guang Dong, PRC City, Province, Country |

IRS.gov

## EIN Assistant

Your Progress: 1. Identity 2. Authenticate 3. Addresses 4. Details **5. EIN Confirmation**

### Congratulations! The EIN has been successfully assigned.

EIN Assigned: **86-6400861**

Legal Name: **YAEN IRRV TR 2021 DATED JANUARY 12 2021**

The confirmation letter will be mailed to the applicant. This letter will be the applicant's official IRS notice and will contain important information regarding the EIN. Allow up to 4 weeks for the letter to arrive by mail.

**We strongly recommend you print this page for your records.**

Click "Continue" to get additional information about using the new EIN. Continue >>

**Help Topics**

Can the EIN be used before the confirmation letter is received?