KING & WOOD LLP
Yan Ge (State Bar #236566)
geyan@cn.kingandwood.com
Yiren Yu (State Bar #341245)
yiren.yu@us.kingandwood.com
2500 Sand Hill Road, Suite 111
Menlo Park, CA 94025
Telephone: +1 650 858 1285

Vincent Filardo Jr. (*pro hac vice*)
Vincent.filardo@us.kingandwood.com
600 5th Avenue, 27th Floor
New York, NY 10020
Telephone: +1 347 926 7570

SPERTUS, JOSEPHS & MINNICK, LLP
Kevin J. Minnick (State Bar #269620)
kminnick@spertuslaw.com
617 W. 7th St., Ste 200
Los Angeles, CA 90017
Telephone: +1 213 205 6520

*Attorneys For Petitioner Industrial Bank Co., Ltd. Shenzhen Branch*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

INDUSTRIAL BANK CO., LTD. SHENZHEN BRANCH,

Petitioner,

v.

FUER YUAN,

Respondent.

Case No. 2:26-cv-01256-ODW-ADS

Judge: Otis D. Wright II

**PETITIONER'S NOTICE OF MOTION AND MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date Action Filed: February 7, 2026
Hearing Date: December 7, 2026
Time: 1:30 p.m.
Courtroom: 5D
Judge: Hon. Otis D. Wright II

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on Monday, December 7, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California 90012, before the Honorable Otis D. Wright II, Petitioner Industrial Bank Co., Ltd. Shenzhen Branch ("Petitioner" or "CIB") will and hereby does move for an:

**ORDER** granting Petitioner leave to conduct limited discovery regarding Respondent Fuer Yuan's ownership interest, whether direct or indirect, in the three hotels identified in the Court's October 7, 2026 Order (Dkt. 23): (1) the E-Central Downtown Los Angeles Hotel (formerly the Luxe Hotel); (2) the Sheraton Gateway LAX Hotel; and (3) the Sheraton Los Angeles San Gabriel Hotel (together, the "Hotels"), including his interest in any entity that holds title to a Hotel (the "Limited Discovery").

Petitioner respectfully requests that the Court (a) authorize Petitioner to serve the written discovery requests filed contemporaneously herewith as Exhibits B and C to the Declaration of Yiren Yu ("Yu Decl.") and further described in the accompanying Memorandum of Points and Authorities, limited to the ownership of the Hotels; (b) authorize Petitioner to take the deposition of Respondent, limited to the same subject matter, not to exceed one day of seven hours, as reflected in Exhibit G thereto filed contemporaneously herewith; (c) authorize Petitioner to serve the third-party subpoenas filed contemporaneously herewith as Exhibits D–F thereto on the California entities associated with Respondent and the Hotels (Metainfinity, Inc., Metanova, LLC, and San Yi US Investment Company, Inc.); (d) require Respondent and the subpoena recipients to serve written responses and complete the responsive document production within thirty (30) days of service; and (e) set a schedule for completion of the Limited Discovery before the merits briefing schedule that the Court has stated it will set after deciding this Motion (Dkt. 25).

This Motion is made on grounds that (i) Respondent has advised he will contest in his opposition to the Petition the jurisdictional facts upon which the Court's October 7, 2026 Order (the "MTD Order") relied, namely his ownership of the Hotels; (ii) discovery on jurisdictional facts should be granted where those facts are controverted or where a more satisfactory showing of the facts is necessary; (iii) the dispositive evidence of ownership of the Hotels and of the entities that hold title to them is in the exclusive possession of Respondent and entities Respondent formed and controlled; and (iv) the discovery sought is specific, narrow, and necessary to permit the Court to decide the ownership question on a complete record.

The instant Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Yiren Yu dated November 2, 2026 and the exhibits thereto, the [Proposed] Order submitted herewith, the papers and records on file in this action, and such further evidence and argument as may be presented at or before the hearing.

The parties have conferred regarding this Motion. Counsel for Respondent stated that Respondent does not agree that discovery is necessary on the ownership issue or any issue and Respondent will oppose this Motion. (Yu Decl. ¶¶ 4–7, Ex. A.)

## TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. BACKGROUND .......... 2

  A. The Awards and the Hotels .......... 2

  B. The Motion to Dismiss and the MTD Order .......... 3

  C. Events Since the MTD Order .......... 4

III. ARGUMENT .......... 5

  A. The Ownership of the Hotels Is "Controverted" and More Facts Are Needed to Develop the Record Prior to Merits Briefing .......... 5

  B. Petitioner Has Already Made a Sufficient Showing of Jurisdictional Facts to Warrant the Requested Jurisdictional Discovery .......... 6

  C. Limited Discovery as to Threshold Issues Is Available in Arbitral Award Confirmation Proceedings .......... 7

  D. The Limited Discovery Sought Is Specific, Narrow, and Timely .......... 8

IV. PROPOSED SCOPE AND SCHEDULE OF THE LIMITED DISCOVERY .......... 9

V. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alhathloul v. DarkMatter Grp.*, 2024 WL 493630 (D. Or. Feb. 8, 2024) ..................... 9

*Banks v. United States*, No. 2:23-cv-01594-TLN-SCR, 2025 WL 2483418 (E.D. Cal. Aug. 28, 2025) ..................... 8

*Chan v. Society Expeditions, Inc.*, 39 F.3d 1398 (9th Cir. 1994) ..................... 6

*Dardana Ltd. v. A.O. Yugansknefteqaz*, 317 F.3d 202 (2d Cir. 2003) ..................... 7

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280 (9th Cir. 1977) ..................... 5

*DISH Network L.L.C. v. Innetra PC*, No. 25-cv-03933-NW, 2025 WL 2677387 (N.D. Cal. Sept. 18, 2025) ..................... 8

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114 (9th Cir. 2002) ..................... 3

*Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th Cir. 2003) ..................... 6, 8

*Laub v. U.S. Dep't of Interior*, 342 F.3d 1080 (9th Cir. 2003) ..................... 5, 6

*LiveCareer, Ltd. v. Su Jia Techs. Ltd.*, No. 14-cv-03336-JST, 2014 WL 7187171 (N.D. Cal. Dec. 15, 2014) ..................... 9

*Mitan v. Feeney*, 497 F. Supp. 2d 1113 (C.D. Cal. 2007) ..................... 6

*Twitch Interactive, Inc. v. Fishwoodco GmbH*, No. 22-cv-03218-EJD, 2024 WL 2113865 (N.D. Cal. May 9, 2024) ..................... 7

*Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406 (9th Cir. 1977) ..................... 5

*Xiamen Xiangyu Logistics Group Corp. v. Wholesale 209, LLC*, No. 2:23-cv-02704-DJC-AC, 2024 WL 5689749 (E.D. Cal. July 16, 2024) ..................... 7

*Yamashita v. LG Chem, Ltd.*, 62 F.4th 496 (9th Cir. 2023) ..................... 1, 5

## Rules

Fed. R. Civ. P. 12(b)(2) ..................... 3

Fed. R. Civ. P. 12(b)(5) ..................... 3

Fed. R. Civ. P. 30 ..................... 10

Fed. R. Civ. P. 33 ..................... 9

Fed. R. Civ. P. 34 .......... 9
Fed. R. Civ. P. 45 .......... 9

**Local Rules**

L.R. 37 .......... 10

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Court, in its October 7, 2026 MTD Order, applied the prima facie standard that governs a motion to dismiss to be decided on written materials (MTD Order 3:22–24). In the MTD Order, the Court found Petitioner "has properly identified assets over which the Court can exercise quasi in rem jurisdiction," namely three hotels that Respondent Fuer Yuan "personally owns," and thereby exercised quasi in rem jurisdiction over the Hotels. (MTD Order 9:3–7, 10:3–5.) The Court added that "if during merits briefing, Yuan proves that he does not own the Hotels, then the Court may dismiss this Petition." (MTD Order 10 n.2.) Yuan has now stated, through counsel and in the parties' joint submission, that he will contest his ownership of the Hotels and does not agree to any discovery on the question of property ownership. (Yu Decl. ¶¶ 4-7, Ex. A; Dkt. 24 at 2 & n.1.) The Court has deferred setting the merits briefing schedule until it decides the instant Motion. (Dkt. 25.)

The documents and other records necessary to dispositively decide the ownership issue are exclusively in the possession of Yuan and entities he formed and controls; Petitioner has never had access to them. In the Ninth Circuit, jurisdictional discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) (cleaned up). Petitioner seeks discovery limited to this single question, directed at specific entities and records, and capable of completion within ten weeks, so that the Court may decide the ownership of the Hotels on a complete record. Accordingly, Petitioner respectfully requests that the Court authorize Petitioner to serve the Limited Discovery in the form of the discovery requests, deposition notice, and third-party subpoenas filed contemporaneously herewith as Exhibits B–G to the Yu Declaration; order that Respondent and the subpoena recipients serve written responses and complete the

responsive document production within thirty (30) days of service; and set a schedule for completion of the Limited Discovery consistent with its prior order on scheduling (Dkt. 25).

## II. BACKGROUND

### A. The Awards and the Hotels

In 2020 and 2022, Petitioner, a Chinese bank, made two project financing loans to Shenzhen Hazens Xinnan Investment Co., Ltd. ("Hazens Xinnan"), and Yuan, its chairman and controlling shareholder who guaranteed them and agreed to be jointly and severally liable for all of Hazens Xinnan's obligations. (Pet. ¶¶ 1, 13, 16, 19; MTD Order 2:12–19.) After Hazens Xinnan defaulted, two tribunals of the Shenzhen Court of International Arbitration, in proceedings which Yuan had repeated notice of and nonetheless deliberately did not appear in, issued awards in September 2025 holding Hazens Xinnan and Yuan jointly and severally liable for $199,773,728.56, excluding interest. (Pet. ¶¶ 22, 25, 37, 44, 47; MTD Order 2:20–3:2.) Yuan has paid nothing on either award. (Pet. ¶ 70; MTD Order 3:3–4.)

Between 2010 and 2019, Yuan formed four California entities to acquire and operate real estate in Southern California: Metainfinity, Inc. (formerly Jia Yuan USA Co., Inc.) ("Metainfinity"), Metanova, LLC (formerly Hazens Investment, LLC) ("Metanova"), San Yi US Investment Company, Inc. (formerly Jia Jia US Investment Company, Inc.) ("San Yi US"), and Hazens Rosemead, LLC ("Hazens Rosemead"). (MTD Order 2:4–8; Dkt. 20-3 (Statement of Facts) ¶ 1.) Metainfinity, Metanova, and San Yi US hold title to the Hotels; Hazens Rosemead owns the Arcadia office building that serves as the principal address of all Yuan's companies. (Petitioner's Opp'n to Respondent's Mot. to Dismiss or Quash Serv. ("Opp'n"), at p. 3, ECF No. 20.) Yuan is chief executive officer and chief financial officer of Metainfinity and San Yi US as stated in their 2023 statements of information, and personally executed on behalf of Metainfinity and Metanova the deeds of trust and loan amendments securing the Hotels

between 2013 and 2019. In October 2020, Yuan, as chairman of Metainfinity, entered into a non-prosecution agreement with the Department of Justice whose Statement of Facts recites that he formed all four entities. (Opp'n 3–4; Dkt. 20-3; Dkt. 20-5 to 20-11.) In or about 2021, Petitioner discovered that the Hotels had been removed from the Hazens Group's annual reports, and the Group's principal liaison confirmed that they had been transferred by Yuan to his personal ownership. (Opp'n 5–6; Decl. Binying Zhuang ISO Opp'n ("Zhuang Decl.") ¶¶ 3–6, Dkt. 20-1.)

**B. The Motion to Dismiss and the MTD Order**

Petitioner filed this proceeding on February 7, 2026. (Dkt. 1.) Yuan moved to dismiss under Rules 12(b)(2) and 12(b)(5), supported by a declaration stating that he resides in Shenzhen and spends most of his time in Hong Kong, never resided in California, and "do[es] not own any real properties in California." (Dkt. 13; Yuan Decl. ¶¶ 2–4, Dkt. 13-1; MTD Order 2:2–3, 5:21–22.) His motion describes him as "a former executive of certain California companies that are owned by a Chinese holding company of which Mr. Yuan has no direct or indirect ownership interest." (Dkt. 13 ("Mot.") at 24; *see* Yuan Decl. ¶ 7.) The declaration does not identify who owns the three title-holding entities and attaches no ownership record of any of the properties. (*See* Yuan Decl.) Petitioner opposed Yuan's motion, relying among other grounds on quasi in rem jurisdiction over the Hotels, submitted the evidence described above, and asked in the alternative for jurisdictional discovery. (Opp'n 14–15, 21–22; Dkt. 20-1 to 20-12.) In reply, Yuan argued that "[e]ven as a beneficial owner, that interest is owned abroad, not locally," objected to the Zhuang declaration, and called the discovery request a "fishing expedition." (Dkt. 21 ("Reply") at 8–12; Dkt. 21-1.)

The Court held that it lacks general and specific jurisdiction over Yuan (MTD Order 5:7–8:7), but found that "Industrial has properly identified assets over which the Court can exercise quasi in rem jurisdiction. Specifically, Industrial identifies three hotels that Yuan personally owns." (*Id.* at 9:3–7.) The Court distinguished *Glencore*

*Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114 (9th Cir. 2002), because the petitioner there "fail[ed] to identify any property owned by [defendant]" (*id.* at 9:7–12), overruled every objection to the Zhuang declaration (*id.* at 9:13–10:2), and exercised quasi in rem jurisdiction over the Hotels because Yuan "appears to own property in the state—specifically, the Hotels." (*Id.* at 10:3–5; *see also id.* at 5:22–23, 7:15–16.) The Court also clarified that "[t]he upshot of this ruling is that Industrial can only enforce the arbitral awards against the Hotels. Thus, if during merits briefing, Yuan proves that he does not own the Hotels, then the Court may dismiss this Petition." (*Id.* at 10 n.2.)

The Court further found service proper, ordered a joint proposed briefing schedule, and stated that it will permit Petitioner leave to amend the Petition. (*Id.* at 13:12–19.) The MTD Order did not address Petitioner's alternative request for jurisdictional discovery.

**C. Events Since the MTD Order**

By email on October 13, 2026, Petitioner's counsel asked whether Yuan intends to contest his ownership of the Hotels during merits briefing and stated that, if so, Petitioner would seek limited discovery on that issue. (Yu Decl. ¶ 3, Ex. A at 6.) Yuan's counsel responded on October 14: "My client does not own the hotels and thus, will be contesting that issue," and "[w]e do not agree that discovery is necessary on this issue (or any issue)." (*Id.* ¶ 4, Ex. A at 5.) The joint proposed briefing schedule filed that day includes Respondent's position that (i) Yuan "will be opposing the Petition on at least the ground that he does not own the three hotels identified in the Order," (ii) "Petitioner advises that it needs to move for limited discovery on the ownership issue (which Respondent will be opposing)," and (iii) Yuan does not waive "his jurisdiction-based objections." (Dkt. 24 at 2 & n.1.) On October 15, 2026, the Court stated it "will set the merits briefing schedule after it has decided on these preliminary matters" and ordered the contemplated motions filed no later than November 2, 2026. (Dkt. 25.) The parties

conferred regarding this Motion; Yuan maintains that no discovery is necessary. (Yu Decl. ¶¶ 4-7.)

## III. ARGUMENT

### A. The Ownership of the Hotels Is "Controverted" and More Facts Are Needed to Develop the Record Prior to Merits Briefing

A court "may permit discovery to aid in determining whether it has in personam jurisdiction," and "[d]iscovery may appropriately be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977); *accord Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). The "district court is vested with broad discretion to permit or deny discovery," but it is "'ordinarily' . . . granted when, as here, the jurisdictional facts are contested or more facts are needed." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *Yamashita*, 62 F.4th at 507.

In the MTD Order, the Court exercised quasi in rem jurisdiction over Yuan based on Petitioner's prima facie showing that he owns the Hotels. (MTD Order at 9:3–7.) While Yuan opposed the exercise of jurisdiction on that basis and submitted a self-serving declaration contradicted by facts in the public record, at the motion to dismiss stage the record developed by Petitioner consisting of publicly accessible documents and the Zhuang Declaration provided a sufficient basis for the Court to make that finding. However, as noted by the Court, jurisdiction remains subject to further consideration on the merits of the Petition. (*Id.* at 9:1–7, 10:3–5 & n.2.) Yuan has indicated that, during merits briefing, he intends to contest the factual basis for the Court's finding of quasi in rem jurisdiction. (Dkt. 24 at 2 & n.1.) The issue of ownership is thus clearly "controverted," and "more facts are needed" to fully assess the jurisdictional question. The documents that would settle the dispute—*i.e.*, the ownership records of the three Hotels and Yuan's California entities, the instruments

of any transfer of the Hotels or the entities out of the Hazens Group, and the Hazens Group's consolidation schedules—are in the possession of Yuan or of the California entities he formed and managed, and not accessible to Petitioner other than through discovery in this proceeding. Thus, the Limited Discovery requested by Petitioner herein is necessary to develop the record as to Yuan's direct or indirect ownership interests in the Hotels prior to merits briefing.[1]

### B. Petitioner Has Already Made a Sufficient Showing of Jurisdictional Facts to Warrant the Requested Jurisdictional Discovery

In order "to obtain discovery on jurisdictional facts," a party seeking discovery must make a "colorable" showing of "some evidence" tending to establish jurisdiction. *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007).

As noted above, the Court has already concluded at the motion to dismiss stage that Petitioner made a prima facie showing of facts supporting quasi in rem jurisdiction over Respondent based on his ownership of the Hotels. (MTD Order at 9:3–7.) Petitioner has produced the Statement of Facts in the Non-Prosecution Agreement that Yuan agreed to with the Department of Justice, the deeds of trust he signed on behalf of Metainfinity and Metanova, the statements of information naming him as the California entities' officer, and the Zhuang declaration. (Dkt. 20-1, 20-3, 20-5 to 20-

---

[1] The Ninth Circuit has found denial of jurisdictional discovery in connection with motions to dismiss to be an abuse of discretion in cases where jurisdictional facts are disputed or "[t]he record is simply not sufficiently developed" as to jurisdiction. *E.g.*, *Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) ("The record is simply not sufficiently developed to enable us to determine whether the alter ego or agency tests are met. This is so because the district court denied ASR's motion for jurisdictional discovery. . . . We must conclude, therefore, that the district court abused its discretion in denying ASR's motion for jurisdictional discovery, and that a remand will be necessary[.]"); *Laub*, 342 F.3d at 1093 (reversing denial of discovery concerning federal subject matter jurisdiction); *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1406 (9th Cir. 1994) (reversing dismissal for lack of personal jurisdiction and remanding where "[t]he record does not contain enough facts to decide" jurisdictional issue).

11; MTD Order 9:13–10:2.) The same facts suffice to make the "colorable" showing required to obtain jurisdictional discovery. Yuan's sworn denial in connection with his Motion to Dismiss, and continued expression of intent to contest ownership of the Hotels, are not to the contrary—they show only that the jurisdictional facts are disputed and the factual record needs further development before the Petition proceeds to merits briefing.

### C. Limited Discovery as to Threshold Issues Is Available in Arbitral Award Confirmation Proceedings

Yuan opposes Petitioner's request for jurisdictional discovery in this proceeding. (Reply 10–12; Yu Decl. ¶¶ 4–7, Ex. A.) But federal courts regularly recognize and permit limited discovery into jurisdictional facts and other threshold issues in confirmation proceedings under facts very similar to those present here. For example, in *Dardana Ltd. v. A.O. Yuganskneftegaz*, 317 F.3d 202, 207–08 (2d Cir. 2003), the Second Circuit vacated the dismissal of a petition to confirm two Convention awards because "[t]he record before us . . . is incomplete," and remanded "for discovery on respondents' assets in this jurisdiction"—*i.e.*, the same discovery sought here. In *Twitch Interactive, Inc. v. Fishwoodco GmbH*, No. 22-cv-03218-EJD, 2024 WL 2113865, at *7 (N.D. Cal. May 9, 2024), the court found "limited jurisdictional discovery appropriate" where "the record before it" was inconclusive as to the propriety of exercising personal jurisdiction over certain parties to the underlying arbitral award. In *Xiamen Xiangyu Logistics Group Corp. v. Wholesale 209, LLC*, No. 2:23-cv-02704-DJC-AC, 2024 WL 5689749, at *1–*2, *4–*5 (E.D. Cal. July 16, 2024), the court, applying "the summary judgment standard of Federal Rule of Civil Procedure 56" to a confirmation petition, found a genuine dispute on a threshold fact and held that "limited discovery is necessary to determine the threshold issue." Because Yuan has indicated that he intends to contest his ownership of the Hotels, and the record

at present is incomplete, the Court should likewise grant the requested Limited Discovery.

**D. The Limited Discovery Sought Is Specific, Narrow, and Timely**

The scope of jurisdictional discovery in the Ninth Circuit is generally limited to facts relevant to establishing the particular basis for jurisdiction at issue and developing the record to enable the Court to make a fully informed determination as to jurisdiction. *E.g.*, *Harris Rutsky*, 328 F.3d at 1135 ("[A] remand will be necessary to allow ASR the opportunity to develop the record and make a prima facie showing of jurisdictional facts with respect to B & C–London."); *Banks v. United States*, No. 2:23-cv-01594-TLN-SCR, 2025 WL 2483418, at *4 (E.D. Cal. Aug. 28, 2025) (granting jurisdictional discovery "limited to the issue of whether Plaintiff's administrative claim was received by the United States Postal Service; [n]o more than ten (10) depositions per party; [n]o more than twenty (20) interrogatories per party; [and] [n]o more than twenty (20) requests for production per party"); *DISH Network L.L.C. v. Innetra PC*, No. 25-cv-03933-NW, 2025 WL 2677387, at *3 (N.D. Cal. Sept. 18, 2025) ("Jurisdictional discovery is not an opportunity to conduct discovery about the underlying disputes. The parties may only conduct discovery relevant to the question of specific personal jurisdiction, including, facts relevant to whether Defendants purposefully availed themselves of the United States[.]").

The Limited Discovery sought herein (*see* Yu Decl. Exs. B–G) is targeted precisely to elicit facts relating to the Court's exercise of quasi in rem jurisdiction based on the Hotels.[2] The discovery Petitioner seeks concerns the ownership of three named entities and three named properties since January 1, 2019 through document requests, interrogatories, and one deposition of Yuan, and subpoenas directed to Metainfinity,

[2] Petitioner reserves the right to rely on the facts obtained through the Limited Discovery for all purposes in this proceeding, including to establish personal jurisdiction over Yuan in any amended petition the Court has permitted Petitioner to file. (*See* MTD Order 13:18–19).

Metanova, and San Yi US. This discovery is expected to yield identifiable documents and information: the share registers and membership ledgers will show who holds the entities' equity, the transfer instruments will establish when the Hotels and/or related entities passed to Yuan, and the consolidation schedules will evidence when and why the Hotels have been excised from the Hazens Group's reports. The Limited Discovery is thus squarely within the scope generally found appropriate by courts in this Circuit.

The timing and scope of discovery follows the Court's own direction. The MTD Order contemplates that ownership may be litigated "during merits briefing" (MTD Order at 10 n.2), and since Respondent has confirmed he will contest ownership, the Court has stated that it will set the merits briefing schedule after deciding the instant Motion (Dkt. 25). Discovery now will enable the Court to determine the ownership question on a complete record, in a single round of briefing, rather than in an opposition supported by evidence Petitioner has never seen, followed by a request for discovery to answer it. Courts in this Circuit routinely follow that sequence. *E.g.*, *LiveCareer, Ltd. v. Su Jia Techs. Ltd.*, No. 14-cv-03336-JST, 2014 WL 7187171, at *3 (N.D. Cal. Dec. 15, 2014); *Alhathloul v. DarkMatter Grp.*, 2024 WL 493630, at *4 (D. Or. Feb. 8, 2024).

## IV. PROPOSED SCOPE AND SCHEDULE OF THE LIMITED DISCOVERY

Petitioner requests leave to conduct the following Limited Discovery, in the form attached to the Yu Declaration as Exhibits B–G, respectively:

1. Exhibit B, Requests for Production of Documents directed to Yuan under Rule 34;
2. Exhibit C, Interrogatories directed to Yuan under Rule 33;
3. Exhibits D–F, third party subpoenas under Rule 45 directed to Metainfinity, Metanova, and San Yi US; and

4. Exhibit G, a deposition notice directed to Yuan under Rule 30, for a deposition limited to the same subject to be taken either in California or abroad or by remote means if Yuan is outside the United States.

Regarding the schedule for completion of the requested Limited Discovery, Petitioner proposes as follows:

1. Written responses and production of documents shall be completed by Yuan and the subpoena recipients within thirty days of service;
2. Yuan's deposition shall be taken within thirty days after completion of the productions requested from him and from the subpoena recipients;
3. All Limited Discovery shall be completed within ten weeks of the Court's order;
4. Any dispute concerning the Limited Discovery shall be presented in accordance with L.R. 37; and
5. The parties shall file a joint status report within seven days after completion of the Limited Discovery proposing a schedule for merits briefing. (*See* Dkt. 25.)

## V. CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court grant this Motion in its entirety and enter the [Proposed] Order submitted herewith, authorizing the Limited Discovery in the form of the Requests for Production, Interrogatories, Notice of Deposition, and third-party subpoenas attached to the Yu Declaration as Exhibits B–G on the schedule proposed above.

Dated: November 2, 2026

Respectfully submitted,
KING & WOOD LLP

By: /s/ *Yan Ge*

Yan Ge (State Bar #236566)
geyan@cn.kingandwood.com
Yiren Yu (State Bar #341245)
yiren.yu@us.kingandwood.com
KING & WOOD LLP
2500 Sand Hill Road, Suite 111
Menlo Park, CA 94025
Telephone: +1 650 858 1285
Facsimile: +1 650 858 1226

Vincent Filardo Jr. (*pro hac vice*)
vincent.filardo@us.kingandwood.com
600 5th Avenue, 27th Floor
New York, NY 10020
Telephone: +1 347 926 7570

SPERTUS, JOSEPHS & MINNICK, LLP

Kevin J. Minnick (State Bar #269620)
kminnick@spertuslaw.com
617 W. 7th St., Ste 200
Los Angeles, CA 90017
Telephone: +1 213 205 6520

*Attorneys For Petitioner*
*Industrial Bank Co., Ltd. Shenzhen Branch*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Petitioner Industrial Bank Co., Ltd. Shenzhen Branch, certifies that this brief contains 3255 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 2, 2026

*/s/ Yan Ge*
Yan Ge

## CERTIFICATE REGARDING USE OF GENERATIVE ARTIFICIAL INTELLIGENCE

Pursuant to Section VII.A of the Court's Standing Order, the undersigned, counsel of record for Petitioner, certifies that generative artificial intelligence was used in the preparation of this brief, and the undersigned has reviewed, revised, and supplemented all portions of the brief, including those that were informed by the use of artificial intelligence or based on prior templates, has independently verified the factual and legal accuracy of the content, and has confirmed that all arguments and authorities are appropriate to the issues presented.

Dated: November 2, 2026

*/s/ Yan Ge*
Yan Ge