KING & WOOD LLP
Yan Ge (State Bar #236566)
geyan@cn.kingandwood.com
Yiren Yu (State Bar #341245)
yiren.yu@us.kingandwood.com
2500 Sand Hill Road, Suite 111
Menlo Park, CA 94025
Telephone: +1 650 858 1285

Vincent Filardo Jr. (*pro hac vice*)
Vincent.filardo@us.kingandwood.com
600 5th Avenue, 27th Floor
New York, NY 10020
Telephone: +1 347 926 7570

SPERTUS, JOSEPHS & MINNICK, LLP
Kevin J. Minnick (State Bar #269620)
kminnick@spertuslaw.com
617 W. 7th St., Ste 200
Los Angeles, CA 90017
Telephone: +1 213 205 6520

*Attorneys For Petitioner Industrial Bank Co., Ltd. Shenzhen Branch*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDUSTRIAL BANK CO., LTD. SHENZHEN BRANCH,<br><br>Petitioner,<br><br>v.<br><br>FUER YUAN,<br><br>Respondent. | Case No. 2:26-cv-01256-ODW-ADS<br><br>Judge: Otis D. Wright II<br><br>**DECLARATION OF YIREN YU IN SUPPORT OF PETITIONER'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY**<br><br>Date Action Filed: February 7, 2026<br>Hearing Date: December 7, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5D<br>Judge: Hon. Otis D. Wright II |

I, Yiren Yu, declare as follows:

1. I am an attorney licensed to practice law in the State of California and admitted to practice before this Court. I am an associate at King & Wood LLP, counsel of record for Petitioner Industrial Bank Co., Ltd. Shenzhen Branch ("Petitioner") in this action. I submit this declaration in support of Petitioner's Motion for Leave to Conduct Limited Discovery (the "Motion"). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to them.

2. Attached hereto as Exhibit A is a true and correct copy of email correspondence dated October 13 and 14, 2026 between me and Alejandro S. Angulo, counsel for Respondent Fuer Yuan ("Respondent"), on which other counsel for Petitioner were copied.

3. On October 13, 2026, I emailed Mr. Angulo regarding the joint proposed briefing schedule that the Court ordered in its October 7, 2026 Order (Dkt. 23). In that email, I asked whether Respondent intends to contest his ownership of the three hotels identified in the Order during merits briefing, and stated that, if he does, Petitioner intends to seek limited discovery on that issue.

4. On October 14, 2026, Mr. Angulo responded by email, stating: "My client does not own the hotels and thus, will be contesting that issue." In the same email, he stated: "We do not agree that discovery is necessary on this issue (or any issue)."

5. Later on October 14, 2026, I informed Mr. Angulo by email that, "[s]ince Respondent does not agree to limited discovery on the ownership issue, Petitioner will move the Court for it." In a later email that day concerning his revisions to the draft joint proposed briefing schedule, Mr. Angulo wrote: "We want to make sure that this joint document is not construed as an admission that we believe discovery is appropriate (we do not believe that it is and we will be opposing that motion)."

6. That evening, I spoke with Mr. Angulo by telephone. Following the call, Mr. Angulo confirmed by email: "This confirms that you are filing the version I transmitted in my email below." The parties filed the joint proposed briefing schedule that day. (Dkt. 24.)

7. On November 2, 2026, my colleague Ellis Herington of King & Wood LLP and I spoke with Mr. Angulo by Microsoft Teams videoconference regarding the Motion. Mr. Angulo indicated that Respondent will oppose the discovery requested in the Motion.

8. Attached hereto as Exhibit B is a true and correct copy of Petitioner's proposed First Set of Requests for Production of Documents to Respondent, which Petitioner will serve if the Court grants the Motion.

9. Attached hereto as Exhibit C is a true and correct copy of Petitioner's proposed First Set of Interrogatories to Respondent, which Petitioner will serve if the Court grants the Motion.

10. Attached hereto as Exhibits D, E, and F, respectively, are true and correct copies of the proposed subpoenas under Rule 45, each with its Attachment A, that Petitioner will serve on Metainfinity, Inc., Metanova, LLC, and San Yi US Investment Company, Inc. if the Court grants the Motion.

11. Attached hereto as Exhibit G is a true and correct copy of Petitioner's proposed Notice of Deposition of Respondent, which Petitioner will serve if the Court grants the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 2, 2026, at Menlo Park, California.

/s/ *Yiren Yu*
Yiren Yu, Esq.