# EXHIBIT B

KING & WOOD LLP
Yan Ge (State Bar #236566)
geyan@cn.kingandwood.com
Yiren Yu (State Bar #341245)
yiren.yu@us.kingandwood.com
2500 Sand Hill Road, Suite 111
Menlo Park, CA 94025
Telephone: +1 650 858 1285

Vincent Filardo Jr. (*pro hac vice*)
Vincent.filardo@us.kingandwood.com
600 5th Avenue, 27th Floor
New York, NY 10020
Telephone: +1 347 926 7570

SPERTUS, JOSEPHS & MINNICK, LLP
Kevin J. Minnick (State Bar #269620)
kminnick@spertuslaw.com
617 W. 7th St., Ste 200
Los Angeles, CA 90017
Telephone: +1 213 205 6520

*Attorneys For Petitioner Industrial Bank Co., Ltd. Shenzhen Branch*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

INDUSTRIAL BANK CO., LTD. SHENZHEN BRANCH,

Petitioner,

v.

FUER YUAN,

Respondent.

Case No. 2:26-cv-01256-ODW-ADS

Judge: Otis D. Wright II

**PETITIONER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO RESPONDENT FUER YUAN**

Date Action Filed: February 7, 2026
Judge: Hon. Otis D. Wright II
Magistrate Judge: Hon. Autumn D. Spaeth

PROPOUNDING PARTY: Petitioner Industrial Bank Co., Ltd. Shenzhen Branch

RESPONDING PARTY: Respondent Fuer Yuan

SET NO.: One

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Discovery Order, Petitioner Industrial Bank Co., Ltd. Shenzhen Branch requests that Respondent Fuer Yuan produce the Documents described below for inspection and copying at the offices of King & Wood LLP, 2500 Sand Hill Road, Suite 111, Menlo Park, California 94025, or by secure electronic transmission to counsel for Petitioner, within thirty (30) days after service.

**DEFINITIONS**

The following definitions apply to each request and interrogatory below, whether or not the defined term is capitalized.

1. "Petitioner" or "CIB" means Petitioner Industrial Bank Co., Ltd. Shenzhen Branch and its representatives.

2. "Yuan," "Respondent," "You," and "Your" mean Respondent Fuer Yuan and any person acting or purporting to act on his behalf, including agents, attorneys, accountants, nominees, and trustees.

3. "Hotels" means the three hotels identified in the Court's October 7, 2026 Order (Dkt. 23) (the "Order"): (1) the E-Central Downtown Los Angeles Hotel (formerly Luxe Hotel); (2) the Sheraton Gateway LAX Hotel; and (3) the Sheraton Los Angeles San Gabriel Hotel, in each case including the real property, improvements, and any leasehold or other interest in the hotel property. "Hotel" means any one of them.

4. "California Entities" means Metainfinity, Inc. (formerly Jia Yuan USA Co., Inc.), Metanova, LLC (formerly Hazens Investment, LLC), and San Yi US Investment Company, Inc. (formerly Jia Jia US Investment Company, Inc.). "California Entity" means any one of them.

5. "Upstream Entity" means any corporation, company, partnership, trust, foundation, or other person or arrangement that directly or indirectly holds or held any Ownership Interest in a California Entity, including the

"Chinese holding company" referred to in Respondent's Motion to Dismiss (Dkt. 13 at 24), and any entity at any level between Yuan and a California Entity.

6. "Shenzhen Hazens" means Shenzhen Hazens Real Estate Group Company Limited and its subsidiaries and affiliates, including Shenzhen Hazens Xinnan Investment Co., Ltd.

7. "Ownership Interest" means any legal, equitable, or beneficial interest, whether held directly or indirectly, including shares, membership interests, partnership interests, beneficial interests under a trust or nominee arrangement, options, warrants, convertible instruments, and any right to profits, distributions, or proceeds.

8. "Transfer" means any sale, assignment, conveyance, contribution, distribution, gift, exchange, pledge, encumbrance, or other disposition, whether voluntary or involuntary and whether or not for consideration.

9. "Family Member" means Yuan's spouse, former spouse, parents, siblings, children, and the spouses of any of them.

10. "Document" has the full meaning of Federal Rule of Civil Procedure 34(a)(1)(A) and includes electronically stored information, drafts, and non-identical copies. "Communication" means any transmission of information by any means. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

11. "Documents sufficient to show" means Documents that, taken together, establish the fact or facts described, without the need to produce every Document concerning that fact.

12. "Relevant Period" means January 1, 2019 through the date of Your response, unless a request states otherwise.

## INSTRUCTIONS

1. These requests are served pursuant to Federal Rules of Civil Procedure 26 and 34 and the Court's Order dated [_________], 2026 granting Petitioner leave to conduct limited discovery (Dkt. [__]) (the "Discovery Order"). They are limited to the subject authorized by the Discovery Order: the ownership of the Hotels, including any Ownership Interest Yuan holds or has held in the Hotels, however held, and the ownership of the California Entities.

2. Pursuant to the Discovery Order, You shall serve a written response and complete Your production within thirty (30) days after service of these requests.

3. Produce Documents as they are kept in the usual course of business or organized and labeled to correspond to the categories in these requests. Fed. R. Civ. P. 34(b)(2)(E)(i). Produce electronically stored information in searchable PDF format with the original file name and date preserved, except that spreadsheets and ledgers shall be produced in native format. Fed. R. Civ. P. 34(b)(2)(E)(ii).

4. Documents written in Chinese shall be produced as kept; no translation is required, but each such Document shall be identified in Your response by title, date, and the request to which it responds.

5. If You withhold any Document or part of a Document on a claim of privilege or protection, describe it in a log that complies with Federal Rule of Civil Procedure 26(b)(5)(A).

6. If no Documents exist that are responsive to a request, state so in Your written response. If responsive Documents exist but are not in Your possession, custody, or control, identify the person who has them.

7. These requests are continuing to the extent provided by Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show each Ownership Interest that You have held in any Hotel at any time during the Relevant Period, however held, including the nature and percentage of the interest, the dates during which You held it, and the manner in which it is or was held.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show each Ownership Interest that You have held in any California Entity at any time during the Relevant Period, however held, including the nature and percentage of the interest, the dates during which You held it, and the manner in which it is or was held.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show each person or entity that has held an Ownership Interest in each Hotel at any time during the Relevant Period, including vesting deeds, title reports, and any agreement under which record title to a Hotel is or was held for the benefit of another.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning any Transfer, during the Relevant Period, of any Hotel or of any interest in any Hotel to or from You, any Family Member, or any entity in which You hold or held an Ownership Interest, including deeds, purchase and sale agreements, assignments, escrow and closing statements, and resolutions or consents approving the Transfer.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents submitted during the Relevant Period to any governmental authority, lender, loan servicer, title or escrow company, hotel management company,

franchisor, or brand licensor identifying the owner or beneficial owner of any Hotel or of any California Entity, including beneficial ownership information reports filed with the Financial Crimes Enforcement Network, statements of information filed with the California Secretary of State, federal and state tax filings or schedules that identify owners (including Internal Revenue Service Form 5472 and Schedule K-1), beneficial ownership certifications, know-your-customer submissions, guarantor or sponsor disclosures, and change-of-ownership notices or consents.

**REQUEST FOR PRODUCTION NO. 6:**

The annual reports, audited financial statements, and consolidation schedules of Shenzhen Hazens for each fiscal year from 2019 through the present, to the extent they reflect the inclusion or removal of any Hotel or any California Entity, together with all Documents concerning the decision to remove any Hotel or California Entity from those reports.

**REQUEST FOR PRODUCTION NO. 7:**

All Communications during the Relevant Period between You or Shenzhen Hazens, on the one hand, and Petitioner or its representatives, on the other, concerning the ownership or Transfer of any Hotel or California Entity.

**REQUEST FOR PRODUCTION NO. 8:**

All Communications during the Relevant Period among You, Shenzhen Hazens, and any California Entity, or between any of them and any accountant, attorney, or other adviser, concerning the ownership or Transfer of any Hotel or of any Ownership Interest in a California Entity.

**REQUEST FOR PRODUCTION NO. 9:**

All minutes, resolutions, written consents, and similar records of any California Entity concerning any Transfer of a Hotel or any change in the holders of Ownership Interests in that California Entity during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show any distribution, dividend, management fee, loan, or other payment or proceeds of any Hotel or California Entity paid or transferred to You, or to any person or account for Your benefit, during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 11:**

For each California Entity, Documents sufficient to show each holder of an Ownership Interest in it during the Relevant Period and the nature and percentage of each such interest, including its share register or membership ledger, stock or membership certificates, capitalization table, articles, bylaws or operating agreement, and any shareholder or member agreement.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning any Transfer, during the Relevant Period, of any Ownership Interest in any California Entity to or from You, any Family Member, or any entity in which You hold or held an Ownership Interest, including purchase or assignment agreements, Documents reflecting the consideration paid and the payment of that consideration, and updated share registers or membership ledgers reflecting the Transfer.

**REQUEST FOR PRODUCTION NO. 13:**

To the extent any Ownership Interest in a California Entity is or was held during the Relevant Period by an entity, trust, or other person rather than a natural person, Documents sufficient to identify each such Upstream Entity and each holder of an Ownership Interest in it, with the nature and percentage of each interest, through each level of ownership to the natural persons who ultimately hold the interest.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning any trust, nominee, custodial, or similar arrangement under which any Ownership Interest in a Hotel or a California Entity is or was held for Your benefit or at Your direction during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents on which You rely for the statement in Your declaration (Dkt. 13-1) that You "do[] not own any real properties in California," and for the statement in Your Motion to Dismiss (Dkt. 13 at 24) that the California companies are owned by a Chinese holding company of which You have "no direct or indirect ownership interest."

Dated: [December __, 2026]

KING & WOOD LLP

By: _*[DRAFT]*_________

Yan Ge (State Bar #236566)
geyan@cn.kingandwood.com
Yiren Yu (State Bar #341245)
yiren.yu@us.kingandwood.com
KING & WOOD LLP
2500 Sand Hill Road, Suite 111
Menlo Park, CA 94025
Telephone: +1 650 858 1285
Facsimile: +1 650 858 1226

Vincent Filardo Jr. (*pro hac vice*)
Vincent.filardo@us.kingandwood.com
600 5th Avenue, 27th Floor
New York, NY 10020
Telephone: +1 347 926 7570

SPERTUS, JOSEPHS & MINNICK, LLP

Kevin J. Minnick (State Bar #269620)
kminnick@spertuslaw.com
617 W. 7th St., Ste 200
Los Angeles, CA 90017
Telephone: +1 213 205 6520

*Attorneys For Petitioner*
*Industrial Bank Co., Ltd. Shenzhen Branch*