# EXHIBIT C

KING & WOOD LLP
Yan Ge (State Bar #236566)
geyan@cn.kingandwood.com
Yiren Yu (State Bar #341245)
yiren.yu@us.kingandwood.com
2500 Sand Hill Road, Suite 111
Menlo Park, CA 94025
Telephone: +1 650 858 1285

Vincent Filardo Jr. (*pro hac vice*)
Vincent.filardo@us.kingandwood.com
600 5th Avenue, 27th Floor
New York, NY 10020
Telephone: +1 347 926 7570

SPERTUS, JOSEPHS & MINNICK, LLP
Kevin J. Minnick (State Bar #269620)
kminnick@spertuslaw.com
617 W. 7th St., Ste 200
Los Angeles, CA 90017
Telephone: +1 213 205 6520

*Attorneys For Petitioner Industrial Bank Co., Ltd. Shenzhen Branch*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

INDUSTRIAL BANK CO., LTD. SHENZHEN BRANCH,

Petitioner,

v.

FUER YUAN,

Respondent.

Case No. 2:26-cv-01256-ODW-ADS

Judge: Otis D. Wright II

**PETITIONER'S FIRST SET OF INTERROGATORIES TO RESPONDENT FUER YUAN**

Date Action Filed: February 7, 2026
Judge: Hon. Otis D. Wright II
Magistrate Judge: Hon. Autumn D. Spaeth

PROPOUNDING PARTY: Petitioner Industrial Bank Co., Ltd. Shenzhen Branch

RESPONDING PARTY: Respondent Fuer Yuan

SET NO.: One

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Discovery Order, Petitioner Industrial Bank Co., Ltd. Shenzhen Branch requests that Respondent Fuer

Yuan answer the following interrogatories separately and fully in writing, under oath, within thirty (30) days after service.

## DEFINITIONS

The following definitions apply to each request and interrogatory below, whether or not the defined term is capitalized.

1. "Petitioner" or "CIB" means Petitioner Industrial Bank Co., Ltd. Shenzhen Branch and its representatives.

2. "Yuan," "Respondent," "You," and "Your" mean Respondent Fuer Yuan and any person acting or purporting to act on his behalf, including agents, attorneys, accountants, nominees, and trustees.

3. "Hotels" means the three hotels identified in the Court's October 7, 2026 Order (Dkt. 23) (the "Order"): (1) the E-Central Downtown Los Angeles Hotel (formerly Luxe Hotel); (2) the Sheraton Gateway LAX Hotel; and (3) the Sheraton Los Angeles San Gabriel Hotel, in each case including the real property, improvements, and any leasehold or other interest in the hotel property. "Hotel" means any one of them.

4. "California Entities" means Metainfinity, Inc. (formerly Jia Yuan USA Co., Inc.), Metanova, LLC (formerly Hazens Investment, LLC), and San Yi US Investment Company, Inc. (formerly Jia Jia US Investment Company, Inc.). "California Entity" means any one of them.

5. "Upstream Entity" means any corporation, company, partnership, trust, foundation, or other person or arrangement that directly or indirectly holds or held any Ownership Interest in a California Entity, including the "Chinese holding company" referred to in Respondent's Motion to Dismiss (Dkt. 13 at 24), and any entity at any level between Yuan and a California Entity.

6. "Shenzhen Hazens" means Shenzhen Hazens Real Estate Group Company Limited and its subsidiaries and affiliates, including Shenzhen Hazens Xinnan Investment Co., Ltd.

7. "Ownership Interest" means any legal, equitable, or beneficial interest, whether held directly or indirectly, including shares, membership interests, partnership interests, beneficial interests under a trust or nominee arrangement, options, warrants, convertible instruments, and any right to profits, distributions, or proceeds.

8. "Transfer" means any sale, assignment, conveyance, contribution, distribution, gift, exchange, pledge, encumbrance, or other disposition, whether voluntary or involuntary and whether or not for consideration.

9. "Family Member" means Yuan's spouse, former spouse, parents, siblings, children, and the spouses of any of them.

10. "Document" has the full meaning of Federal Rule of Civil Procedure 34(a)(1)(A) and includes electronically stored information, drafts, and non-identical copies. "Communication" means any transmission of information by any means. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

11. "Documents sufficient to show" means Documents that, taken together, establish the fact or facts described, without the need to produce every Document concerning that fact.

12. "Relevant Period" means January 1, 2019 through the date of Your response, unless a request states otherwise.

## INSTRUCTIONS

1. These interrogatories are limited to the subject authorized by the Discovery Order: the ownership of the Hotels, including any Ownership

Interest Yuan holds or has held in the Hotels, however held, and the ownership of the California Entities.

2. "Identify," with respect to a natural person, means to state the person's full name, last known address, and relationship to You; with respect to an entity, means to state its full legal name, place of organization, principal address, and the names of its owners and managers; and with respect to a Document, means to state its date, author, recipients, and title or type, or to produce it and refer to its production number.

3. Each interrogatory shall be answered on the basis of all information available to You, including information held by Your agents, attorneys, accountants, nominees, and trustees. If You cannot answer an interrogatory fully, answer to the extent possible, state why You cannot answer the remainder, and identify each person who has the information.

4. If You answer an interrogatory by reference to Documents under Federal Rule of Civil Procedure 33(d), identify the Documents by production number in sufficient detail to permit Petitioner to locate them as readily as You could.

5. If You object to any part of an interrogatory, state the objection with specificity and answer the remainder. Fed. R. Civ. P. 33(b)(3)–(4).

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State whether You have held, at any time during the Relevant Period, any Ownership Interest in any Hotel. If so, for each Hotel, describe the nature and percentage of Your interest, state the dates during which You held it, describe the manner in which it is or was held, and identify the Documents that evidence it.

**INTERROGATORY NO. 2:**

Identify each person or entity that has held an Ownership Interest in each Hotel at any time during the Relevant Period, including the holder of record title and any person for whose benefit title is or was held, and for each state the nature and percentage of the interest, the dates during which it was held, and the Documents that evidence it.

**INTERROGATORY NO. 3:**

Identify each Transfer, during the Relevant Period, of any Hotel or of any interest in any Hotel, and for each Transfer state the date, the transferor, the transferee, the interest transferred, the consideration paid, and the Documents that effected or recorded it.

**INTERROGATORY NO. 4:**

State all facts on which You base the statement in Your declaration (Dkt. 13-1) that You "do[] not own any real properties in California," and identify each Document that supports that statement.

**INTERROGATORY NO. 5:**

State whether You have held, at any time during the Relevant Period, any Ownership Interest in any California Entity, including any right to receive distributions, dividends, or proceeds from it. If so, for each California Entity, describe the nature and percentage of Your interest, state the dates during which You held it, describe the manner in which it is or was held, and identify the Documents that evidence it.

**INTERROGATORY NO. 6:**

For each California Entity, identify each person or entity that has held an Ownership Interest in it at any time during the Relevant Period, and for each state the nature of the interest, the percentage held, and the dates during which it was held.

**INTERROGATORY NO. 7:**

For each entity identified in Your answers to Interrogatory Nos. 2 and 6 that is not a natural person, identify each person or entity that has held an Ownership Interest

in that entity during the Relevant Period, with the nature, percentage, and dates of each interest, and continue through each further level of ownership until every Ownership Interest is traced to a natural person.

**INTERROGATORY NO. 8:**

Identify the "Chinese holding company" that, according to Your Motion to Dismiss (Dkt. 13 at 24), owns the California companies; identify each person or entity that has held an Ownership Interest in it during the Relevant Period, with the nature, percentage, and dates of each interest; and state all facts on which You base the statement that You have "no direct or indirect ownership interest" in it.

**INTERROGATORY NO. 9:**

State whether any Hotel or California Entity was removed from, or ceased to be consolidated in, the annual reports or financial statements of Shenzhen Hazens at any time from 2019 through the present; if so, state the date of and the reason for the removal, identify the person who decided it, and identify the person or entity that held the Ownership Interest in the Hotel or California Entity immediately after the removal.

**INTERROGATORY NO. 10:**

Identify each person who has knowledge of the ownership of the Hotels or of the California Entities during the Relevant Period, including the officers, directors, managers, accountants, and attorneys of each California Entity and each person who communicated with Petitioner or its representatives concerning the ownership or Transfer of any Hotel, and for each state the subject of his or her knowledge.

Dated: [December __, 2026]

KING & WOOD LLP

By: *[DRAFT]*

Yan Ge (State Bar #236566)
geyan@cn.kingandwood.com
Yiren Yu (State Bar #341245)
yiren.yu@us.kingandwood.com

KING & WOOD LLP
2500 Sand Hill Road, Suite 111
Menlo Park, CA 94025
Telephone: +1 650 858 1285
Facsimile: +1 650 858 1226

Vincent Filardo Jr. (*pro hac vice*)
Vincent.filardo@us.kingandwood.com
600 5th Avenue, 27th Floor
New York, NY 10020
Telephone: +1 347 926 7570

SPERTUS, JOSEPHS & MINNICK, LLP

Kevin J. Minnick (State Bar #269620)
kminnick@spertuslaw.com
617 W. 7th St., Ste 200
Los Angeles, CA 90017
Telephone: +1 213 205 6520

*Attorneys For Petitioner*
*Industrial Bank Co., Ltd. Shenzhen Branch*