# EXHIBIT E

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

Industrial Bank Co., Ltd. Shenzhen Branch
*Plaintiff*
v.
Fuer Yuan
*Defendant*

Civil Action No. 2:26-cv-01256-ODW-ADS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Metanova, LLC (formerly Hazens Investment, LLC)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: King & Wood LLP<br>800 E Colorado Blvd, Suite 220<br>Pasadena, CA 91101 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ________________

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Petitioner Industrial Bank Co., Ltd. Shenzhen Branch, who issues or requests this subpoena, are:

Yan Ge and Yiren Yu, King & Wood LLP, 2500 Sand Hill Road, Suite 111, Menlo Park, CA 94025

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:26-cv-01256-ODW-ADS

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ________________

on *(date)* ________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ________________

________________ on *(date)* ________ ; or

❒ I returned the subpoena unexecuted because: ________________

________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ________ .

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ________

________________
*Server's signature*

________________
*Printed name and title*

________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

KING & WOOD LLP
Yan Ge (State Bar #236566)
geyan@cn.kingandwood.com
Yiren Yu (State Bar #341245)
yiren.yu@us.kingandwood.com
2500 Sand Hill Road, Suite 111
Menlo Park, CA 94025
Telephone: +1 650 858 1285

Vincent Filardo Jr. (*pro hac vice*)
Vincent.filardo@us.kingandwood.com
600 5th Avenue, 27th Floor
New York, NY 10020
Telephone: +1 347 926 7570

SPERTUS, JOSEPHS & MINNICK, LLP
Kevin J. Minnick (State Bar #269620)
kminnick@spertuslaw.com
617 W. 7th St., Ste 200
Los Angeles, CA 90017
Telephone: +1 213 205 6520

*Attorneys For Petitioner Industrial Bank Co., Ltd. Shenzhen Branch*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

INDUSTRIAL BANK CO., LTD. SHENZHEN BRANCH,

Petitioner,

v.

FUER YUAN,

Respondent.

Case No. 2:26-cv-01256-ODW-ADS

Judge: Otis D. Wright II

**ATTACHMENT A TO RULE 45 SUBPOENA TO METANOVA, LLC**

Date Action Filed: February 7, 2026
Judge: Hon. Otis D. Wright II
Magistrate Judge: Hon. Autumn D. Spaeth

**ATTACHMENT A TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS (FED. R. CIV. P. 45)**

**Subpoenaed Party: Metanova, LLC (formerly Hazens Investment, LLC)**

This Attachment A forms part of the subpoena served on Metanova, LLC ("Metanova" or the "Company") by Petitioner Industrial Bank Co., Ltd. Shenzhen

Branch pursuant to Federal Rule of Civil Procedure 45 and the Court's Order dated [________], 2026 granting Petitioner leave to conduct limited discovery (Dkt. [__]) (the "Discovery Order"). The subpoena is limited to the subject authorized by the Discovery Order: the ownership of the Hotels, including any ownership interest Respondent Fuer Yuan holds or has held in the Hotels, however held, and the ownership of the California Entities.

**DEFINITIONS**

1. "Petitioner" means Petitioner Industrial Bank Co., Ltd. Shenzhen Branch. "Yuan" means Respondent Fuer Yuan and any person acting or purporting to act on his behalf.

2. "Hotels" means the three hotels identified in the Court's October 7, 2026 Order (Dkt. 23) (the "Order"): (1) the E-Central Downtown Los Angeles Hotel (formerly Luxe Hotel); (2) the Sheraton Gateway LAX Hotel; and (3) the Sheraton Los Angeles San Gabriel Hotel, in each case including the real property, improvements, and any leasehold or other interest in the hotel property. "Hotel" means any one of them. "The Hotel" means the Sheraton Gateway LAX Hotel.

3. "California Entities" means Metainfinity, Inc., Metanova, LLC, and San Yi US Investment Company, Inc. "Upstream Entity" means any corporation, company, partnership, trust, or other person or arrangement that directly or indirectly holds or held any Ownership Interest in the Company or in any other California Entity, at any level between Yuan and the Company.

4. "Ownership Interest" means any legal, equitable, or beneficial interest, whether held directly or indirectly, including shares, membership interests, beneficial interests under a trust or nominee arrangement, options, and any right to profits, distributions, or proceeds. "Transfer"

means any sale, assignment, conveyance, contribution, distribution, gift, exchange, pledge, encumbrance, or other disposition.

5. "Document" has the full meaning of Federal Rule of Civil Procedure 34(a)(1)(A) and includes electronically stored information. "Documents sufficient to show" means Documents that, taken together, establish the fact described, without the need to produce every Document concerning it.

6. "Relevant Period" means January 1, 2019 through the date of production, unless a request states otherwise.

## INSTRUCTIONS

1. Produce the Documents at the place and by the date stated on the face of the subpoena. Production may be made by delivering copies, in searchable PDF format (spreadsheets and ledgers in native format), to counsel for Petitioner, King & Wood LLP, 2500 Sand Hill Road, Suite 111, Menlo Park, California 94025, or by secure electronic transmission; personal appearance is not required if production is complete. Fed. R. Civ. P. 45(d)(2)(A).

2. Produce Documents as they are kept in the usual course of business or organized and labeled to correspond to the requests. Fed. R. Civ. P. 45(e)(1)(A). Documents written in Chinese shall be produced as kept.

3. If any Document is withheld on a claim of privilege or protection, describe it in a log that complies with Federal Rule of Civil Procedure 45(e)(2)(A).

4. The text of Federal Rule of Civil Procedure 45(d) and (e) is set out on the face of the subpoena. Any objection must be served within fourteen (14) days after service of the subpoena. Fed. R. Civ. P. 45(d)(2)(B).

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

Documents sufficient to show any Ownership Interest that Yuan holds or has held, at any time during the Relevant Period, in the Hotel or in the Company, however held, including any trust, nominee, custodial, or similar arrangement under which such an interest is or was held for his benefit or at his direction.

**REQUEST NO. 2:**

Documents sufficient to show each person or entity that has held an Ownership Interest in the Hotel at any time during the Relevant Period, including vesting deeds, title reports, and any agreement under which record title to the Hotel is or was held for the benefit of another.

**REQUEST NO. 3:**

All Documents concerning any Transfer of the Hotel, or of any interest in the Hotel, during the Relevant Period, including deeds, purchase and sale agreements, assignments, escrow and closing statements, and resolutions or consents approving the Transfer.

**REQUEST NO. 4:**

All Documents submitted during the Relevant Period to any governmental authority, lender, loan servicer, title or escrow company, hotel management company, franchisor, or brand licensor identifying the owner or beneficial owner of the Hotel or the Company, including beneficial ownership information reports filed with the Financial Crimes Enforcement Network, statements of information filed with the California Secretary of State, tax filings or schedules that identify owners (including Internal Revenue Service Form 5472 and Schedule K-1), beneficial ownership certifications, and change-of-ownership notices or consents.

**REQUEST NO. 5:**

Documents sufficient to show each holder of an Ownership Interest in the Company at any time during the Relevant Period and the nature and percentage of each such interest, including the Company's membership ledger, membership certificates, capitalization table, articles of organization, and operating agreement and all amendments.

**REQUEST NO. 6:**

All Documents concerning any Transfer of any Ownership Interest in the Company during the Relevant Period, including purchase or assignment agreements, Documents reflecting the consideration paid, and resolutions or consents approving the Transfer.

**REQUEST NO. 7:**

To the extent any Ownership Interest in the Company is or was held during the Relevant Period by an entity, trust, or other person rather than a natural person, Documents sufficient to identify each such Upstream Entity and each holder of an Ownership Interest in it, with the nature and percentage of each interest, through each level of ownership to the natural persons who ultimately hold the interest.

**REQUEST NO. 8:**

All minutes, resolutions, written consents, and similar records of the Company concerning any Transfer of the Hotel or any change in the holders of Ownership Interests in the Company during the Relevant Period.

**REQUEST NO. 9:**

All Communications during the Relevant Period between the Company, on the one hand, and Yuan, Shenzhen Hazens Real Estate Group Company Limited or its affiliates, or any Upstream Entity, on the other, concerning the ownership or Transfer of the Hotel or of any Ownership Interest in the Company.