# EXHIBIT A

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/10/2026 11:47 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Davis, Deputy Clerk

KING & WOOD MALLESONS LLP
Yan Ge (State Bar #236566)
geyan@cn.kwm.com
Ellis E. Herington (State Bar #343085)
ellis.herington@us.kwm.com
Yiren Yu (State Bar #341245)
yiren.yu@us.kwm.com
2500 Sand Hill Road, Suite 111
Menlo Park, CA 94025
Telephone: +1 650 858 1285
Facsimile: +1 650 858 1226

Attorneys for Plaintiff, INDUSTRIAL BANK CO., LTD. SHENZHEN BRANCH

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| INDUSTRIAL BANK CO., LTD. SHENZHEN BRANCH,<br><br>Plaintiff,<br><br>v.<br><br>CELIA WEN SUN a/k/a WEN SUN a/k/a CELIA SUN, VALLEY SG LANDPLUS, LLC, METAINFINITY, INC., METANOVA, LLC, SAN YI US INVESTMENT COMPANY, INC., HAZENS ROSEMEAD, LLC, BURGEON HOTEL GROUP CORP. and John Does 1-20<br><br>Defendants. | Case No. 26STCV04248<br><br>DECLARATION OF YIREN YU IN SUPPORT OF APPLICATION FOR TRO AND OSC RE PRELIMINARY INJUNCTION<br><br>Hearing Date:<br>Time:<br>Department:<br><br>Complaint Filed: February 6, 2026 |

I, Yiren Yu, declare as follows:

1. I am an attorney duly licensed to practice law before all courts of the State of California. My law firm, King & Wood Mallesons LLP, is counsel for Plaintiff Industrial Bank Co., Ltd. Shenzhen Branch ("CIB" or "Plaintiff"). This Declaration is submitted in support of CIB's Application for a Temporary Restraining Order ("TRO") and Order to Show Cause Re Preliminary Injunction ("OSC"). The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2. CIB filed its Complaint on February 6, 2026, contemporaneously with its Application for TRO and OSC.

3. Therein, CIB alleges seven causes of action against Defendants Celia Wen Sun a/k/a Wen Sun a/k/a Celia Sun ("Sun"), Metainfinity, Inc. ("Metainfinity", f/k/a Jia Yuan USA Co., Inc.), Metanova, LLC ("Metanova", f/k/a Hazens Investment, LLC), San Yi US Investment Company, Inc. ("San Yi US", f/k/a Jia Jia US Investment Company, Inc.), Valley SG Landplus, LLC ("VSGL"), Hazens Rosemead, LLC ("Hazens Rosemead"), Burgeon Hotel Group Corporation ("BHG"), seeking relief from their participation in an international fraud scheme designed to evade CIB's efforts to collect on a multimillion-dollar debt it is owed by Defendants' affiliate, non-party Fuer Yuan.

4. CIB asserts claims for avoidance of fraudulent transfers pursuant to the Uniform Voidable Transactions Act and common law. It also asserts claims for constructive trust, civil conspiracy between and among all Defendants, aiding and abetting by each Defendant, and unjust enrichment.

5. CIB seeks a TRO restraining and enjoining Defendants and any of their agents, assigns, partners, employees, or any individual or entity acting in concert with them (collectively, "Defendants"), from engaging in any of the following acts pending a hearing on a Preliminary Injunction:

a. Transferring, selling, conveying, encumbering, assigning, or otherwise disposing of any of the following wrongfully transferred assets (together, the "Identified Transferred Assets"):

i. The real property located at 8780 Depot Road #207 and #308, Lynden, WA 98264;

ii. The real property located at 2880 Josephine Drive, Henderson, NV 89044;

iii. The real property located at 879 Michigan Boulevard #L, Pasadena, CA 91107;

iv. The real property located at 980 Winston Avenue, San Marino, CA 91108;

v. The real property located at 4222 92nd Avenue SE, Mercer Island, WA 98040;

vi. Ownership of Defendants Metainfinity, Metanova, San Yi US, Hazens Rosemead, and BHG, via transfer of shares or other interests in these corporate entities;

vii. The E-Central Downtown Los Angeles Hotel property and associated assets located at 1020 S. Figueroa Street, Los Angeles, CA 90015;

viii. The Sheraton Gateway Los Angeles Hotel property and associated assets located at 6101 W. Century Boulevard, Los Angeles, CA 90045;

ix. The Sheraton Los Angeles San Gabriel Hotel property and associated assets located at 303 E. Valley Boulevard, San Gabriel, CA 91776; and

x. The office building property and associated assets located at 135 E. Live Oak Avenue, Arcadia, CA 91006.

b. Transferring, selling, conveying, encumbering, assigning, or otherwise disposing of any other personal or real property transferred to them by Fuer Yuan or any of his agents, assigns, partners, employees, or any individual or entity acting in concert with him (the "Unidentified Transferred Assets," and together with the Identified Transferred Assets, the "Transferred Yuan Assets");

c. Transferring, selling, conveying, encumbering, assigning, or otherwise disposing of the proceeds of further transfers of the assets identified above and any benefits and/or proceeds derived therefrom, including without limitation the following property that was, on information and belief, acquired using funds wrongfully transferred by Yuan to Defendants (the "Acquired Assets," and together with the Transferred Yuan Assets, the "Collection Assets"):

i. The real property located at 511 South El Molino Avenue #17, Pasadena, CA 91101;

ii. The real property located at 8548 E. Fairview Avenue, San Gabriel, CA 91775;

iii. The real property located at 1458 Hampton Road, San Marino, CA 91108;

iv. The real property located at 250 South De Lacey Ave #303, Pasadena, CA 91105;

v. The real property located at 412 Middlebury Court, Claremont, CA 91711;

vi. The real property located at 529 Richbrook Drive, Claremont, CA 91711; and

vii. The real property located at Parcels 5369-018-020 and 5369-018-002, San Gabriel, CA 91776; and

d. Making any further claim to the Collection Assets identified above that would be adverse to CIB's debt collection efforts, whether by legal action or otherwise.

6. Said TRO should issue because Defendants have systematically engaged in conduct designed to remove the Collection Assets from CIB's reach and prevent it from ever being made whole for the damages it has suffered as a result of Yuan's and his affiliates' actions. Such conduct has resulted and will continue to result in great and irreparable injury to CIB if it is not restrained.

7. The immediate and irreparable injury which is being and will continue to be suffered by CIB absent injunctive relief is the continued dissipation, transfer, and concealment of the Collection Assets by Defendants that are necessary to satisfy CIB's claims. Between 2020 and 2024, CIB extended three separate loans to Shenzhen Hazens Xinnan Real Estate Co., Ltd. ("Hazens Xinnan) for a real estate development project, with total disbursements of approximately RMB 1.9 billion. These loans were secured by personal guarantees from Fuer Yuan. The first loan was also guaranteed by Weiqing Rao, who was Yuan's wife in China at that time. Hazens Xinnan defaulted on the loans, with approximately RMB 1.6 billion in loan principal remaining unpaid.

8. Given the substantial amounts owed and concerns about asset concealment, our firm, on behalf of CIB, engaged an investigation firm in California to conduct a comprehensive investigation of publicly available information regarding the removal and transfer of assets from Yuan's ownership. The investigation focused on identifying assets that had been systematically transferred to evade creditor obligations and determining the current ownership and control of such assets.

9. The investigation revealed that Defendants engaged in a systematic and sophisticated scheme to receive, hold, and conceal fraudulently transferred assets. Yuan was concurrently and secretly married to Sun during his marriage to Rao, while misrepresenting his marital status to CIB.

Property records show Fuer Yuan executing quitclaim deeds as Sun's husband on multiple occasions, transferring the real properties listed above as the Identified Transferred Assets to Sun's sole ownership. Also, upon information and belief, substantial monetary funds were transferred to Sun, who deposited them into personal accounts and transferred them to VSGL, and Sun and VSGL used the funds to acquire the real properties listed above as the Acquired Assets. Yuan divorced Rao on September 12, 2023, and subsequently divorced Sun in 2024, timing these divorces to shield transferred assets from creditors.

10. Metainfinity, Metanova, and San Yi US own hotel properties in Los Angeles County with a combined assessed value of approximately $342.5 million. Hazens Rosemead owns an office building in Los Angeles County. Upon information and belief, beneficial ownership interests in these assets were transferred from Yuan's ownership to Sun. Defendants Metainfinity, Metanova, San Yi US, and Hazens Rosemead operate as a single integrated enterprise, sharing the same address at 135 E. Live Oak Avenue, Arcadia, California. The entities share common management personnel and all hotels operate under unified Burgeon Hotel Group management. Corporate filings show Sun systematically assumed leadership positions across the entities in 2024.

11. Based on this investigation, Defendants have demonstrated a clear pattern of systematic asset transfers to evade creditor obligations. Once assets are further dissipated or moved through additional corporate structures, they become extraordinarily difficult or impossible to trace and recover. The harm is imminent because Defendants maintain control over the real properties and hotel entities, positioning them to effectuate additional transfers at any time. Without immediate injunctive relief, CIB will lose its ability to avoid the fraudulent transfers and recover the specific assets.

12. Moreover, CIB commenced two separate arbitration proceedings at the Shenzhen Court of International Arbitration against, *inter alia*, Yuan under the Guarantee Agreements entered into between Yuan and CIB, and the arbitral tribunal has rendered awards in both cases in favor of CIB. The amounts granted by the Awards equate to at least CNY 1,452,058,988.8 as of December 26, 2024, which is equivalent to USD 209,289,182.62. To date, neither Yuan nor any other

Respondents have made any payment toward the principal, interest, default interest, compound interest, attorney's fees, or arbitration costs awarded under either of the awards. In November 2025, CIB filed an application for compulsory enforcement of the Awards with Guangdong Province Shenzhen Intermediate People's Court. After determining that no executable property suitable for disposal was discovered, the Court closed the enforcement proceeding, but ruled that CIB retains the right to demand the respondents, including Fuer Yuan, to continue fulfilling the debt obligations, and the respondents remain obligated to continue fulfilling the debt obligations to CIB. After the court concluded this enforcement proceeding, the judicial assistant located and seized some funds from the personal accounts of Fuer Yuan and Weiqing Rao through the property investigation system. The specific amount of CNY seized was CNY 5,081,346.54, equivalent to USD 732,388.20. The enforcement proceedings in China may be reopened once CIB finds enforceable assets in China and resubmit the enforcement application.

13. There is a high likelihood that CIB will prevail at trial of the within action, in that each of its claims is well-supported by the facts set out herein and in the Complaint, and grounded in well-established legal precedent as explained in the Memorandum of Points and Authorities filed contemporaneously herewith.

14. Defendants will suffer negligible or no harm if the TRO and OSC are granted, in that these forms of injunctive relief serve only to maintain the status quo for the duration of the litigation while CIB demonstrates its entitlement to the ultimate relief it has requested in the Complaint.

15. For the above reasons and in light of the facts presented, a TRO should be immediately issued to prevent further harm to CIB.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of February, 2025, at Menlo Park, California.

/s/ Yiren Yu

Yiren Yu