# EXHIBIT I

CHANG LLP
EUDEEN Y. CHANG, State Bar No. 211721
MONICA Q. VU, State Bar No. 216352
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612
Telephone: (949) 387-8611
Facsimile: (949) 263-0005
echang@changllp.com
mvu@changllp.com

BALLARD SPAHR LLP
PAUL B. GEORGE, State Bar No. 55147
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone: (503) 778.2100
Facsimile: (503)778.2200
georgep@ballardspahr.com

Attorneys for Defendants
CELIA WEN SUN, VALLEY SG LANDPLUS, LLC, METAINFINITY, INC., METANOVA, LLC, SAN YI US INVESTMENT COMPANY, INC., HAZENS ROSEMEAD, LLC, and BURGEON HOTEL GROUP CORP.

**SUPERIOR COURT OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| INDUSTRIAL BANK CO., LTD. SHENZHEN BRANCH,<br><br>Plaintiff,<br><br>v.<br><br>CELIA WEN SUN a/k/a WEN SUN a/k/a CELIA SUN, VALLEY SG LANDPLUS, LLC, METAINFINITY, INC., METANOVA, LLC, SAN YI US INVESTMENT COMPANY, INC., HAZENS ROSEMEAD, LLC, BURGEON HOTEL GROUP CORP. and John Does 1-20<br><br>Defendants. | CASE NO. 26STCV04248<br><br>Assigned For All Purposes To:<br>Judge Gary D. Roberts<br>Dept.: 73<br><br>**DEFENDANT CELIA WEN SUN'S RESPONSE TO PLAINTIFF INDUSTRIAL BANK CO., LTD. SHENZHEN BRANCH'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>*Action Filed: February 02, 2026* |

**PROPOUNDING PARTY: Plaintiff Industrial Bank Co. LTD, Shenzhen Branch**

**RESPONDING PARTY: Defendant Celia Wen Sun**

**SET NO.: ONE (1)**

Defendant Celia Wen Sun ("Responding Party") hereby submits her objections and responses to the First Set of Requests for Production (the "Requests") propounded by Plaintiff Industrial Bank Co. LTD, Shenzhen Branch, ("Plaintiff" or "Propounding Party"), as follows:

## I. PRELIMINARY STATEMENT

The responses set forth below are submitted subject to this Preliminary Statement and the objections set forth herein and are based upon the current knowledge of the Responding Party. Responding Party has not fully completed her investigation of facts relating to this case, has not fully completed her discovery in this action, and has not completed her preparation for trial. Without obligating herself to do so, Responding Party hereby reserves the right to supplement, revise, modify or amend these responses and to correct any inadvertent errors or omissions which may be contained herein in light of information or documents which may be subsequently obtained or discovered, and to rely upon such information or documents in subsequent proceedings, motions, or at trial in this action.

All of the answers contained herein are based only upon such information and documents which are presently available and specifically known to Responding Party, according to Responding Party's perception and understanding of the nature and type of information and documents requested. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual contentions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses herein set forth.

The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which may later be developed. The answers contained herein are made in a good faith effort to supply as much factual information and specification as is presently known, which in no way is to be considered prejudicial to Responding Party with relation to further discovery, research, analysis or

production of evidence.

These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility), which would require the exclusion of any statement contained herein as made by a witness present and testifying in court. All objections and grounds, therefore, are reserved and may be interposed at the time of trial. Except for facts specifically admitted herein, no admission of any nature, whatsoever, is to be implied or inferred.

## II. RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS sufficient to show YOUR citizenship status.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly oppressive and harassing, seeks information protected by the right of privacy under the U.S. Constitution and the California Constitution and seeks documents and information not relevant to the issues in this case nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party also objects to this Request as being unduly burdensome and oppressive.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to show YOUR marital status.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, to the extent it seeks information protected by the right of privacy under the U.S. Constitution and the California Constitution and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show she is divorced following completion of reasonable collection and review.

**<u>REQUEST FOR PRODUCTION NO. 3:</u>**

All DOCUMENTS RELATING TO YOUR marriage to YUAN.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 3:</u>**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, unintelligible, to the extent it seeks information protected by the right of privacy under the U.S. Constitution and the California Constitution or the marital privilege, and seeks documents and information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show she is divorced following completion of reasonable collection and review.

**<u>REQUEST FOR PRODUCTION NO. 4:</u>**

All DOCUMENTS RELATING TO YOUR divorce from YUAN.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 4:</u>**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, unintelligible, to the extent it seeks information protected by the right of privacy under the U.S. Constitution and the California Constitution or the marital privilege, and seeks documents and information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show she is divorced following completion of reasonable collection and review.

**<u>REQUEST FOR PRODUCTION NO. 5:</u>**

All of YOUR tax returns.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 5:</u>**

Responding Party objects to this request on the grounds it is overbroad, unduly burdensome, oppressive and harassing, seeks information and/or documents protected by the taxpayer privilege pursuant to California Revenue and Tax Code § 21028, *Flora Crane Service, Inc. v. Superior Court*

*In and For City and County of San Francisco* (1965) 234 Cal.App.2d 767,784 (copies of income tax returns are privileged from disclosure and not subject to production in discovery proceedings) and/or the right of privacy under the U.S. Constitution and the California Constitution, seeks private and confidential financial information, and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence. To the extent any of the other Requests purport to seek Responding Party's tax returns, Responding Party asserts the same objections to same, and will not produce her tax returns.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO YUAN'S transfer of the LYNDEN PROPERTY to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and the marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show the subject transfer following completion of reasonable collection and review.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATING TO YOUR use of the LYNDEN PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including, without limitation, its reference of the word "use", overbroad, unduly burdensome, oppressive and harassing, unintelligible, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and marital privilege and seeks information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfer of the LYNDEN PROPERTY by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, marital privilege and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show the transfer of Unit #308 following completion of reasonable collection and review.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO YUAN'S transfer of the MERCER ISLAND PROPERTY to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence, particularly given that the subject property transfer is beyond the statute of limitations for Plaintiff's claims.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATING TO YOUR use of the MERCER ISLAND PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including without limitation, its reference of the word "use", overbroad, unduly burdensome, oppressive and harassing, unintelligible to the extent it seeks documents and information protected

by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence, particularly given that the subject property transfer is beyond the statute of limitations for Plaintiff's claims.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfer of the MERCER ISLAND PROPERTY by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence, particularly given that the subject property transfer is beyond the statute of limitations for Plaintiff's claims.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS RELATING TO YUAN'S transfer of the PASADENA PROPERTY to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence, particularly given that the subject property transfer is beyond the statute of limitations for Plaintiff's claims.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS RELATING TO YOUR use of the PASADENA PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, including without limitation, its reference of the word "use", unduly burdensome, oppressive and harassing, unintelligible, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence, particularly given that the subject property transfer is beyond the statute of limitations for Plaintiff's claims.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfer of the PASADENA PROPERTY by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence, particularly given that the subject property transfer is beyond the statute of limitations for Plaintiff's claims.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS RELATING TO YUAN'S transfer of the SAN MARINO PROPERTY to YOU

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence, particularly given that the subject property transfer is beyond the statute of limitations for Plaintiff's claims.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATING TO YOUR use of the SAN MARINO PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including without limitation, its reference of the word “use”, overbroad, unduly burdensome, oppressive and harassing, unintelligible, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence, particularly given that the subject property transfer is beyond the statute of limitations for Plaintiff’s claims.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfer of the SAN MARINO PROPERTY by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence, particularly given that the subject property transfer is beyond the statute of limitations for Plaintiff’s claims.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATING TO YOUR acquisition of the DE LACEY PROPERTY, including without limitation DOCUMENTS sufficient to show the source of funds used for the acquisition and DOCUMENTS sufficient to identify all PERSONS involved in the acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, including but not limited to its request for documents that identify all persons involved, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or

marital privilege, and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's acquisition of the subject property following completion of reasonable collection and review.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO YOUR use of the DE LACEY PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including without limitation, its reference of the word "use", overbroad, unduly burdensome, oppressive and harassing, unintelligible, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfer of the DE LACEY PROPERTY by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege, and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party is unable to comply with this request because, after a diligent search and reasonable inquiry, Responding Party has determined that no responsive documents have ever existed in Responding Party's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS RELATING TO YOUR acquisition of the EL MOLINO PROPERTY, including without limitation DOCUMENTS sufficient to show the source of funds used for the acquisition and DOCUMENTS sufficient to identify all PERSONS involved in the acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, including but not limited to its request for documents that identify all persons involved, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege, and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's acquisition of the subject property following completion of reasonable collection and review.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS RELATING TO YOUR use of the EL MOLINO PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including without limitation, its reference of the word "use", overbroad, unduly burdensome, oppressive and harassing, unintelligible, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfer of the EL MOLINO PROPERTY by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege, and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party is unable to comply with this request because, after a diligent search and reasonable inquiry, Responding Party has determined that no responsive documents have ever existed in Responding Party's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS RELATING TO YOUR acquisition of the FAIRVIEW PROPERTY, including without limitation DOCUMENTS sufficient to show the source of funds used for the acquisition and DOCUMENTS sufficient to identify all PERSONS involved in the acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Party objects to this request on the grounds it is vague and ambiguous, overbroad, including but not limited to its request for documents that identify all persons involved, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege, and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's acquisition of the subject property following completion of reasonable collection and review.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS RELATING TO YOUR use of the FAIRVIEW PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including without limitation, its reference of the word "use", overbroad, unduly burdensome, oppressive and harassing, unintelligible, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfer of the FAIRVIEW PROPERTY by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege, and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party is unable to comply with this request because, after a diligent search and reasonable inquiry, Responding Party has determined that no responsive documents have ever existed in Responding Party's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS RELATING TO YOUR acquisition of the HAMPTON PROPERTY, including without limitation DOCUMENTS sufficient to show the source of funds used for the acquisition and DOCUMENTS sufficient to identify all PERSONS involved in the acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, including but not limited to its request for documents that identify all persons involved, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or

marital privilege, and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's acquisition of the subject property following completion of reasonable collection and review.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS RELATING TO YOUR use of the HAMPTON PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including without limitation, its reference of the word "use", overbroad, unduly burdensome, oppressive and harassing, unintelligible, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfer of the HAMPTON PROPERTY by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege, and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party is unable to comply with this request because, after a diligent search and reasonable inquiry, Responding Party has

determined that no responsive documents have ever existed in Responding Party's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 30:**

DOCUMENTS sufficient to identify any other real property acquired by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it is not limited in scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 31:**

For any acquisition of real property by YOU identified in response to Request No. 30, DOCUMENTS sufficient to show the source of the funds used for that acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it is not limited in scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 32:**

For any acquisition of real property by YOU identified in response to Request No. 30, DOCUMENTS sufficient to show the use of the acquired property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including without limitation, its reference of the word "use", overbroad, unduly burdensome, oppressive and harassing, particularly because it is not limited in scope or time, to the extent it

seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 33:**

DOCUMENTS sufficient to show any revenue, rental income, or other financial benefit YOU have derived from YOUR PROPERTIES or YOUR management thereof, and YOUR use of any such revenue or income

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including without limitation, its reference of the word "other financial benefit", overbroad, unduly burdensome, oppressive and harassing, particularly because it is not limited in scope or time and by use of the phrase "YOUR PROPERTIES", to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfer by YOU of any of YOUR PROPERTIES, including without limitation DOCUMENTS sufficient to show any monetary funds derived from such transfer and DOCUMENTS sufficient to identify all parties involved in such transfer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including without limitation, its reference of the word "other financial benefit", overbroad, unduly burdensome, oppressive and harassing, particularly because it is not limited in scope or time and by use of the phrase "YOUR PROPERTIES", to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 35:**

DOCUMENTS sufficient to show whether any of YOUR PROPERTIES are held in trust.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including without limitation, its reference of the word "other financial benefit", overbroad, unduly burdensome, oppressive and harassing, particularly because it is not limited in scope or time and by use of the phrase "YOUR PROPERTIES", to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 36:**

For any of YOUR PROPERTIES that is held in trust identified in response to Request No. 35, all DOCUMENTS RELATING TO the trust agreements, trust amendments, and YOUR role as trustor, trustee, or trust beneficiary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including without limitation, its reference of the word "other financial benefit", overbroad, unduly burdensome, oppressive and harassing, particularly because it is not limited in scope or time and by use of the phrase "YOUR PROPERTIES", to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS RELATING TO YOUR role in and relationship with VSGL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to by reference to the phrase "role in or relationship with," overbroad, to the extent it seeks documents and information protected by the attorney-client privilege, attorney

work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's title or position with the subject entity.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS RELATING TO YOUR formation of VSGL, including without limitation the purpose for YOUR formation of VSGL and the source of any funds used in connection with the formation of VSGL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to by reference to the phrase "YOUR formation," overbroad, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show the formation of the subject entity.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS RELATING TO the operation of VSGL and YOUR involvement in its operation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Responding Party objects to this request on the grounds it is vague and ambiguous and overbroad, including but not limited to its reference of the terms "operation" and "involvement", to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding

Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's title or position with the subject entity.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS RELATING TO the management of VSGL and YOUR involvement in its management.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Responding Party objects to this request on the grounds it is vague and ambiguous and overbroad, including but not limited to its reference of the term "YOUR involvement", to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's title or position with the subject entity.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS RELATING TO the contemplated or accomplished transfer of any ownership or equity interest in VSGL to or by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS RELATING TO YOUR involvement in the acquisition of the MIDDLEBURY PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Responding Party objects to this request on the grounds it is vague and ambiguous and overbroad, including but not limited to its reference of the term "YOUR involvement", to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's title or position with the subject entity that acquired the property.

**REQUEST FOR PRODUCTION NO. 43:**

DOCUMENTS sufficient to show the source of the funds used for the acquisition of the MIDDLEBURY PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS RELATING TO YOUR involvement in the acquisition of the RICHBROOK PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Responding Party objects to this request on the grounds it is vague and ambiguous and overbroad, including but not limited to its reference of the term "YOUR involvement", to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding

Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's title or position with the subject entity that acquired the property.

**REQUEST FOR PRODUCTION NO. 45:**

DOCUMENTS sufficient to show the source of the funds used for the acquisition of the RICHBROOK PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS RELATING TO YOUR involvement in the acquisition of the SAN GABRIEL PARCELS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Responding Party objects to this request on the grounds it is vague and ambiguous and overbroad, including but not limited to its reference of the term "YOUR involvement", to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's title or position with the subject entity that acquired the property.

**REQUEST FOR PRODUCTION NO. 47:**

DOCUMENTS sufficient to show the source of the funds used for the acquisition of the SAN GABRIEL PARCELS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS RELATING TO YOUR involvement in VSGL'S acquisition of any real property aside from the MIDDLEBURY PROPERTY, the RICHBROOK PROPERTY, or the SAN GABRIEL PARCELS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Responding Party objects to this request on the grounds it is vague and ambiguous and overbroad, including but not limited to its reference of the term "YOUR involvement", to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party is unable to comply with this request because, after a diligent search and reasonable inquiry, Responding Party has determined that no responsive documents have ever existed in Responding Party's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 49:**

For any acquisition of real property YOU were involved in that YOU identified in response to Request No. 48, DOCUMENTS sufficient to show the source of the funds used for that acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

N/A

**REQUEST FOR PRODUCTION NO. 50:**

For any acquisition of real property YOU were involved in that YOU identified in response to Request No. 48, DOCUMENTS sufficient to show the use of the acquired property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

N/A

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS RELATING TO YOUR involvement in managing the VSGL PROPERTIES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Responding Party objects to this request on the grounds it is vague and ambiguous and overbroad, including but not limited to its reference of the term "YOUR involvement", to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's title or position with the subject entity that acquired the properties.

**REQUEST FOR PRODUCTION NO. 52:**

DOCUMENTS sufficient to show any revenue, rental income, or other financial benefit YOU have derived from the VSGL PROPERTIES or YOUR management thereof, and YOUR use of any such revenue or income.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfers of any interest in the VSGL PROPERTIES, including the date, consideration, and parties involved in each such transfer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS RELATING TO YOUR role in and relationship with METAINFINITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to by reference to the phrase "role in or relationship with," overbroad, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's title or position with the subject entity.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS RELATING TO the operation of METAINFINITY and YOUR involvement in its operation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Responding Party objects to this request on the grounds it is vague and ambiguous and overbroad, including but not limited to its reference of the terms "operation" and "involvement", to the extent it seeks documents and information protected by the attorney-client privilege,

attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's title or position with the subject entity.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS RELATING TO the management of METAINFINITY and YOUR involvement in its management.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Responding Party objects to this request on the grounds it is vague and ambiguous and overbroad, including but not limited to its reference of the term "YOUR involvement", to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's title or position with the subject entity.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS RELATING TO the contemplated or accomplished transfer of any ownership or equity interest in METAINFINITY to or by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS RELATING TO YOUR role in and relationship with METANOVA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to by reference to the phrase "role in or relationship with," overbroad, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's title or position with the subject entity.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS RELATING TO the operation of METANOVA and YOUR involvement in its operation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Responding Party objects to this request on the grounds it is vague and ambiguous and overbroad, including but not limited to its reference of the terms "operation" and "involvement", to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's title or position with the subject entity.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS RELATING TO the management of METANOVA and YOUR involvement in its management.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Responding Party objects to this request on the grounds it is vague and ambiguous and overbroad, including but not limited to its reference of the term "YOUR involvement", to the extent it seeks documents and information protected by the attorney-client privilege, attorney

work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's title or position with the subject entity.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS RELATING TO the contemplated or accomplished transfer of any ownership or equity interest in METANOVA to or by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS RELATING TO YOUR role in and relationship with SAN YI US.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to by reference to the phrase "role in or relationship with," overbroad, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's title or position with the subject entity.

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS RELATING TO the operation of SAN YI US and YOUR involvement in its operation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Responding Party objects to this request on the grounds it is vague and ambiguous and overbroad, including but not limited to its reference of the terms "operation" and "involvement", to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's title or position with the subject entity.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS RELATING TO the management of SAN YI US and YOUR involvement in its management.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Responding Party objects to this request on the grounds it is vague and ambiguous and overbroad, including but not limited to its reference of the term "YOUR involvement", to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's title or position with the subject entity.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS RELATING TO the contemplated or accomplished transfer of any ownership or equity interest in SAN YI US to or by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or

marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS RELATING TO YOUR role in and relationship with HAZENS ROSEMEAD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to by reference to the phrase “role in or relationship with,” overbroad, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party’s understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party’s title or position with the subject entity.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS RELATING TO the operation of HAZENS ROSEMEAD and YOUR involvement in its operation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Responding Party objects to this request on the grounds it is vague and ambiguous and overbroad, including but not limited to its reference of the terms “operation” and “YOUR involvement”, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party’s understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party’s title or position with the subject entity.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS RELATING TO the management of HAZENS ROSEMEAD and YOUR involvement in its management.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Responding Party objects to this request on the grounds it is vague and ambiguous and overbroad, including but not limited to its reference of the term “YOUR involvement”, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party’s understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party’s title or position with the subject entity.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS RELATING TO the contemplated or accomplished transfer of any ownership or equity interest in HAZENS ROSEMEAD to or by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 70:**

All DOCUMENTS RELATING TO YOUR role in and relationship with BHG.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to by reference to the phrase “role in or relationship with,” overbroad, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the

foregoing objections and based on Responding Party's understanding of this request, Responding Party cannot comply with this request because she holds no title or position with this entity.

**REQUEST FOR PRODUCTION NO. 71:**

All DOCUMENTS RELATING TO the operation of BHG and YOUR involvement in its operation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Responding Party objects to this request on the grounds it is vague and ambiguous and overbroad, including but not limited to its reference of the terms "operation" and "YOUR involvement", to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party cannot comply with this request because she holds no title or position with this entity.

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS RELATING TO the management of BHG and YOUR involvement in its management.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Responding Party objects to this request on the grounds it is vague and ambiguous and overbroad, including but not limited to its reference of the term "YOUR involvement", to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party cannot comply with this request because she holds no title or position with this entity.

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS RELATING TO the contemplated or accomplished transfer of any ownership or equity interest in BHG to or by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS RELATING TO YOUR involvement in the management or operation of each of the HOTELS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Responding Party objects to this request on the grounds it is vague and ambiguous and overbroad, including but not limited to its reference of the terms “operation” and “YOUR involvement”, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party’s understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party’s title or position with the subject entities that own the hotels.

**REQUEST FOR PRODUCTION NO. 75:**

DOCUMENTS sufficient to identify any ownership interest, equity stake, profit participation, or other beneficial interest YOU hold or have held in any of the HOTELS or in METAINFINITY, METANOVA, or SAN YI US.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or

marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 76:**

DOCUMENTS sufficient to identify any interest or involvement YOU have or have had in the HOTELS beyond management services, including any role in financing, capital contributions, development, renovations, or disposition decisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, including in scope and time, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfers of any rights or interests, including ownership, management, or development rights in the HOTELS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, including in scope and time, unduly burdensome, oppressive and harassing, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege and seeks documents and information not relevant to the issues in this case nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 78:**

All DOCUMENTS RELATING TO YOUR use of the ARCADIA PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to the use of the term "use" and because "ARCADIA PROPERTY" is not defined, overbroad, to the extent it seeks documents and information protected by the

attorney-client privilege, attorney work-product doctrine, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 79:**

DOCUMENTS sufficient to identify any interest or involvement YOU have or have had in the ARCADIA PROPERTY or HAZENS ROSEMEAD, including without limitation any management role, ownership stake, or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to the use of the terms “involvement” and “otherwise” and because “ARCADIA PROPERTY” is not defined, overbroad, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party’s understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party’s title or position with the subject entity.

**REQUEST FOR PRODUCTION NO. 80:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfers of any rights or interests, including ownership, management, or development rights, in the ARCADIA PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to ARCADIA PROPERTY” not being defined, overbroad, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 81:**

All DOCUMENTS RELATING TO YOUR relationship with HAZENS GROUP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to the use of the term "relationship", overbroad, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party cannot comply with this request because Responding holds no position or title with this entity.

**REQUEST FOR PRODUCTION NO. 82:**

All DOCUMENTS RELATING TO YOUR relationship with HAZENS XINNAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to the use of the term "relationship", overbroad, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party cannot comply with this request because Responding holds no position or title with this entity.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS RELATING TO YOUR relationship with HAZENS HOLDINGS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to the use of the term "relationship", overbroad, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party cannot comply with this request because Responding holds no position or title with this entity.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS RELATING TO YOUR RELATIONSHIP with HBTM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to the use of the term "relationship", overbroad, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party cannot comply with this request because Responding holds no position or title with this entity.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS RELATING TO YOUR RELATIONSHIP with LEGEND.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to the use of the term "relationship", overbroad, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party cannot comply with this request because Responding holds no position or title with this entity.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS RELATING TO YOUR RELATIONSHIP with JYHCL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to the use of the term "relationship", overbroad, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding

Party's understanding of this request, Responding Party cannot comply with this request because Responding holds no position or title with this entity.

**REQUEST FOR PRODUCTION NO. 87:**

DOCUMENTS sufficient to identify any other third party affiliate of YUAN with whom YOU have a relationship.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to the use of the terms "relationship" and "third party affiliate", overbroad, unduly burdensome, oppressive and harassing, unintelligible, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 88:**

For any third party affiliate of YUAN identified in response to Request No. 87, all DOCUMENTS RELATING TO YOUR relationship with that third party affiliate of YUAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

N/A

**REQUEST FOR PRODUCTION NO. 90:**

All COMMUNICATIONS between YOU and any other DEFENDANT RELATING TO the subject matter of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly by use of the phrase "RELATING TO the subject matter of the COMPLAINT," and to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or joint defense privilege.

**REQUEST FOR PRODUCTION NO. 91:**

All COMMUNICATIONS between YOU and any third party RELATING TO the subject matter of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly by use of the phrase "RELATING TO the subject matter of the COMPLAINT," and to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or joint defense privilege.

**REQUEST FOR PRODUCTION NO. 92:**

DOCUMENTS sufficient to identify YOUR receipt of any funds transferred by YUAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 93:**

DOCUMENTS sufficient to identify YOUR receipt of any funds transferred by any other DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 94:**

For any transfers of funds identified in DOCUMENTS responsive to Request No. 92 or Request No. 93, DOCUMENTS sufficient to show YOUR subsequent use or divestment of the transferred funds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 95:**

For any transfers of funds identified in DOCUMENTS responsive to Request No. 92 or Request No. 93, all COMMUNICATIONS RELATING TO such transfers of funds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 96:**

For any transfers of funds identified in DOCUMENTS responsive to Request No. 92 or Request No. 93, DOCUMENTS sufficient to show any consideration provided by YOU in exchange for the transferred funds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 97:**

DOCUMENTS sufficient to identify YOUR receipt of any real property transferred by YUAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit scope or time and is duplicative of all the prior Requests, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 98:**

DOCUMENTS sufficient to identify YOUR receipt of any real property transferred by any other DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 99:**

For any transfers of real property identified in DOCUMENTS responsive to Request No. 97 or Request No. 98, DOCUMENTS sufficient to show YOUR subsequent use or divestment of the transferred real property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit scope or time, to the extent it seeks documents and information protected by the attorney-client

privilege, attorney work-product doctrine and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 100:**

For any transfers of real property identified in DOCUMENTS responsive to Request No. 97 or Request No. 98, all COMMUNICATIONS RELATING TO such transfers of real property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 101:**

For any transfers of real property identified in DOCUMENTS responsive to Request No. 97 or Request No. 98, any valuations or appraisals of the value of any real property transferred to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 102:**

For any transfers of real property identified in DOCUMENTS responsive to Request No. 97 or Request No. 98, DOCUMENTS sufficient to show any consideration provided by YOU in exchange for the transferred real property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit

scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 103:**

DOCUMENTS sufficient to identify YOUR receipt of any personal property transferred by YUAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party is unable to comply with this request because, after a diligent search and reasonable inquiry, Responding Party has determined that no responsive documents have ever existed in Responding Party's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 104:**

DOCUMENTS sufficient to identify YOUR receipt of any personal property transferred by any other DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party is unable to comply with this request because, after a diligent search

and reasonable inquiry, Responding Party has determined that no responsive documents have ever existed in Responding Party's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 105:**

For any transfers of personal property identified in DOCUMENTS responsive to Request No. 103 or Request No. 104, DOCUMENTS sufficient to show YOUR subsequent use or divestment of the transferred personal property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

N/A

**REQUEST FOR PRODUCTION NO. 106:**

For any transfers of personal property identified in DOCUMENTS responsive to Request No. 103 or Request No. 104, all COMMUNICATIONS RELATING TO such transfers of personal property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

N/A

**REQUEST FOR PRODUCTION NO. 107:**

For any transfers of personal property identified in DOCUMENTS responsive to Request No. 103 or Request No. 104, any valuations or appraisals of the value of any personal property transferred to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

N/A

**REQUEST FOR PRODUCTION NO. 108:**

For any transfers of personal property identified in DOCUMENTS responsive to Request No. 103 or Request No. 104, DOCUMENTS sufficient to show any consideration provided by YOU in exchange for the transferred personal property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

N/A

**REQUEST FOR PRODUCTION NO. 109:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfer of funds by YOU to YUAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 110:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfer of funds by YOU to any ENTITY DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly by use of the phrase "RELATING TO the subject matter of the COMPLAINT," and to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or joint defense privilege. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's loan to one of the entity defendants.

**REQUEST FOR PRODUCTION NO. 111:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfer of funds by any ENTITY DEFENDANT to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly by use of the phrase "RELATING TO the subject matter of the COMPLAINT," and to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or

joint defense privilege. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control sufficient to show Responding Party's loan taken from one of the entity defendants.

**REQUEST FOR PRODUCTION NO. 112:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfer of real property by YOU to YUAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 113:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfer of real property by YOU to any ENTITY DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 114:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfer of real property by any ENTITY DEFENDANT to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit

scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or marital defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 115:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfer of personal property by YOU to YUAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party is unable to comply with this request because, after a diligent search and reasonable inquiry, Responding Party has determined that no responsive documents have ever existed in Responding Party's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 116:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfer of personal property by YOU to any ENTITY DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party is unable to comply with this request because, after a diligent search

and reasonable inquiry, Responding Party has determined that no responsive documents have ever existed in Responding Party's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 117:**

All DOCUMENTS RELATING TO any contemplated or accomplished transfer of personal property by any ENTITY DEFENDANT to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, unduly burdensome, oppressive and harassing, particularly because it fails to limit scope or time, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party is unable to comply with this request because, after a diligent search and reasonable inquiry, Responding Party has determined that no responsive documents have ever existed in Responding Party's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 118:**

All DOCUMENTS RELATING TO any obligations incurred between YOU and YUAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to by reference to the term "obligations", unintelligible, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or marital privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 119:**

All DOCUMENTS RELATING TO any obligations incurred between YOU and any other DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to by reference to the term "obligations", unintelligible, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or marital privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 120:**

All DOCUMENTS RELATING TO YUAN'S financial condition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Responding Party objects to this request on the grounds it is vague and ambiguous, including but not limited to by reference to the term "financial condition", unintelligible, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or marital privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 121:**

All DOCUMENTS RELATING TO any litigation or arbitration proceedings against YUAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Responding Party objects to this request on the grounds it is vague and ambiguous, unduly burdensome, oppressive an harassing, unintelligible, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or marital privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 122:**

All DOCUMENTS RELATING TO any litigation or arbitration proceedings against YOU, aside from this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Responding Party objects to this request on the grounds it is vague and ambiguous, unduly burdensome, oppressive an harassing, unintelligible, to the extent it seeks documents and

information protected by the attorney-client privilege, attorney work-product doctrine, and/or marital privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 123:**

All notes or other contemporaneous and relevant DOCUMENTS (such as diaries, calendars, journals, and photographs) made by YOU or YOUR agents RELATING TO the claims in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Responding Party objects to this request on the grounds it is vague and ambiguous, unduly burdensome, oppressive an harassing, unintelligible, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or marital privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party is unable to comply with this request because, after a diligent search and reasonable inquiry, Responding Party has determined that no responsive, unprivileged documents have ever existed in Responding Party's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 124:**

All DOCUMENTS relied upon by YOU in drafting the ANSWER, including DOCUMENTS supporting YOUR general denial to the COMPLAINT and each and every one of YOUR affirmative defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Responding Party objects to this request on the grounds it is vague and ambiguous, unduly burdensome, oppressive an harassing, unintelligible, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or marital privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party is unable to comply with this

request because, after a diligent search and reasonable inquiry, Responding Party has determined that no responsive, unprivileged documents have ever existed in Responding Party's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 125:**

All DOCUMENTS RELATING TO any insurance coverage YOU have which may insure YOU in connection with this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Responding Party objects to this request on the grounds it is vague and ambiguous, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party is unable to comply with this request because, after a diligent search and reasonable inquiry, Responding Party has determined that no responsive, unprivileged documents have ever existed in Responding Party's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 126:**

All DOCUMENTS RELATING TO any indemnification agreements YOU have which may indemnify YOU in connection with this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Responding Party objects to this request on the grounds it is vague and ambiguous, to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege, and seeks information not relevant to the issues in this case or likely to lead to the discovery of admissible evidence. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party is unable to comply with this request because, after a diligent search and reasonable inquiry, Responding Party has determined that no responsive, unprivileged documents have ever existed in Responding Party's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 127:**

All DOCUMENTS YOU identified in response to any interrogatories served on YOU by PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Responding Party objects to this request on the grounds it is vague and ambiguous and to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party will produce unprivileged responsive documents in her possession, custody and control following completion of reasonable collection and review.

**REQUEST FOR PRODUCTION NO. 128:**

All reports prepared by any experts retained by YOU RELATING TO the subject matter of the COMPLAINT, whether or not YOU intend to call them at trial of this ACTION

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Responding Party objects to this request on the grounds it is vague and ambiguous, premature and to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party is unable to comply with this request because, after a diligent search and reasonable inquiry, Responding Party has determined that no responsive documents exist in Responding Party's possession, custody or control as Responding Party has not yet retained any experts.

**REQUEST FOR PRODUCTION NO. 129:**

All DOCUMENTS reviewed by and or utilized by any experts retained by YOU in connection with this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Responding Party objects to this request on the grounds it is vague and ambiguous, premature and to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege. Subject to the foregoing objections and based on Responding Party's understanding of this request, Responding Party is

unable to comply with this request because, after a diligent search and reasonable inquiry, Responding Party has determined that no responsive documents exist in Responding Party's possession, custody or control as Responding Party has not yet retained any experts.

**REQUEST FOR PRODUCTION NO. 130:**

DOCUMENTS sufficient to identify all PERSONS with knowledge of the subject matter of the COMPLAINT of whom YOU are aware.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, premature and to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege.

**REQUEST FOR PRODUCTION NO. 131:**

To the extent not produced in response to the foregoing Requests, all DOCUMENTS YOU may use to support YOUR defense of this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Responding Party objects to this request on the grounds it is vague and ambiguous, overbroad, premature and to the extent it seeks documents and information protected by the attorney-client privilege, attorney work-product doctrine, and/or joint defense privilege.

DATED: May 27, 2026

CHANG LLP

By: ______________________

MONICA Q. VU
Attorneys for CELIA WEN SUN, VALLEY SG LANDPLUS, LLC, METAINFINITY, INC., METANOVA, LLC, SAN YI US INVESTMENT COMPANY, INC., HAZENS ROSEMEAD, LLC, and BURGEON HOTEL GROUP CORP.

# VERIFICATION

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I have read the foregoing **DEFENDANT CELIA WEN SUN'S RESPONSE TO PLAINTIFF INDUSTRIAL BANK CO., LTD. SHENZHEN BRANCH'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** and know its contents.

[ X ] I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

[ ] I am an authorized agent at ______________________, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

[ ] The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ] I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

[ ] I am one of the attorneys for one of the defendants, a party of this action. Such party is absent from the county of aforesaid where such attorneys have their office, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 27, 2026, in Los Angeles County, CA.

______________________
Celia Wen Sun